## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**TAWANNA SIMPSON,**                    **Case No. 16-cv-**
              Plaintiff,                **HON.**

v

**CATHY M. GARRETT,** in her official capacity as the duly elected Wayne County Clerk**, WAYNE COUNTY ELECTION COMMISSION,  WAYNE COUNTY BOARD OF CANVASSERS, JANICE WINFREY**, in her official capacity as the duly elected Detroit City Clerk, and **CITY OF DETROIT ELECTION INSPECTORS**, in their official capacities,
              Defendants,

_____/

ANDREW A. PATERSON (P18690)          ZENNA ELHASAN (P67691)
*Attorney for Plaintiff*             Wayne County Corporation Counsel
46350 Grand River, Suite C           JANET ANDERSON-DAVIS (P29499)
Novi, MI 48374                       Asst. Corporation Counsel
(248) 568-9712                       *Attorneys for Defendant Wayne Co.*
aap43@outlook.com                    *Election Commission and Wayne Co Clerk*
                                     500 Griswold, Rm. 1267
JAMES D. NOSEDA (P52563)             Detroit, MI 48226
City of Detroit Law Department       (313) 224-6684
Attorneys for Defendants Janice Winfrey   Jandern@co.wayne.mi.us
And Unnamed Election Inspectors
Coleman A. Young Municipal Center
2 Woodward Ave., Ste. 500
Detroit, MI 48226
(313)  224-5505
nosej@detroitmi.gov
_____/

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

NOW COMES PLAINTIFF, TAWANNA SIMPSON ("**Plaintiff Simpson**"

or "**Plaintiff**"), by and through their attorney, Andrew A. Paterson, and for her

Verified Complaint for Declaratory Judgment and Injunctive Relief ("**Verified Complaint**"), states the following:

## I.    NATURE OF PLAINTIFFS' CLAIMS

1. Plaintiff Simpson's claims are brought pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367; and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

2. Plaintiff Simpson alleges in **Count I** of the Verified Complaint that a declaratory judgment should be issued declaring that Defendants Wayne County Clerk and Wayne County Election Commission violated her Fourteenth Amendment Right to Equal Protection Under the Law by subjecting her to disparate treatment as a candidate for the Detroit Community School District Board of Education.

3. Plaintiff Simpson alleges in **Count II** of the Verified Complaint that a declaratory judgment should be issued declaring that Defendants Wayne County Clerk and Wayne County Election Commission violated her Fourteenth Amendment Right to Due Process of Law by refusing to enforce Michigan Election Law with respect to Penelope Bailer's fatally flawed affidavit of identity to qualify as a candidate for the Detroit Community School District Board of Education.

4. Plaintiff Simpson alleges in **Count III** of the Verified Complaint that injunctive relief should be granted preliminarily and permanently enjoining the Defendant Wayne County Board of Canvassers from certifying any votes cast for Penelope Bailer, and to preliminary and permanently enjoin the Defendants Janice Winfrey, and the City of Detroit Election Inspectors working under her supervision and at her direction, from counting any votes cast for Penelope Bailer as a candidate for the Detroit Community School District Board of Education.

5. In **Count IV** of the Verified Complaint Plaintiff Simpson seeks an award of compensatory, punitive, and nominal damages against the Defendants Wayne County Clerk and Wayne County Election Commission for denying Plaintiff Simpson due process and equal protection under the law.

6. Plaintiff Simpson alleges in **Count V** of the Verified Complaint that Plaintiff Simpson must be awarded her attorney fees and costs pursuant to 42 U.S.C. § 1988.

7. Plaintiff Simpson alleges in **Count VI** of the Verified Complaint that a declaratory judgment should be issued declaring that Penelope Bailer's name should not have been printed on the November 8, 2016 General Election ballot because the Defendant Wayne County Clerk did not first

certify her name to the Defendant Wayne County Election Commission
for it to be placed on the November 8, 2016 General Election ballot
because of Penelope Bailer's fatally flawed affidavit of identity.

## II.   JURISDICTION AND VENUE

8.   This Court has jurisdiction over Plaintiff Simpson's claims pursuant to
42 U.S.C. 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367.

9.   This Court also has jurisdiction to render and issue a declaratory
judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201,
*et. seq.*

10. Venue is proper under 28 U.S.C. § 1391 because Plaintiff Simpson is a
resident of the Eastern District of Michigan, and the actions giving rise to
this Complaint all occurred within the Eastern District of Michigan.

## III.   PARTIES

11. Plaintiff Tawanna Simpson ("**Plaintiff Simpson**"), is a registered and
qualified elector of the City of Detroit, County of Wayne, State of
Michigan.  Plaintiff Simpson is currently serving as an elected member of
the Detroit Public Schools Board of Education; she is also a certified
candidate for the *new* Detroit Community School District Board of
Education and her name will appear on the November 8, 2016 General
Election ballot as a candidate for the *new* Detroit Community School

District Board of Education.  (**See Plaintiff Simpson's affidavit attached as Exhibit A**).

12. Defendant, Cathy M. Garrett ("**Defendant County Clerk**"), is the duly elected County Clerk for the County of Wayne.  In accordance with Michigan Election Law, Defendant County Clerk is responsible for "certifying" candidates to the Defendant Wayne County Election Commission for their names to appear on the November 8, 2016 General Election ballot.

13. Defendant Wayne County Election Commission ("**Defendant Election Commission**"), pursuant to Mich. Comp. Laws §§ 168.952 and 168.960, is the three-member board, comprised of the Chief Judge of the Wayne County Probate Court, the Wayne County Clerk and the Wayne County Treasurer.  In accordance with Mich. Comp. Laws § 168.23, the Chief Judge of the Wayne County Probate Court serves as the Chairman and the Defendant County Clerk serves as the Secretary of the Defendant Election Commission.  In accordance with Mich. Comp. Laws 168.689 of Michigan Election Law, the Defendant Election is responsible for printing the official ballots for the November 8, 2016 General Election ballot.

14. Defendant Wayne County Board of Canvassers ("**Defendant Board of Canvassers**"), pursuant to Mich. Comp. Laws § 168.24a of Michigan Election Law, is a four-member board who has the statutory power and responsibility under Mich. Comp. Laws § 168.825 of Michigan Election Law to certify all votes cast during the November 8, 2016 General Election for each candidate for the Detroit Community School District Board of Education.   Moreover, pursuant to Mich. Comp. Laws § 168.171 of Michigan Election Law "the board of county canvassers, as appropriate, shall determine which candidate has received the greatest number of votes and shall declare that candidate to be duly elected."

15. Defendant Janice Winfrey ("**Defendant Detroit City Clerk**"), is the duly elected City Clerk for the City of Detroit.

16. Defendant City of Detroit Election Inspectors ("**Defendant Election Inspectors**"), in accordance with Mich. Comp. Laws § 168.804 of Michigan Election, act under the supervision and direction of the Defendant Detroit City Clerk and are charged with the ministerial duty of counting the ballots cast for each of the candidates whose names appear on the November 8, 2016 General Election.  Pursuant to Mich. Comp. Laws §168.674 of Michigan Election Law, the City of Detroit Election Commission has the statutory authority to appoint at least 3 election

inspectors, at least 21 days prior to the November 8, 2016 General

Election, for each precinct located in the City of Detroit.

17. An actual controversy exists between the Plaintiff and the named

Defendants.

## IV.   COMMON FACTS

18. On July 13, 2016, pursuant to Mich. Comp. Laws § 380.384 of the

Revised School Code, Plaintiff Simpson filed with the Defendant Detroit

City Clerk an affidavit of identity required by Mich. Comp. Laws §

168.558 of Michigan Election Law and paid the $100 filing fee to qualify

as a candidate for the *new* Detroit Community School District Board of

Education. (**See Plaintiff Simpson's Affidavit of Identity attached as**

**Exhibit B**).

19. On September 13, 2016, the Defendant County Clerk certified Plaintiff

Simpson's name to the Defendant Election Commission, to appear on the

November 8, 2016 General Election ballot as a candidate for the Detroit

Community School District Board of Education.  (**See Agenda from**

**Defendant Election Commission Meeting attached as Exhibit C; see**

**Minutes from September 13, 2016 Defendant Election Commission**

**Meeting attached as Exhibit D**).

20. On September 13, 2016, the Defendant Election Commission convened and pursuant to Mich. Comp. Laws § 168.689 of Michigan Election Law, determined that Plaintiff Simpson was "properly certified" and voted to approve Plaintiff Simpson's name to be placed on the November 8, 2016 General Election ballot as a candidate for the new Detroit Community School District Board of Education.  (**See Agenda from Defendant Election Commission Meeting attached as Exhibit C; see Minutes from September 13, 2016 Defendant Election Commission Meeting attached as Exhibit D**).

21. At the September 13, 2016 meeting, the Defendant Election Commission also properly determined that Ms. Bailer's affidavit of identity was not filed in accordance with Mich. Comp. Laws § 168.558 and the Michigan Court of Appeals' holding in the published case *Berry v Garrett*, _____ Mich. App. ___; ____ NW2d ____ (COA Docket No. 333225, decided June 17, 2016) and that Ms. Bailer was not "properly certified" by the Defendant County Clerk. The  Defendant Election Commission then voted not to place Ms. Bailer's name on the November 8, 2016 General Election ballot as a candidate for the new Detroit Community School District Board of Education.  (**See Minutes from September 13, 2016 Defendant Election Commission Meeting attached as Exhibit D; see**

**Defendant Election Commission's Determination Letter attached as Exhibit E**).

22. On Thursday, September 15, 2016, Ms. Bailer filed an Emergency Complaint and Motion for Mandamus and Order to Show Cause against the Defendants Election Commission and Detroit City Clerk, Wayne Co. Case No. 16-011797-AW ("***Bailer Election Matter***").

23. Later that same day, the Wayne County Circuit Chief Judge Colombo entered an order to show cause compelling the Defendants Election Commission and Detroit City Clerk to appear before the court for a hearing that was to be held on Friday, September 16, 2016.

24. Late in the evening on September 15, 2016, Plaintiff's counsel was provided a copy of Ms. Bailer's Emergency Complaint and Motion by counsel for the Defendant Election Commission. Ms. Bailer's counsel failed to so supply a copy.

25. Upon receiving the copy of Ms. Bailer's Emergency Complaint and Motion for Mandamus, Plaintiff's counsel **immediately** sought concurrence from the parties to intervene in the matter on behalf of his clients Robert Davis and Desmond White.  Plaintiff's counsel received concurrence from Defendant Election Commission's counsel, but counsel

for Ms. Bailer refused to concur in allowing Robert Davis and Desmond White to intervene.

26. Accordingly, on Friday, September 16, 2016, Plaintiff's counsel electronically filed an Emergency Motion to Intervene in the *Bailer Election Matter* on behalf of his clients Robert Davis and Desmond White.

27. On Friday, September 16, 2016, Plaintiff's counsel attended Ms. Bailer's show cause hearing in the *Bailer Election Matter*. Although Chief Judge Colombo permitted Plaintiff's counsel to participate in oral argument during the September 16, 2016 show cause hearing and briefly addressed his clients Robert Davis' and Desmond White's Emergency Motion to Intervene in the *Bailer Election Matter*, in an email dated September 16, 2016, Chief Judge Colombo informed Plaintiff's counsel that he in fact took Robert Davis' and Desmond White's Emergency Motion to Intervene "under advisement" and had **not** rendered a decision on Robert Davis' and Desmond White's Emergency Motion to Intervene.

28. At the conclusion of the show cause hearing held in the *Bailer Election Matter*, Chief Judge Colombo entered a "final order" granting Ms. Bailer's motion for writ of mandamus and ordered the Defendant Election Commission ONLY to "***take necessary steps*** to place the name

of Penelope N. Bailer on the November 8, 2016 General Election ballot

as a candidate for Detroit Community School District." (**See Chief**

**Judge Colombo's September 16, 2016 Order attached hereto as**

**Exhibit F**).

29. On September 16, 2016, the Defendant Election Commission did not

convene. However, Ms. Oden, Director of Wayne County Elections,

nonetheless contacted the printer and she directed the printer to place Ms.

Bailer's name on the November 8, 2016 General Election ballot as a

candidate for the new Detroit Community School District Board of

Education. (**See Delphine Oden's affidavit attached as Exhibit G**).

30. On September 18, 2016, Robert Davis and Desmond White filed a claim

of appeal (COA Docket No. 334823) along with an emergency motion to

expedite the appeal.  On September 21, 2016 the Court of Appeals issued

its unpublished *per curiam* opinion dismissing Robert Davis' and

Desmond White's appeal for lack of appellate standing.  See *Bailer v*

*Wayne County Election Commission*, unpublished per curiam opinion of

Court of Appeals, entered September 21, 2016 (Docket No. 334823).

31. Robert Davis and Desmond White immediately appealed the Court of

Appeals September 21, 2016 Judgment in *Bailer v Wayne County*

*Election Commission*, to the Michigan Supreme Court.  However, on

September 22, 2016, the Michigan Supreme Court issued an order

denying Robert Davis' and Desmond White's Emergency Application for

leave to appeal.

32. The Defendant Election Commission, since the entry of Chief Judge

Colombo's September 16, 2016 Order in the *Bailer Election Matter*, has

not convened as a public body to determine whether Ms. Bailer was

"properly certified" to have her name placed on the November 8, 2016

General Election ballot as a candidate, all as Mich. Comp. Laws 168.689

of Michigan Election Law requires it to do.

33. Plaintiff Simpson has been denied due process and equal protection under

the law because unlike Plaintiff Simpson's name, Ms. Bailer's name was

allowed to be printed on the November 8, 2016 General Election ballot as

a candidate for the *new* Detroit Community School District Board of

Education: (1) without the Defendant County Clerk certifying Ms.

Bailer's name as a candidate; and  (2) without the Defendant Election

Commission convening as a public body to determine whether or not Ms.

Bailer's name was "properly certified" as Mich. Comp. Laws § 168.689

requires of it; and (3) without Defendant Bailer having filed a proper

affidavit of identity as required by Michigan Election Law as set forth by

the Court of Appeals in its published decision in *Berry v Garrett*, ____

Mich. App. ___; ____ NW2d ____ (COA Docket No. 333225, decided June 17, 2016).

## CAUSES OF ACTION

### COUNT I
### Declaratory Judgment Declaring Plaintiff Simpson's Fourteenth Amendment Right To Equal Protection Under The Law Was Violated By Defendants Wayne County Clerk and Wayne County Election Commission.

34. Plaintiff Simpson incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

35. This claim is brought pursuant to 42 U.S.C. § 1983, and the Declaratory Judgment Act.

36. This clam seeks *prospective* declaratory relief against Defendants Wayne County Clerk and Wayne County Election Commission, in their respective official capacities.

37. On July 13, 2016, pursuant to Mich. Comp. Laws § 380.384 of the Revised School Code, Plaintiff Simpson filed with the Defendant Detroit City Clerk an affidavit of identity as required by Mich. Comp. Laws § 168.558 of Michigan Election Law and paid the $100 filing fee to qualify as a candidate for the *new* Detroit Community School District Board of Education. (**See Plaintiff Simpson's Affidavit of Identity attached as Exhibit B**).

38. On September 13, 2016, the Defendant Wayne County Clerk certified
Plaintiff Simpson's name to the Defendant Election Commission to
appear on the November 8, 2016 General Election ballot as a candidate
for the *new* Detroit Community School District Board of Education.  (**See
Agenda from Defendant Election Commission Meeting attached as
Exhibit C; see Minutes from September 13, 2016 Defendant Election
Commission Meeting attached as Exhibit D**).

39. On September 13, 2016, the Defendant Election Commission convened
and pursuant to Mich. Comp. Laws § 168.689 of Michigan Election Law,
determined that Plaintiff Simpson was "properly certified" and voted to
approve Plaintiff Simpson's name to be placed on the November 8, 2016
General Election ballot as a candidate for the *new* Detroit Community
School District Board of Education.  (**See Agenda from Defendant
Election Commission Meeting attached as Exhibit C; see Minutes
from September 13, 2016 Defendant Election Commission Meeting
attached as Exhibit D**).

40. At its September 13, 2016 meeting, the Defendant Election Commission
determined that Ms. Bailer **was not** "properly certified" by the Defendant
County Clerk and determined and voted not to place Ms. Bailer's name
on the November 8, 2016 General Election ballot as a candidate for the

*new* Detroit Community School District Board of Education.  (**See Defendant Election Commission's Determination Letter attached as Exhibit E; and see Minutes from September 13, 2016 Defendant Election Commission Meeting attached as Exhibit D**).

41. However, as noted, on Thursday, September 15, 2016, Ms. Bailer filed an Emergency Complaint and Motion for Mandamus and Order to Show Cause against the Defendants Election Commission and Detroit City Clerk, Wayne Co. Case No. 16-011797-AW ("***Bailer Election Matter***").

42. Later that same day, the Chief Judge Colombo entered an order to show cause compelling the Defendants Election Commission and Detroit City Clerk to appear before the court for a hearing that was to be held on Friday, September 16, 2016.

43. Late in the evening on September 15, 2016, Plaintiffs' counsel was provided a copy of Ms. Bailer's Emergency Complaint and Motion by counsel for the Defendant Election Commission. Ms. Bailer's counsel failed to so supply a copy.

44. Upon receiving the copy of Ms. Bailer's Emergency Complaint and Motion for Mandamus, Plaintiff's counsel immediately sought concurrence from the parties to intervene in the matter, on behalf of Robert Davis and Desmond White.  Plaintiff's counsel received

concurrence from Defendant Election Commission's counsel, but counsel for Ms. Bailer refused to concur in allowing Robert Davis and Desmond White to intervene.

45. Accordingly, on Friday, September 16, 2016, Plaintiff's counsel electronically filed an Emergency Motion to Intervene in the *Bailer Election Matter*.

46. On Friday, September 16, 2016, Plaintiffs' counsel attended Ms. Bailer's show cause hearing that was held in the *Bailer Election Matter*. Although Chief Judge Colombo permitted Plaintiff's counsel to participate in oral argument during the September 16, 2016 show cause hearing and briefly addressed Robert Davis' and Desmond White's Emergency Motion to Intervene in the *Bailer Election Matter*, in an email dated September 16, 2016, Chief Judge Colombo informed Plaintiffs' counsel that he in fact took Robert Davis' and Desmond White's Emergency Motion to Intervene "under advisement" and **did not** render a decision on Robert Davis' and Desmond White's Emergency Motion to Intervene.

47. At the conclusion of the show cause hearing held in the *Bailer Election Matter*, Chief Judge Colombo entered a "final order" granting Ms. Bailer's motion for writ of mandamus and ordered the Defendant

Election Commission ONLY to "*take necessary steps* to place the name of Penelope N. Bailer on the November 8, 2016 General Election ballot as a candidate for Detroit Community School District" and closed the case.  (**See Chief Judge Colombo's September 16, 2016 Order attached hereto as Exhibit F**).

48. On September 16, 2016, the Defendant Election Commission did not convene. However, Mrs. Oden, Director of Wayne County Elections, contacted the printer and directed the printer to place Ms. Bailer's name on the November 8, 2016 General Election ballot as a candidate for the *new* Detroit Community School District Board of Education. (**See Delphine Oden's affidavit attached as Exhibit G**).

49. The Defendant Election Commission, since the entry of Chief Judge Colombo's September 16, 2016 Order in the *Bailer Election Matter*, did not convene as a public body to determine whether Ms. Bailer was "properly certified" to have her name placed on the November 8, 2016 General Election ballot as a candidate as Mich. Comp. Laws 168.689 of Michigan Election Law requires.

50. Plaintiff Simpson has been denied equal protection under the law because Ms. Bailer's name was allowed to be printed on the November 8, 2016 General Election ballot as a candidate for the *new* Detroit Community

School District Board of Education: (1) without the Defendant County

Clerk certifying Ms. Bailer's name, and (2) without the Defendant

Election Commission convening as a public body to determine whether

Ms. Bailer's name was "properly certified" as Mich. Comp. Laws §

168.689 requires.

51. Plaintiff Simpson was required by Michigan Election Law to be so

certified by the Defendant County Clerk and the Defendant Election

Commission, under Mich. Comp. Laws § 169.689, had to determine

whether Plaintiff Simpson was "properly certified" to have her name

printed on the November 8, 2016 General Election ballot.

52.  However, Ms. Bailer's name was permitted to be placed on the

November 8, 2016 General Election ballot **without** going through that

same process.

53. As noted, on September 16, 2016, Chief Judge Colombo entered an order

in the *Bailer Election Matter* (Case No. 16-011797-AW), compelling the

Defendant Election Commission ONLY to "***take necessary steps*** to place

the name of Penelope N. Bailer on the November 8, 2016 General

Election ballot as a candidate for Detroit Community School District."

**(See Chief Judge Colombo's September 16, 2016 Order attached as**

**Exhibit G**).

54. Since the entry of Chief Judge Colombo's September 16, 2016 Order in the *Bailer Election Matter*, the Defendant Election Commission **has not** convened as a public body in accordance with Mich. Comp. Laws §168.689 of Michigan Election Law to determine whether Ms. Bailer is a "properly certified" candidate whose name shall be printed on the November 8, 2016 General Election ballot.

55. Since the entry of Chief Judge Colombo's September 16, 2016 Order in the *Bailer Election Matter*, the Defendant County Clerk **has not** certified Ms.  Bailer's name to the Defendant Election Commission for it to be placed on the November 8, 2016 General Election ballot.

56. Mich. Comp. Laws § 168.560 of Michigan Election Law states in pertinent part:

> "**Ballots other than those furnished by the board of election commissioners**, *according to the provisions of this act, shall not be used, cast, or counted in any election precinct at any election*." (Emphasis supplied).

57. The ballots that have been printed by the Defendant Election Commission without convening or otherwise acting but presumably in accordance with Chief Judge Colombo's September 16, 2016 Order, cannot be used, cast, or counted because they were not printed in accordance with the provisions of Michigan Election Law, as Mich.

Comp. Laws § 168.560 so mandates and which was required by the

language in Chief Judge Colombo's Order to take the "necessary steps".

58. Mich. Comp. Laws § 168.689 of Michigan Election Law sets forth the

standards in which the Defendant Election Commission must follow in

order to print a candidate's name on an official ballot.

59. Mich. Comp. Laws § 168.689 of Michigan Election Law provides in

relevant part:

> "The Board of election commissioners of each county shall prepare
> the official ballots for use at any state, district or county election held
> therein, and **shall have printed sufficient number of ballots
> containing the names of all candidates *properly certified* to said
> board of election commissioners**…." (Emphasis supplied).

60. The Michigan Court of Appeals in *SMFBC v Killeen*, 153 Mich.App.

370, 377-378; 395 NW2d 325 (1986), analyzed Mich. Comp. Laws §

168.689 and determined:

> While the language of the statute is not entirely clear, we see no
> reason for the Legislature to distinguish between *candidates* who are
> to be "properly certified" and *constitutional amendments* or *other
> questions* which have to be so certified. We therefore construe the
> statute to require *candidates, constitutional amendments,* and
> *questions* for use at any state, district or county election to be
> "properly" certified before they are entitled to placement on the ballot.
> Since this statute is directed to the board of election commissioners,
> the use of the word "properly" evidences an intent of the Legislature

that the board of county election commissioners not only determine that a proposed question *is* certified, but that it is indeed "properly" certified. **Accordingly, where it is apparent to the board of county election commissioners that the question is not entitled to placement on the ballot, it may refuse to place it thereon and leave the certifying body to its legal recourse. We interpret "properly" in this context to mean that the election commissioners are required to determine that, on its face, the question is entitled to placement on the ballot**. (Emphasis in original) (Emphasis added).

61. Thus, in accordance with the Michigan Court of Appeals' holding in *SMFBC, supra*, *after* Chief Judge Colombo ordered the Defendant Election Commission to "*take necessary steps* to place" Ms. Bailer's name "on the November 8, 2016 General Election ballot as a candidate for Detroit Community School District," the Defendant Election Commission was required to convene as a public body to determine whether Ms. Bailer was a "properly" certified candidate to have her name placed on the November 8, 2016 General Election ballot as the Defendant Election Commission had previously done with respect to Plaintiff Simpson and the other candidates.

62. After the entry of Chief Judge Colombo's September 16, 2016 Order, the Defendant Election Commission **did not** and **has not** convened as a

public body to determine whether Ms. Bailer was a "properly" certified candidate.

63. Moreover, *after* the entry of Chief Judge Colombo's September 16, 2016 Order, the Defendant County Clerk, who was not a named party in *Bailer Election Matter*, **did not and has not** certified Ms. Bailer's name to the Defendant Election Commission for it to be placed on the November 8, 2016 General Election ballot as a candidate for the *new* Detroit Community School District Board of Education.

64. However, Michigan Election Law does not allow the Defendants County Clerk and Election Commission to "certify" a candidate's name who has submitted an affidavit of identity in violation of Mich. Comp. Laws § 168.558 of Michigan Election Law.

65. As noted, Mich. Comp. Laws § 380.384 of the Revised School Code, sets forth certain requirements with respect to candidates for the initial Detroit Community School District Board of Education.  Mich. Comp. Laws § 380.384(4) of the Revised School Code provides:

> (4) Except as otherwise provided in this subsection, for an individual's name to appear on the official ballot as a candidate for member of the initial elected school board of a community district, **the candidate shall file a nominating petition and *the affidavit required by section 558 of the Michigan election law*, MCL 168.558, with the school district election coordinator** not later than 4 p.m. on the fifteenth Tuesday before the

election date. The nominating petition must be signed by a minimum of 40 and maximum of 100 school electors of the community district. The nominating petition shall be substantially in the form prescribed under section 303 of the Michigan election law, MCL 168.303. **However, instead of filing nominating petitions, a candidate for school board member may pay a nonrefundable filing fee of $100.00 to the school district election coordinator.** If this fee is paid by the due date for a nominating petition, the payment has the same effect under this section as the filing of a nominating petition.  (Emphasis supplied).

66. Mich. Comp. Laws §168.558(1) of Michigan Election Law in pertinent part states:

> (1) When filing a nominating petition, qualifying petition, filing fee, or affidavit of candidacy for a federal, county, state, city, township, village, metropolitan district, or school district office in any election, **a candidate shall file** with the officer with whom the petitions, fee, or affidavit is filed **2 copies of an affidavit of identity** (Emphasis supplied).

67. Mich. Comp. Laws § 168.558(2) of Michigan Election Law further instructs:

> (2) **An affidavit of identity *shall* contain the candidate's name, address, and ward *and precinct where registered*,** if qualified to vote at that election; a statement that the candidate is a citizen of the United States; the candidate's number of years of residence in the state and county; other information that may be required to satisfy the officer as to the identity of the candidate; the manner in which the candidate wishes to have his or her name appear on the ballot; and a statement that the

candidate either is or is not using a name, whether a given name, a surname, or otherwise, that is not a name that he or she was given at birth. If a candidate is using a name that is not a name that he or she was given at birth, the candidate shall include on the affidavit of identity the candidate's full former name. (Emphasis supplied).

68. Mich. Comp. Laws § 168.558(4) of Michigan Election Law further provides in relevant part:

(4) An affidavit of identity shall include a statement that as of the date of the affidavit, all statements, reports, late filing fees, and fines required of the candidate or any candidate committee organized to support the candidate's election under the Michigan campaign finance act, 1976 PA 388, MCL 169.201 to 169.282, have been filed or paid; and a statement that the candidate acknowledges that making a false statement in the affidavit is perjury, punishable by a fine up to $1,000.00 or imprisonment for up to 5 years, or both. *If a candidate files the affidavit of identity with an officer other than the county clerk or secretary of state, the officer shall immediately forward to the county clerk 1 copy of the affidavit of identity by first-class mail. The county clerk shall immediately forward 1 copy of the affidavit of identity for state and federal candidates to the secretary of state by first-class mail.* **An officer shall not certify to the board of election commissioners the name of a candidate who fails to comply with this section**. (Emphasis supplied).

69. In the present case, it is undisputed that on July 26, 2016,  in accordance with Mich. Comp. Laws § 380.384(4) of the Revised School Code, Ms. Bailer filed a defective affidavit of identity along with the $100 filing with the Defendant City Clerk to qualify as a candidate for the *new* Detroit Community School District Board of Education.  (**See Penelope Bailer's affidavit of identity attached hereto as Exhibit H**).

70. Ms. Bailer's affidavit of identity was defective because Ms. Bailer failed to provide her precinct number as Mich. Comp. Laws § 168.558(2) of Michigan Election Law requires.  See *Berry v Garrett*, ___ Mich. App.___; ____ NW2d ____ (2016) (Decided June 17, 2016, Docket No. 333225). (**Exhibit I**).

71. As a result of Ms. Bailer's failure to provide her precinct number on her affidavit of identity, the Defendants County Clerk and Election Commission have a "clear legal duty not to certify" Ms. Bailer's name to be printed on the November 8, 2016 General Election ballot.  *Berry v Garrett, supra.*

72. "Under § 558(4), those defendants [County Clerk and Election Commission] had a clear legal duty to "not certify to the board of election commissioners the name of a candidate who [had] fail[ed] to comply" with the requirement, under § 558(2), of duly including the

precinct number where the candidate was registered to vote." *Berry v Garrett, supra*, slip op at p 4. (**Published Court of Appeals Opinion in Berry v Garrett is attached as Exhibit I**).

73. As noted, *it is undisputed that Ms. Bailer failed to comply with Mich. Comp. Laws § 168.558(2).* Hence, the Defendants County Clerk and Election Commission have *a clear legal duty **not** to certify* Ms. Bailer's name to appear on the November 8, 2016 General Election ballot. *Berry v Garrett, supra*, slip op at p 4. (**Exhibit I**)

74. Accordingly, pursuant to Mich. Comp. Laws §168.689, the Defendant Election Commission can only print ballots "containing the names of all candidates ***properly certified*** to said board of election commission." *SMFBC v Killeen*, 153 Mich. App. 370, 377-378; 395 NW2d 325 (1986).

75. The Defendant Election Commission has violated Mich. Comp. Laws § 168.689 because they have allowed the printing of official ballots containing the name of Ms. Bailer, who has not been "properly certified to said board of election commission." *SMFBC v Killeen*, 153 Mich. App. 370, 377-378; 395 NW2d 325 (1986).

76. In accordance with the specific Michigan Court of Appeals' holding in *Berry v Garrett, supra,* the Defendants County Clerk and Election Commission, under § 558(4), had a clear legal duty to "not certify to the

board of election commissioners the name of a candidate who [had]

fail[ed] to comply" with the requirement, under § 558(2), of duly

including the precinct number where the candidate was registered to

vote." *Berry v Garrett, supra*, slip op at p 4.  (**Exhibit I**).

77. Notably, Chief Judge Colombo's September 16, 2016 Order, was **only**

directed to the Defendant Election Commission and **not** to the Defendant

County Clerk. It also merely compelled the Defendant Election

Commission to "***take necessary steps*** to place the name of Penelope N.

Bailer on the November 8, 2016 General Election ballot as a candidate

for Detroit Community School District."  (**See Chief Judge Colombo's**

**September 16, 2016 Order attached hereto as Exhibit F**).

78. One of those "necessary steps" the Defendant Election Commission had

to take was *to determine in accordance with Mich. Comp. Laws §*

*168.689 whether Ms. Bailer was a "properly certified" candidate.*

*SMFBC v Killeen*, 153 Mich.App. 370, 377-378; 395 NW2d 325 (1986).

79. The Defendant Election Commission did not make such a determination

under Mich. Comp. Laws § 168.689 ***after*** the entry of Chief Judge

Colombo's September 16, 2016 Order. Indeed, the only determination

that the Defendant Election Commission has made to date was that she

was NOT properly certified.

80. As a public body that is subject to the provisions of Michigan's Open Meetings Act ("**OMA**"), *after* the entry of Chief Judge Colombo's September 16, 2016 Order, the Defendant Election Commission *was required to convene as a public body and hold a public meeting available to the public to make a determination as to whether Ms. Bailer was a "properly certified" candidate under MCL § 168.689* All as they had done at their September 13, 2016 meeting with respect to Plaintiff Simpson and the other candidates.

81. "Clearly… the OMA requires that 'all decisions of a public body' be made in public." *Booth Newspapers Inc. v U of M Bd. of Regents*, 444 Mich. 211, 231; 507 NW2d 422 (1993).

82. The Defendant Election Commission's decision done not by it as required but by Mrs. Oden, to place Ms. Bailer's name on the November 8, 2016 General Election ballot, purportedly in accordance with Chief Judge Colombo's September 16, 2016 Order, was not properly made and in fact was not made at all.

83. The Defendant Election Commission has not held a public meeting since the entry of Chief Judge Colombo's September 16, 2016 Order.

84. Nor, notably, Chief Judge Colombo's September 16, 2016 **did not** compel the Defendant County Clerk to certify the name of Ms. Bailer to

the Defendant Election Commission for placement on the November 8,

2016 General Election ballot.  Such is mandated and required by Mich.

Comp. Laws §168.689 of Michigan Election Law.

85. Consequently, pursuant to Mich. Comp. Laws § 168.560 of Michigan

Election Law, the ballots that have been printed with Ms. Bailer's name

appearing on them cannot be used, cast, or counted by the Defendants

County Clerk, City Clerk, Unnamed Election Inspectors and Election

Commission because said ballots were not printed in accordance with the

Michigan Election Law, particularly since such ballots were printed in

violation of Mich. Comp. Laws § 168.689 and Mich. Comp. Laws §

168.558.

86. Defendants County Clerk and Election Commission could not "certify"

Ms. Bailer's name to be placed on the November 8, 2016 General

Election ballot because "[u]nder § 558(4), those defendants [County

Clerk and Election Commission] had a clear legal duty to "not certify to

the board of election commissioners the name of a candidate who [had]

fail[ed] to comply" with the requirement, under § 558(2), of duly

including the precinct number where the candidate was registered to

vote." *Berry v Garrett, supra*, slip op at p 4. (**Exhibit I**).

87. Therefore, Plaintiff Simpson's fundamental right to vote and to have it counted has been jeopardized as a result of the Defendants County Clerk and Election Commission's unconstitutional actions.

88. Plaintiff Simpson has been denied equal protection under the law because in order for Plaintiff Simpson's name to be printed on the November 8, 2016 General Election ballot as a candidate for the new Detroit Community School District Board of Education, Plaintiff Simpson's name had to be certified by the Defendant County Clerk to the Defendant Election Commission, who then had to determine under Mich. Comp. Laws §168.689 whether Plaintiff Simpson was "properly certified" to have her name placed on the November 8, 2016 General Election ballot. (**See Plaintiff Simpson's affidavit attached as Exhibit A**).

89. The Defendants County Clerk and Election Commission simply did not follow the foregoing process or procedure as required with respect to placing Ms. Bailer's name on the November 8, 2016 General Election ballot as a candidate for the *new* Detroit Community School District Board of Education. (**See Plaintiff Simpson's affidavit attached as Exhibit A**).

90. Consequently, Plaintiff Simpson has been treated differently than Ms. Bailer.  Plaintiff Simpson's constitutional right to equal protection under

the law has been violated by the Defendants County Clerk and Election

Commission and the Defendants County Clerk and Election Commission

did not have a rational basis for their unconstitutional actions.  (**See**

**Plaintiff Simpson's affidavit attached as Exhibit A**).

## COUNT II
**Declaratory Judgment Declaring Plaintiff Simpson's Fourteenth Amendment Right To Due Process of Law Was Violated By Defendants Wayne County Clerk and Wayne County Election Commission.**

91. Plaintiff Simpson incorporates, repeats, and realleges the foregoing

allegations as though they were fully set forth and stated herein.

92. This claim is brought pursuant to 42 U.S.C. § 1983, and the Declaratory

Judgment Act.

93. This clam seeks *prospective* declaratory relief against Defendants Wayne

County Clerk and Wayne County Election Commission, in their

respective official capacities.

94. As noted above, the Defendant Wayne County Election Commission and

Wayne County Clerk failed to adhere to and follow the provisions of

Mich. Comp. Laws § 168.689 of Michigan Election Law ***after*** Chief

Judge Colombo entered his September 16, 2016 Order in the *Bailer*

*Election Matter*.

95. Consequently, as a result of Defendant Wayne County Election Commission failing to adhere to the provision s of Mich. Comp. Laws 168.689, Plaintiff Simpson is being denied her due process rights as secured under the Fourteenth Amendment.

96. As Senior U.S. District Court Judge Arthur J. Tarnow recognized in *McCormick v Wayne County Election Commission, et. al.,* Case No. 14-12016 (E.D. Mich. June 2, 2014), "If Defendant Wayne County Election Commission is refusing to enforce that law, it is violating Plaintiff's federal due process rights." (Case No. 14-12016, Docket No. 30).

97. Defendant Wayne County Election Commission has violated Plaintiff Simpson's federal due process rights as a result of failing to adhere and comply with Mich. Comp. Laws § 168.689 with respect to placing Penelope Bailer's name on the November 8, 2016 General Election ballot.

## COUNT III

**Defendant Wayne County Board of Canvassers Shall Be Preliminarily and Permanently Enjoined From Certifying Any Votes Cast for Penelope Bailer and Defendants Detroit City Clerk and Election Inspectors Shall Be Preliminarily and Permanently Enjoined From Counting Any Votes Cast for Ms. Penelope Bailer.**

98. Plaintiff Simpson incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

99. This claim is brought pursuant to 42 U.S.C. § 1983, and the Declaratory Judgment Act.

100. This clam seeks prospective injunctive relief against Defendant Wayne County Board of Canvassers, Detroit City Clerk, and Election Inspectors, in their respective official capacities.

101. Plaintiff Simpson seeks to enjoin, preliminarily and permanently, Defendant Wayne County Board of Canvassers from certifying any votes cast for Penelope Bailer, and seeks to enjoin, preliminarily and permanently, Defendants Detroit City Clerk and Election Inspectors from counting any votes cast for Ms. Penelope Bailer as a candidate for the new Detroit Community School District Board of Education.

102. As noted above, the Defendants Wayne County Clerk and Election Commission violated Plaintiff Simpson's right to equal protection under the law by proceeding with placing Ms. Bailer's name on the November

8, 2016 General Election ballot by failing to adhere to same rules, procedures and laws that were used to place Plaintiff Simpson's name on the November 8, 2016 General Election ballot as a candidate for the *new* Detroit Community School District Board of Education.

103.   The Defendants Wayne County Clerk's and Election Commission's unconstitutional practices have infringed upon Plaintiff Simpson's fundamental constitutional right to vote and to have it counted.

104.   Moreover, the Defendants Wayne County Clerk and Election Commission did not have a rational basis for their unconstitutional actions.

105.   Additionally, Plaintiff Simpson has suffered irreparable harm as a result of Ms. Bailer's name being printed on the November 8, 2016 General Election ballot as a candidate for the new Detroit Community School District Board of Education.  As the Michigan Supreme Court determined: "A candidate for elective office suffers a cognizable injury in fact if, due to the improper interpretation and enforcement of election law, he or she is prevented from being placed on the ballot or must compete against someone improperly placed on the ballot." *Martin v Secretary of State*, 482 Mich. 956; 755 NW2d 153, 154 (2008).

106.   Thus, the entry of an injunction is appropriate and necessary.

## COUNT IV
## Plaintiff Shall Be Awarded Compensatory, Punitive and Nominal Damages.

107.   Plaintiff Simpson incorporates, repeats, and realleges the foregoing

allegations as though they were fully set forth and stated herein.

108.    This claim seeks an award of compensatory, punitive and nominal

damages against the Defendants County Clerk and Election Commission,

in their respective official capacities, for violating Plaintiff Simpson's

Fourteenth Amendment right to equal protection under the law.

109.    If the Court determines and declares that the Defendants County

Clerk and Election Commission violated Plaintiff Simpson's Fourteenth

Amendment right to equal protection under the law, Plaintiff respectfully

requests the Court to award compensatory, punitive and nominal

damages against the Defendants County Clerk and Election Commission,

in their respective official capacities, for violating Plaintiff Simpson's

Fourteenth Amendment right to equal protection under the law.

## COUNT V
## Plaintiff Shall Be Awarded Court Costs and Attorney Fees Under 42 U.S.C. § 1988.

110.   Plaintiff Simpson incorporates, repeats, and realleges the foregoing

allegations as though they were fully set forth and stated herein.

111.   This claim is brought pursuant to 42 U.S.C. §§ 1983, 1988.

112.   Plaintiff Simpson shall be awarded her attorney's fees and costs

pursuant to 42 U.S.C. § 1988 for any relief granted for any of the counts

properly pled and alleged herein against the named Defendants.  See

*Déjà vu of Nashville Inc. v Metro Gov't of Nashville and Davison*

*County*, 421 F.3d 417 (6th Cir. 2005; and see also, *Berger v City of*

*Mayfield Heights*, 265 F.3d 399, 406-407 (6th Cir. 2001).

## COUNT VI
**State Law Claim-A Declaratory Judgment Shall Be Issued Declaring that the Defendant County Clerk Had To Certify Penelope Bailer's Name In Order For The Defendant Election Commission To Place Penelope Bailer's Name on the November 8, 2016 General Election Ballot.**

113.   Plaintiff Simpson incorporates, repeats, and realleges the foregoing

allegations as though they were fully set forth and stated herein.

114.   Under Michigan Election Law, the Defendant County Clerk has the

statutory duty to certify to the Defendant Election Commission the names

of candidates who shall appear on any official ballot.

115.   Under Mich. Comp. Laws §168.689 of Michigan Election Law, the

Defendant Election Commission can only print on the official ballots "the

names of all candidates properly certified to said board of election

commissioners…"

116.   The Defendant County Clerk, to date, has never certified Penelope Bailer's name to the Defendant Election Commission for her name to be placed on the November 8, 2016 General Election ballot.

117.   Consequently, the entry of declaratory judgment is necessary declaring that Penelope Bailer's name could not have been printed on the November 8, 2016 General Election ballot without Defendant County Clerk certifying her name to the Defendant Election Commission.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, for the foregoing reasons, Plaintiff Simpson prays that this Honorable Court GRANT the requested relief as follows:

A. Issue A Declaratory Judgment declaring that the Defendants Wayne County Clerk and Wayne County Election Commission denied Plaintiff Simpson Equal Protection Under The Law in violation of the Fourteenth Amendment to the United States Constitution.

B. Issue a Declaratory Judgment declaring that the Defendants Wayne County Clerk and Wayne County Election Commission violated Plaintiff's federal due process rights under the Fourteenth Amendment of the United States Constitution.

C. Issue an Injunction enjoining the Defendant Wayne County Board of Canvassers from certifying any votes cast for Penelope Bailer; and enjoining

the Defendants Detroit City Clerk and Election Inspectors from counting any ballots/votes cast for Penelope Bailer as a candidate for the new Detroit Community School District Board of Education.

D.  Award Plaintiff Simpson compensatory, punitive and nominal damages against the Defendants County Clerk and Election Commission, in their respective official capacities, for violating Plaintiff Simpson's Fourteenth Amendment right to equal protection under the law.

E.  Award Plaintiff Simpson her attorney fees and costs pursuant to 42 U.S.C. § 1988 against Defendants.

F.  Issue a declaratory judgment declaring that Penelope Bailer's name should not have been printed on the November 8, 2016 General Election ballot without the Defendant County Clerk certifying her name to the Defendant Election Commission.

G.  Grant any further relief the Court deems appropriate, just and proper.


Dated:  October 24, 2016                    Respectfully Submitted,

                                            /s/ ANDREW A. PATERSON
                                            ANDREW A. PATERSON (P18690)
                                            Attorney for Plaintiff Simpson
                                            46350 Grand River, Suite C
                                            Novi, MI 48374
                                            (248) 568-9712
                                             aap43@outlook.com