UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAWANNA SIMPSON,

        Plaintiff,

v.                                 Case No. 16-cv-13784
                                 Hon. Arthur Tarnow

CATHY M. GARRETT, in her official capacity as
the duly elected Wayne County Clerk,
WAYNE COUNTY ELECTION COMMISSION, WAYNE
COUNTY BOARD OF CANVASSERS, JANICE WINFREY,
in her official capacity as the duly elected Detroit City Clerk,
and UNNAMED/UNKNOWN ELECTION INSPECTORS,
in their official capacities,

        Defendants.

_____/

| | |
|---|---|
| ANDREW A. PATERSON (P18690) | JANET ANDERSON-DAVIS (P29499) |
| Attorney for Plaintiff Robert Davis | Assistant Corporation Counsel |
| 46350 Grand River Ave., Suite C | Attorney for Wayne County |
| Novi, Michigan 48374 | 500 Griswold, 29TH Floor South |
| 248-568-9712 | Detroit, Michigan 48226 |
| aap43@outlook.com | 313- 224-6684 |
| | jandersn@waynecounty.com |

_____/

**COUNTY DEFENDANTS' RESPONSE TO PLAINTIFF'S
EXPARTE MOTION FOR TEMPORARY RESTRAINING ORDER
AND/OR PRELIMINARY INJUNCTION (DKT 2)**

TABLE OF CONTENTS

TABLE OF EXHIBITS .........................................................................................iv

INTRODUCTION ..............................................................................................v

STATEMENT OF FACTS ................................................................................. vii

ARGUMENT .....................................................................................................1

I.      Plaintiff's claims are barred by laches as she knew on July 26, 2016, that the affidavit did not indicate Penelope Bailer's precinct and on September 16, 2016 that the state court had ordered Penelope Bailer's name to be placed on the ballot, yet she waited until October 24, 2016 to file the complaint.

II.     Plaintiff's claims are barred by preclusion doctrines: Res Judicata and Collateral estoppel.  The state court ruled that Penelope Bailer's name should appear on the ballot.  Defendant is in privy to Robert Davis who appealed that matter to the Court of Appeals and the Supreme Court of Michigan.

III.    Plaintiff's claims are barred by *Rooker-Feldman*.

IV.     There is no case or controversy because County Defendants have not violated any of Plaintiff's rights secured by the Constitution as the September 16, 2016 order requires the Defendant Commission to print ballots with Penelope Bailer's name and did not remand the case to County Defendants to again review the affidavit.

V.      Plaintiff has not been deprived of a right as she has the remedies of recount and quo warranto.

VI.     Plaintiff fails to state a Fourteenth Amendment due process claim as she does not have a constitutionally protected liberty interest**.**

VII.    Plaintiff fails to state an Equal Protection claim because County Defendants had no duty to reconvene; the ballots may be used and counted; and there is no violation of Plaintiff Simpson's fundamental right to vote.

VIII. Plaintiff cannot meet the test for a temporary restraining order as ballots have been printed and the public harm outweighs any harm to the Plaintiff.

CONCLUSION ...................................................................................................... 19

# TABLE OF EXHIBITS

ITEM                                                                 TAB

Affidavits of Identity ............................................................................. A

Challenge to candidates for Detroit Community School District Board ..................................... B

*Berry v. Garrett*, slip opn ........................................................................ C

Minutes and Transcript of September 13, 2016 Election Commission meeting .......................... D

*Bailer v. Winfrey* Register of Actions ............................................................... E

*Bailer v Winfrey* Order of Circuit Court dated September 16, 2016 .............................. F

*Bailer v Winfrey*, unpub opn of Court of Appeals dated September 21, 2016 .............................. G

*Bailer v Winfrey*, Order of Supreme Court September 22, 2016 .................................... H

*Bailer v Winfrey* Order of Circuit Court dated September 30, 2016 ................................ I

*Davis v. Garrett* Register of Actions and Complaint ........................................................ J

*Davis v. Garrett* Order of Circuit Court dated September 28, 2016 .................................... K

*Davis v. Garrett* Register of Actions (Court of Appeals) .............................................. L

Simpson Motion to Intervene and Withdrawal ......................................................... M

*Davis v. Garrett* Sanctions Orders of Circuit Court dated October 24, 2016 .............................. N

Affidavit from Bruce Hack ......................................................................... O

Email of Daniel Baxter ............................................................................. P

Transcript of Motion Hearing September 28, 2016 ................................................... Q

Transcript of Motion Hearing October 20, 2016 ..................................................... R

Affidavit from Delphine Oden ...................................................................... S

*Crookston v. Johnson,* slip opn ..................................................................... T

## INTRODUCTION

This case is déjà vous.  It is an attempt to re-litigate issues previously decided.  If ever a case were governed by laches, this is it.  Plaintiff asks that this Court order that 1,300,000 ballots which have already been printed with Penelope Bailer's name not be counted.  This is after 34,208 voters have returned their absentee voter ballots. Penelope Bailer filed her Affidavit of Identity with the city of Detroit Clerk on July 26, 2016.  The state court placed Ms. Bailer on the ballot on September 16, 2016.  Plaintiff belatedly asks this Court to rehash the same issues.

The County Defendants followed the trial court's ruling.  Res judicata, collateral estoppel, and *Rooker Feldman* bar this matter.

To bring a §1983 claim Plaintiff must allege deprivation of a liberty for which there is no state remedy and deprivation of a constitutional right caused by a government official.  Plaintiff has neither.  The recount and quo warranto remedies are available.  That the County Defendants followed the state court's order and had no duty to revisit Ms. Bailer's affidavit signal that no government official has deprived her of a constitutional right.  Plaintiff has no Fourteenth Amendment due process claim as her interest in an elected office is not a property interest.

County Defendants relied on the rulings of state courts when they printed ballots with the name of Penelope Bailer and thus, have not afforded disparate

treatment to candidates..  There is no "fairly traceable connection" between this Plaintiff's injuries and the complained-of conduct of County Defendants.

Plaintiff has not demonstrated irreparable harm to her if an injunction is not issued. There is no evidence that she will be denied her right to participate in a fair election. This court should exercise its discretion and not issue an injunction.

## STATEMENT OF FACTS

*Election Commission Determination*

Plaintiff alleges that County Defendants violated her federal constitutional rights because the Election Commission failed to re-convene to consider Penelope Bailer's affidavit and because Clerk Cathy M. Garrett did not certify Penelope Bailer to the ballot.  The facts belie that claim.

Penelope Bailer filed an Affidavit Of Identity with the Detroit City Clerk on July 26, 2016, for the office of Detroit Community School District Board. (Exhibit A). Plaintiff filed an Affidavit Of Identity for the same office with the Detroit City Clerk on July 13, 2016.  *Id.*

On September 9, 2016, Robert Davis and Desmond White filed a challenge to Penelope Bailer's affidavit of identity.  (Exhibit B).  The challengers alleged that the affidavit of identity of Penelope Bailer did not contain the precinct numbers; and *Berry v. Garrett*, COA Case No. 333225, unpub opn, June 17, 2016, mandated that the Wayne County Election Commission ("Commission") remove her name from the ballot. (Exhibit C).

On September 13, 2016, the Commission unanimously upheld the challenge to the candidacy of Penelope Bailer. (Exhibit D).

*Bailer v. Winfrey* **16-011797-AW**

Penelope Bailer filed a complaint with the state court alleging Penelope Bailer should be on the ballot as the statutes in *Berry v. Garrett* applied to a primary election and not a general election. (Exhibit E). Desmond White and Robert Davis filed motions to intervene.  The state court did not rule on proposed interveners' motion to intervene, but allowed them to participate in argument. The court granted the motion for writ of mandamus on September 16, 2016 and ordered that the Defendant Commission shall place the name of Penelope N. Bailer on the November 8, 2016 General Election ballot.  (Exhibit F).

That same day, proposed interveners filed a Claim of Appeal with the Michigan Court of Appeals.  On September 21, 2016, the Court of Appeals dismissed the appeal finding that proposed interveners were not parties to the matter and did not have standing.   (Exhibit G). The Michigan Supreme Court denied leave to appeal the next day.  (Exhibit H).  On September 30, 2016, the trial court denied interveners' motion to intervene.  (Exhibit I).

*Davis v Garrett* **16-012226-AW**

Robert Davis and Desmond White filed a complaint on September 23, 2016, again alleging that Penelope Bailer's name should be removed from the ballot because her affidavit was defective. (Exhibit J). On September 28, 2016, the lower Court held a hearing and dismissed the complaint finding that the claims were

frivolous and violated MCR 2.114.  (Exhibit K).  Robert Davis filed an appeal of that decision which is pending in the Michigan Court of Appeals.  (Exhibit L). Tawanna Simpson filed a motion to intervene in the appeal, which she later withdrew. (Exhibit M). Because the complaint was frivolous, on October 24, 2016, the state court ordered Robert Davis, Desmond White, and Andrew Paterson, jointly and severally, to pay attorney fees to County Defendants. (Exhibit N). Plaintiff now brings this complaint and motion with the same allegations.

The printer has printed 1,300,000 ballots for the city of Detroit at a cost of approximately $380,438.  (Exhibit O). Voters have returned 34,208 absent voter ballots. (Exhibit P).

ARGUMENT

**I.  Plaintiff's claims are barred by laches as she knew on July 26, 2016, that the affidavit did not indicate Penelope Bailer's precinct and on September 16, 2016 that the state court had ordered Penelope Bailer's name to be placed on the ballot, yet she waited until October 24, 2016 to file the complaint.**

Timing is everything. *Crookston v Johnson*, 6th Cir COA slip opn Case No. 16-2490, October 28, 2016. (Exhibit T).  With just 7 days before the election, this Court should decline to enjoin the use of printed ballots because of laches.  A party asserting laches must show:  (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it.  *Masck v. Sports Illustrated,* 5 F Supp 3d 881 (ED Mich 2014).

Plaintiff says that she is an incumbent on the Detroit School Board.  (Dkt 1, ¶11; Dkt 1-1 ¶3).  She is therefore a seasoned candidate.  This veteran should have known as early as July 26, 2016, (the filing deadline) that Penelope Bailer's affidavit did not indicate a precinct. The lower court's initial order placing Penelope Bailer on the ballot was issued September 16, 2016.  Plaintiff filed the instant complaint on October 24, 2016 – approximately 6 weeks after the state court's order.  Plaintiff could have sought recourse in a more expeditious fashion. Instead, she chose to wait and is now barred by laches.  *Gelineau v. Johnson*, 896 F Supp 2d 680 (WD Mich 2012).

Statutory deadlines are important for a smooth election process.   The attached affidavit of the printer explains that approximately 1,300,000 ballots have been printed and delivered at a cost of $380,438.   The November 8, 2016 General Election is less than a week away.   Over 34,000 voters have returned their absent voter ballots to the city of Detroit clerk.

The Michigan Election law facilitates the election process by preventing stale challenges to election issues.   "Courts which have considered comparable claims have in effect balanced the interests of the parties and required that any claims against the state procedure be pressed expeditiously."   *Kay v. Austin*, 621 F2d 809, 813 (6th Cir 1980).

Plaintiff may argue that County Defendants may not assert the defense of laches because the County Defendants have unclean hands because subsequent to the lower court's order, County Defendants did not review Ms. Bailer's affidavit again.  The lower court characterized that argument as meritless:

> THE COURT:  …It is so apparent to me that laches applies to this claim.  I am absolutely flabbergasted that Mr. Davis and Ms. White and Mr. Paterson as their lawyer would file this lawsuit.
>
> This lawsuit is untimely.  And I'll just rely upon the case law cited by the Court of Appeals in the Mary Anne Kovari opinion that discusses the very issues necessary for me to repeat that case law.
>
> The suggestion that Defendants are barred by lack of clean hands to a certain laches is ridiculous.  It's meritless.  It's frivolous.

There is a significant issue as to whether even Berry v Garrett applies to this case.  But more importantly, the delay here is totally attributable to Robert Davis and Andrew Paterson.

(Exhibit Q, pages14, 15).

Plaintiff's delay in bringing this action is inexcusable.  Plaintiff bears the burden of showing that she acted diligently.   Yet she brings the issue to court when there's very little time for the Court to address it.  An injunction would precipitate changes that would result in immense administrative and financial difficulties for election officials and the candidates, and would seriously strain the election machinery and endanger the election process.   County Defendants, candidate Penelope Bailer, Detroit city clerk, and voters would be prejudiced by Plaintiff's unexcused delay.

**II.  Plaintiff's claims are barred by preclusion doctrines: Res Judicata and Collateral Estoppel.  The state court ruled that Penelope Bailer's name should appear on the ballot.  Defendant is in privy to Robert Davis who appealed that matter to the Court of Appeals and the Supreme Court of Michigan.**

The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action."  *In re Alfes*, 709 F 3d 631 (6th Cir 2013).

Res judicata is based on the following four elements:

(1) a final decision on the merits by a court of competent jurisdiction;
(2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should

3

have been litigated in the prior action; and (4) an identity of the causes
of action.

*In re Alfes, id 638.*

    *Bailer v. Winfrey, Davis v. Garrett,* and this action involve the same parties:
Wayne County Clerk, Wayne County Election Commission, Tawanna Simpson (as
privy to Robert Davis and Desmond White), and Janice Winfrey.  Plaintiff may
argue that she was not a party to *Bailer v. Winfrey or Davis v. Garrett*.  This
argument should fail.

    The parties to the second action need be only substantially identical to
the parties in the first action, as res judicata applies to both parties and
their privies:

> In order to find privity between a party and a nonparty for purposes
> of res judicata, Michigan courts require both a substantial identity of
> interests and a working or functional relationship in which the
> interests of the non-party are presented and protected by the party in
> the litigation.

*Peterson Novelties, Inc. v. City of Berkley*, 259 Mich App 1, 126; 672 NW 2d 351
(2003). Plaintiff and Robert Davis have a working relationship as he is supporting
Plaintiff's candidacy. (Dkt 1-1 ¶16).

    The Michigan Court of Appeals has determined that the state court could
deny Robert Davis' motion to intervene in *Bailer v Winfrey*, as the interests of
Robert Davis were adequately represented.  This adequate representation should

serve to make Plaintiff Simpson privy to the parties in *Bailer v Winfrey and Davis v. Garrett*, and preclude this action.   *Rental Properties Owners Ass'n Of Kent County v. Kent County Treasurer*, 308 Mich App 498, 529;866 NW 2d 817 (2014).

Res judicata operates to bar Plaintiff's claims.  Plaintiff, as a privy to Robert Davis, participated in the first hearing of *Bailer v Winfrey*, where the lower court ruled that the Election Commission was to return Ms. Bailer's name to the ballot, and in the hearing of *Davis v. Garrett*, which concerned the same issues.  Robert Davis appealed the lower court's ruling arguing that Penelope Bailer's name should not be on the ballot because *Berry v. Garrett* precluded such.  The prior actions, *Bailer v. Winfrey,* and *Davis v. Garrett* have been decided on the merits by the state court.

Plaintiff filed a motion to intervene in the *Davis v. Garrett* appeal.  Her motion alleged that she "will suffer irreparable harm if Penelope Bailer is permitted to stay on the ballot because Intervening Appellant will lose votes as a result of Penelope Bailer remaining on the ballot." (Exhibit M ¶9). She also avers "Intervening appellant has suffered a cognizable injury as a result of having to compete against Penelope Bailer because Penelope Bailer is a candidate that has been improperly paced on the November 8, 2016 General Election ballot." (*Id*, ¶10). This is very similar to the allegations of this case. (Dkt 1, ¶¶87 and 105; Dkt

2, pages 2 and 36). At least 14 of the paragraphs in the *Davis v. Garrett* complaint are identical to those of the instant complaint.

The state court concluded that the allegations of *Davis v. Garrett* mimicked those of *Bailer v. Winfrey* and were frivolous.  It is telling that the state court chided Drew Paterson for having filed the matter:

> THE COURT: So what do you do about someone – and this case is the perfect example of horrible judgment. Where the case is over to everyone except for the Plaintiffs and Mr. Paterson. And Mr. Paterson is also part of the problem because he also exercises his horrible judgment…
> So, we have this huge dilemma of what to do with someone who is clearly abusing the system. It's got to start frankly with Mr. Davis's lawyer, Mr. Paterson, frankly to bring some sanity to what's happening here Mr. Paterson, and you're not doing that….
> Because what happened here as far as I'm concerned we were passed that point, and you file another lawsuit.  No one exercising good judgment would do that. No lawyer that I know would do that except you.
> I'm obviously not making any headway with you because you don't listen. No you don't. You don't listen and the fact of the matter is you're making bad decisions. You're tying up the court. ..
> It's very frustrating to me that we can't get some kind of understanding of what's appropriate and what a typical lawyer would do with respect to a matter like this…

(Exhibit R, pages 22-27).

Thus, the ultimate issue of whether Penelope Bailer's name should be on the ballot has already been determined by the state court's decisions. There was a decision on the merits involving the same parties which litigated the affidavit

issue; res judicata bars this matter. In both *Bailer v. Winfrey* and *Davis v. Garrett*, the state court entered valid and final judgments.

The basic principle of the doctrine of collateral estoppel is that the determination of issues in a prior action is conclusive as to those issues in subsequent litigation between those parties, even though a different claim is involved. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. *Lewis v. City of Detroit*, 2011 WL 2084067 (ED Mich 2011) (Unpub opn).  Collateral estoppel applies when the following requirements are satisfied:  (1) the parties in both proceedings are the same or in privity, (2) there was a valid, final judgment in the first proceeding, (3) the same issue was actually litigated in the first proceeding, (4) that issue was necessary to the judgment, and (5) the party against whom preclusion is asserted, or its privy, had a full and fair opportunity to litigate the issue. *Id*.

Plaintiff had a fair opportunity to litigate the issue of whether Ms. Bailer's name should be on the ballot.  Federal courts must apply state law in determining whether to apply issue preclusion. The underlying goal of issue preclusion, also known as collateral estoppel, is to promote judicial economy and finality in litigation. Thus, "when an issue of ultimate fact has been determined by a valid

judgment, it may not again be litigated between the same parties." *Liberty Mut. Ins.*

*Co. v. FAG Bearings Corp*., 335 F3d 752 (8th Cir 2003). To promote judicial

economy, this court should not re-litigate the same issue.

### III.   **Plaintiff's claims are barred by *Rooker Feldman***

Under the *Rooker Feldman* doctrine, lower federal courts lack subject matter

jurisdiction to engage in appellate review of state court proceedings.   *Pieper v.*

*American Arbitration Ass'n, Inc*., 336 F 3d 458, 459 (6th Cir 2003).  It prevents a

plaintiff from securing appellate review of the state court's judgment based on the

losing party's claim that the state judgment itself violates the loser's federal rights.

*Id*. The *Rooker–Feldman* doctrine bars relitigation of claims raised in state-court

proceedings as well as claims that are "inextricably intertwined" with the claims

asserted there. *Id.* Plaintiff is attempting to relitigate the *Davis v. Garrett* claim, by

adding that County Defendants violated her Fourteenth Amendment rights.   The

facts in *Davis v Garrett* are the same as those alleged here.   *Davis v. Garrett* is

currently pending in the Michigan Court of Appeals.  This Court can only grant

relief to Plaintiff by overturning the state court's decision.   "Where federal relief

can only be predicated upon a conviction that the state court was wrong, it is

difficult to conceive the federal proceeding as, in substance, anything other than a

prohibited appeal of the state-court judgment." *Id*.   This Court must decline to

grant the requested relief.

**IV.** **There is no case or controversy because County Defendants have not violated any of Plaintiff's rights secured by the Constitution as the September 16, 2016 order required the Defendant Commission to print ballots with Penelope Bailer's name and did not remand the case to County Defendants to again review the affidavit.**

Before a federal court has jurisdiction, there must be a case or controversy. USCA Const. Art. III § 2. When a claim is such that judicial power is capable of acting on it, it is considered a case. *Johnson v. Interstate Transit Lines,* 163 F2d 125 (10th Cir 1947). There must be a statement of facts showing that defendant is acting or is threatening to act in such a way as to invade, or prejudicially affect the rights of plaintiff. *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 84 F2d 695, (8th Cir 1936), cert granted 299 US 536; 57 S Ct 190 (1936), revd on other grounds 300 US 227; 57 S Ct 461 (1937), reh den 300 US 687; 57 S Ct 667 (1937). County Defendants submit that Plaintiff Simpson has neither a case nor controversy.

The federal courts have addressed that a plaintiff must show that defendants violated a constitutionally protected right. Stated otherwise "To assert a cause of action arising under §1983, a plaintiff must demonstrate a deprivation of a constitutional right caused by a state government official." *Rouster v. County of Saginaw*, 749 F.3d 437, 446 (6th Cir Mich 2014).

Plaintiff cannot establish that County Defendants violated any constitutionally protected right.

The state court's September 16, 2016 order reads:

[F]or the reasons stated on the record, the Defendant Wayne County Election Commission shall take necessary steps to place the name of Penelope N. Bailer on the November 8, 2016 General Election ballot as a candidate for Detroit Community School District.

The order is a mandate to Defendant Election Commission to place Penelope Bailer's name on the November 8, 2016 General Election ballot. The Court did not remand the matter to the Election Commission or the County Clerk so that they may again review the affidavit. The rules of statutory interpretation may assist with this matter.

Generally, when faced with questions of statutory interpretation, the court's obligation is to discern and give effect to the Legislature's intent as expressed in the words of the statute. The courts begin by examining the plain language of the statute; where that language is unambiguous, the courts presume that the Legislature intended the meaning clearly expressed -- no further judicial construction is required or permitted, and the statute must be enforced as written. *Pohutski v. City of Allen Park*, 465 Mich 675; 641 NW2d 219 (2002). The words of the order are unambiguous: the Election Commission ***shall place*** Penelope Bailer's name on the ballot.

The Election Commission did so. The phrase "take necessary steps" refers to contacting the coder and the printer to advise that Penelope Bailer's name must appear on the ballot, which is what Defendant Commission did. (Exhibit S).

Plaintiff's attempt to construe the phrase "take necessary steps" as a remand to the Election Commission ignores the rules of statutory construction.

Plaintiff complains that Penelope Bailer's affidavit of identity was defective. (Dkt #1, ¶¶3, 70); that the state court's order imposes on Defendants the duty to re-review the candidate's affidavit of identity and to certify her as a candidate (Dkt 1, ¶¶ 31, 49); and failure to do so and to keep her on the ballot may reduce the votes received by Plaintiff. (Dkt 1, ¶¶87, 105; Dkt 1-1 ¶11). These are similar to arguments rejected by the District Court in *Minnesota Voters Alliance v. Ritchie*, 890 F Supp 2d 1106 (D Minn 2012).

In *Minnesota Voters Alliance v. Ritchie*, several registered voters, three of whom intended to be candidates, and two organizations that represent persons eligible to vote, filed suit against state and county officials responsible for election administration or for enforcement of election law.  Plaintiffs alleged that defendants wrongfully permitted the votes of election day registrants to be counted without first confirming the election day registrants' eligibility to vote.  The Court discussed the prerequisites to finding a constitutional violation: "*To establish a constitutional violation based on voter irregularities, election officials must have engaged in invidious discrimination or intentional misconduct*..." (citations omitted) (Emphasis supplied).  *Minnesota Voters Alliance v. Ritchie*, *id*, 1112.

Plaintiff has not alleged any facts that suggest there was any intentional misconduct or discrimination by County Defendants; nor are there any aggravating factors as outlined by *Minnesota Voters*.

## V.  Plaintiff has not been deprived of a right as she has the remedies of recount and quo warranto.

42 U.S.C. §1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law...." 42 USC § 1983.

Plaintiff argues that MCL 168.558, 168.689, and 168.560 require the County Defendants to remove Penelope Bailer from the ballot.  However, violation of a state statute is insufficient to make a 1983 claim. *Stanley v. Vining*, 602 F 3d 767, 769 (6th Cir 2010).  The plaintiff must allege deprivation of a right or liberty for which there is no reasonable state remedy.  *Id*.

If Plaintiff does not prevail she has at least 2 state remedies: she may file for a recount (MCL 168.862) and she may ask the state court for leave to file for a writ of quo warranto which may be instituted to oust someone from an office wrongfully held.  MCR 3.301(A).  The action for quo warranto must be brought by the attorney general when the facts clearly warrant the bringing of the action.  If

the attorney general refuses to act, a private party may bring the action upon leave of the court.  MCL 600.4501 and 168.861.  Michigan Court Rule 3.306(B)(1)(b) explicitly provides for an action for quo warranto against a person who usurps an office in a public corporation created by the state.

The Michigan state courts have upheld the remedy of quo warranto to test irregularities of elections.  *Barrow v. Detroit Mayor*, 290 Mich App 530; 802 NW2d 658 (2010).

## VI.    Plaintiff fails to state a Fourteenth Amendment due process claim as she does not have a constitutionally protected liberty interest.

The Fourteenth Amendment to the United States Constitution provides that "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.

When deciding whether the Fourteenth Amendment has been infringed one must first determine whether the plaintiff possesses a liberty or property interest:

> The threshold question in adjudicating a due process claim is whether Plaintiff possessed a liberty or property interest….An *individual has no property or liberty interest in an elected office. Nor does he have such an interest in being elected, or in appearing on a ballot.* (Internal citations omitted)  (Emphasis added).

*Tiraco v. NY State Bd of Elections*, 963 F Supp 2d 184, 194 (ED NY 2013).

Plaintiff argues that she "is suffering irreparable harm as a result of having to compete against an ineligible candidate whose name has been unlawfully printed on the November 8, 2016 General Election ballot." (Dkt #2 page 2); that "she has

been denied equal protection under the law because Ms. Bailer's name was allowed to be printed on the November 8, 2016 General Election ballot as a candidate for the *new* Detroit Community School District Board of Education…" (*Id*, page 15); and that her "fundamental right to vote and to have it counted has been jeopardized as a result of the Defendants County Clerk and Election Commission's unconstitutional actions." (*Id* page 27).  These arguments do not state a constitutionally protected liberty or property interest and do not state a claim for relief under the due process clause.

The *Tiraco Court* further stated that even were Plaintiff deprived of some constitutionally protected property or liberty interest, no fundamental due process principles are violated if Plaintiff was provided adequate process: "The Due Process Clause does not protect against all deprivations of constitutionally protected interests in life, liberty, or property, only against deprivations without due process of law."   (Internal citations omitted).   *Tiraco v. NY State Bd of Elections, id* 194.

Plaintiff's Complaint alleges that the County Defendants violated Plaintiff's constitutional rights by including Penelope Bailer's name as a candidate on the November 8, 2016 General Election ballot.  To determine whether the County Defendant's violated Plaintiff's due process rights, "it is necessary to ask what

process the State provided, and whether it was constitutionally adequate." *Tiraco v. NY State Bd of Elections, id* 194.

The *Tiraco* Court advised that there must be notice and an opportunity to be heard. *Tiraco v. NY State Bd of Elections, id* 194.

The state court's order was clear: the Election Commission **shall place** Penelope Bailer's name on the ballot. The Election Commission did so. The phrase "take necessary steps" refers to contacting the coder and the printer to advise that Penelope Bailer's name must appear on the ballot. Plaintiff's attempt to emphasize the phrase "take necessary steps" and construe the order as a remand to the Election Commission is without legal foundation. It is irrational to conclude that the ballots on which Penelope Bailer's name is printed, cannot be used. There has been no infringement of Plaintiff's fundamental right to vote.

Plaintiff was aware that she could use the Michigan Election law process to challenge the affidavit of Penelope Bailer. She was also aware that she could use the state of Michigan courts to litigate the issue. In fact, she filed a motion to intervene in the *Davis v. Garrett* appeal. Therefore the process provided to the Plaintiff was adequate. *Tiraco v. NY State Bd of Elections*, *id*, 195. These procedures would have provided Plaintiff with sufficient notice and opportunity to contest the Election Commission's or the trial court's determination.

Like the plaintiff in *Tiraco*, Plaintiff's First Amendment claim is premised on the notion that she would not receive a fair opportunity to run in the November General Election because of the County Defendants' alleged misconduct.   The Court made clear that the First Amendment does not guarantee the Plaintiff with a fair shot at winning the party's nomination. *Tiraco v. NY State Bd of Elections*, *id*, 198.

County Defendants have no duty to reconvene and recertify Penelope Bailer's name to the ballot.  Thus, the County Defendants' alleged failure to do so did not give rise to a violation of Plaintiff's associational rights.

VII. **Plaintiff fails to state an Equal Protection claim because County Defendants had no duty to reconvene; the ballots may be used and counted; and there is no violation of Plaintiff Simpson's fundamental right to vote.**

Equal protection is a direction that all persons similarly situated should be treated alike.   *A.M. v. Holmer*, 1166 (10th Cir. 2016). It is concerned with governmental action that disproportionately burdens certain classes of citizens. *Id* There may be a class of one: plaintiff may allege that he or she has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment. *Id.*  For a class-of–one claim, plaintiff must demonstrate "(1) that other similarly situated individuals were treated differently from her, and (2) that "there is no rational basis for the different treatment." *id* 1167.

Here, Plaintiff argues that she is treated differently than Penelope Bailer because Penelope Bailer is on the ballot with a defective affidavit and Plaintiff's affidavit of identity was not defective. "It is therefore imperative for the class-of-one plaintiff to provide a specific and detailed account of the nature of the preferred treatment of the [allegedly] favored class." *Id* 1167. Plaintiff Simpson cannot provide a detailed account of preferred treatment. She has not provided evidence that she was treated differently than others similarly situated. "To state an equal protection claim, the plaintiffs must allege that the defendants treated a similarly situated person better than they treated the plaintiffs". *Gohl v. Livonia Public Schools*, 134 F Supp 3d 1066, 1089 (ED Mich 2015).

Based on the state court's order, County Defendants have no duty to reconvene and recertify Penelope Bailer's name to the ballot.  The ballots printed by County Defendants may be used. The votes and ballots may be counted. The Board of Canvassers may certify the election results. There is no violation of Plaintiff Simpson's fundamental right to vote.

Both substantive and procedural due-process claims require the deprivation of a liberty or property interest.  If there is no such interest, both of the due-process claims fail as a matter of law.  *EJS Properties, LLC v. City of Toledo*, 689 F 3d (6th Cir 2012).  Because Plaintiff's claim is based on a faulty premise, that claim must fail.

IX.   **Plaintiff cannot meet the test for a temporary restraining order as ballots have been printed and the public harm outweighs any harm to the Plaintiff.**

Plaintiff cannot meet the four prong test for an injunction.  She must show she is likely to prevail on the merits; she would suffer irreparable injury without an injunction; there would be substantial harm to others; and public interest is served by issuance of an injunction.  *City of Pontiac Retired Employees Ass'n v. Schimmel*, 751 F 3d 427, (6th Cir 2014).  The factors to be weighed before issuing a temporary restraining order are the same as those considered for issuing a preliminary injunction.  *Monaghan v. Sebelius,* 916 F Supp 2d 802, 807 (ED Mich 2010).

Plaintiff is not likely to prevail on the merits of this matter.   County Defendants have shown that this matter is barred by laches and that the state court's September 16, 2016 order did not remand the matter to County Defendants for further consideration.  The printer has printed and delivered 1,300,000 ballots for the city of Detroit at a cost of $380,438.  Over 34,000 absent voter ballots have been returned. To require that those ballots be re-printed would harm the voters, County Defendants, and city of Detroit Clerk.  Plaintiff has not shown a violation of a fundamental right or irreparable harm.

## CONCLUSION

Sec. 1983 is a tort statute and there must be a real injury. *Mezibov v. Allen,* 411 F 3d 712 (6th Cir 2005). Here Plaintiff has no real injury. Defendants Cathy M. Garret, Wayne County Election Commission, and Wayne County Board of Canvassers request that this Honorable Court deny the Motion For ExParte Temporary Restraining Order, Or In The Alternative, Preliminary Injunction.

Respectfully submitted,

BY: **/S/JANET ANDERSON DAVIS**

JANET ANDERSON-DAVIS (P29499)
Assistant Corporation Counsel
Attorneys for Wayne County
500 Griswold, 29TH Floor South
Detroit, Michigan 48226
313- 224-6684
jandersn@waynecounty.com

Dated: November 2, 2016

## CERTIFICATE OF SERVICE

I, Rhonda L. Ross, certify that the foregoing documents were filed and served via the Court's ECF on November 2, 2016 which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

/s/ **Rhonda L. Ross**, Paralegal
500 Griswold, 29th Floor
Detroit, MI 48226
313.967.0044
rross@waynecounty.com

310432