# EXHIBIT B

**ANDREW A. PATERSON,** *Esq.*
46350 Grand River, Suite C
Novi, MI 48374
(248) 568-9712
Aap43@outlook.com

September 9, 2016

Hon. Janice Winfrey
Detroit City Clerk
2978 West Grand Blvd.
Detroit, MI 48202

Wayne County Election Commission
2 Woodward Ave.
Detroit, MI 48226

Re: Challenge to Candidates for City of Detroit Community School District's Board of Education.

Dear Mrs. Winfrey and Members of the Wayne County Election Commission:

On behalf of my clients, Ms. Desmond White[1] and Mr. Robert Davis[2], this legal challenge is hereby submitted for your consideration and review with respect to the legality of the candidacies of Penelope N. Bailer, Robert Earl Thomas, and Mary Anne Kovari, who all have filed

---

[1] Ms. Desmond White is a resident and registered and qualified elector of the City of Detroit.
[2] Mr. Robert Davis is a resident and registered and qualified elector of the City of Highland Park. However, Mr. Davis will be supporting a few candidates who are running for a seat on the City of Detroit Community School District's Board of Education.

to qualify as candidates for a seat on the City of Detroit Community School District's Board of Education.

### A. Penelope N. Bailer and Robert Earl Thomas Must Be Disqualified Because They Failed To List On Their Affidavits of Identities Their Precinct Number.

In August 2016, my client, Robert Davis, requested to publicly inspect and receive copies of all of the affidavits of identities that were submitted to the City Clerk's office by all candidates who were seeking election to the City of Detroit Community School District's Board of Education. Upon reviewing all of the affidavits of identities the City Clerk's office so graciously provided to Mr. Davis free of charge, Mr. Davis discovered that a number of candidates' affidavits of identities failed to comply with the Michigan Election Law. Specifically, Penelope Bailer and Robert Earl Thomas failed to list their precinct numbers as required under Michigan Election Law and in accordance with a recent published opinion from the Michigan Court of Appeals, their names cannot be printed on the November General Election ballot.

(See Penelope Bailer's and Robert Earl Thomas' affidavit of identities attached hereto as Exhibit A).

As you may be aware, on June 17, 2016, the Michigan Court of Appeals issued a **published** opinion in the matter of *Berry v Garrett, et. al.*, COA Case No. 333225, in which the Michigan Court of Appeals determined that a candidate must list their precinct number on their affidavit of identity and failure to do so, will result in their name not being printed on the ballot. **(See Michigan Court of Appeals' Published Opinion in *Berry v Garrett* attached hereto as Exhibit B).**

In accordance with MCL 168.301(2)(c) of Michigan Election Law, as the election coordinator for the City of Detroit Community School District, one of the primary responsibilities of the City Clerk is to certify the candidates who have filed for office. Thus, it is the City Clerk's responsibility to determine whether the aforementioned individuals can be certified as candidates to have their names printed on the November General Election ballot. As your legal counsel is sure to advise, both the City Clerk and Wayne County Election Commission are bound to follow the precedent established in the published opinion issued in *Berry v Garrett, supra.*

### B. Mary Anne Kovari Must Be Disqualified As A Candidate Because She Was Not A Qualified Elector By The Filing Deadline Date.

On July 19, 2016, Ms. Mary Anne Kovari filed to run as a candidate for a seat on the City of Detroit Community School District's Board of Education. (**See Mary Anne Kovari's Affidavit of Identity attached hereto as Exhibit C**). She states therein that she has only been a resident of the County of Wayne for "**6 days**" and a resident of Michigan for 63 years. (**See Mary Ann Kovir's Affidavit of Identity attached hereto as Exhibit A**).

MCL 168.302 of Michigan Election Law sets for the qualifications a person must possess by the filing deadline date in order for the person to qualify as a candidate for a local school board. MCL 168.302 of Michigan Election Law states in pertinent part: "An individual is eligible for election as a school board member if the individual is a citizen of the United States *and is qualified and registered elector* **of the school district the individual seeks to represent by the filing deadline.**" (Emphasis supplied). MCL 168.10 defines "qualified elector" as "a person who possesses the qualifications of an elector ... and who has resided in the city or township 30 days." "Residence" is defined by MCL 168.11 as the "place at which a person habitually sleeps, keeps his or her personal effects, and has a regular place of lodging." The Michigan Court of Appeals in *Davis v Chatman*, 292 Mich. App. 603; 808 NW2d 555 (2011) determined that a candidate for the office of school board member must be a qualified elector of the school district by

the filing deadline, which means the person must have resided in the city 30 days prior to the filing deadline.

In the case at bar, the filing deadline for the City of Detroit Community School District's Board of Education was July 26, 2016. Thus, Ms. Kovari was required to have been a resident of the City of Detroit on or before June 26, 2016. *Davis v Chatman*, 292 Mich. App. 603; 808 NW2d 555 (2011). However, Ms. Kovari's affidavit of identity clearly reflects that could not have been possible. As noted, Ms. Kovari's affidavit of identity states that she has only been a resident of the Wayne County for "6 days" prior to her July 19, 2016 filing. **(See Kovari's affidavit of identity attached hereto as Exhibit A)**. The City of Detroit is in Wayne County. Consequently, because Ms. Kovari admits she has only been a resident of Wayne County for "6 days" it is impossible that she could have resided in the City of Detroit for 30 days by the filing deadline date as the statute requires.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the above listed candidates shall be disqualified as candidates for the office of school board for the City of Detroit Community School District and their names shall not be certified and/or printed on the November General Election ballot, or in the alternative, no votes cast for said candidates shall be counted.

Respectfully submitted,

/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Desmond White and Robert Davis
46350 Grand River, Suite C
Novi, MI 48374
Aap43@outlook.com


Cc:   Hon. Judge Steven Rhodes (via electronic mail)
      Sheri Whyte, City of Detroit Law Department (via electronic mail)
      Hon. Cathy M. Garrett, Wayne County Clerk (via electronic mail)