# EXHIBIT
# D

# MINUTES OF MEETING
# WAYNE COUNTY ELECTION COMMISSION
## TUESDAY, SEPTEMBER 13, 2016 – 3:15 P.M.
### COLEMAN A. YOUNG MUNICIPAL BUILDING - ROOM 700A
### 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

---

**Call to Order:**    The meeting was called to order at 3:23 p.m., Tuesday, September 13, 2016.

**Members present:**  Honorable Freddie G. Burton, Jr., Chief Judge, Probate Court
Honorable Cathy M. Garrett, Secretary- Wayne County Clerk
Honorable Eric Sabree, Member – Wayne County Treasurer

**Members absent:**   None

**Also present:**     Janet Anderson-Davis, Assistant Corporation Counsel
Delphine G. Oden, Director, Wayne County Elections
Jennifer Redmond
Robert Davis
Greg P. Mahar
Jina Sawani
Lori Higgins
Mary Kovari
Mary Ellen Gurewitz
John Pirich
Meg Logelin
Penny Bailer
Tonja Long
Gina Avery-Walker
Mark Toaz
Tim Beckett

**Agenda item:**      **Consideration of Agenda approval.**

**Board action on agenda item:**  Chair Burton requested a motion to approve the agenda. Member Sabree, duly supported by Member Garrett, moved to adopt the agenda as submitted. The motion was adopted unanimously by a voice vote.

**Agenda item:**      **Approval of Minutes of August 3, 2016**

**Board action on agenda item:**  Chair Burton requested a motion to approve the minutes of the meeting held on August 3, 2016. Member Garrett, duly supported by Member Sabree, moved to approve the minutes of the meeting held on August 3, 2016. The

motion was adopted unanimously by a voice vote.

| | |
|---|---|
| **Agenda item:** | **Consider Legal Challenge submitted on behalf of Desmond White and Robert Davis** |

Asst. Corporation Counsel Anderson-Davis gave a summary to the commission regarding the details of the legal challenge. She indicated that three candidates for the Detroit Community School District election were being challenged by Desmond White and Robert Davis. Two of the challenges were regarding a missing precinct number on the Affidavit of Identity for candidates Penny Bailer and Robert Earl Thomas and one challenge was to the residency of candidate Mary Kovari.

Chair Burton requested a motion regarding the legal challenge to Penny Bailer and for discussion of the challenge. Chair Burton duly supported by Member Garrett moved to approve the challenge to remove Penny Bailer because the precinct number is missing from the affidavit. Discussion ensued.

Robert Davis spoke regarding the challenge. John Pirich, attorney for Penny Bailer, spoke in opposition to the challenge.

**Board action on agenda item:** The motion was adopted unanimously by a voice vote.

**Board action on agenda item:** Chair Burton requested a motion regarding the legal challenge to Robert Earl Thomas. Chair Burton duly supported by Member Garrett moved to approve the challenge to remove Robert Earl Thomas. The motion was adopted unanimously by a voice vote.

**Board action on agenda item:** Chair Burton requested a motion regarding the legal challenge to Mary Kovari and for discussion of the challenge. Member Sabree duly supported by Chair Burton moved to reject the challenge to Mary Kovari.

Robert Davis spoke regarding the challenge. Mary Ellen Gurewitz, attorney for Mary Kovari, spoke in opposition to the challenge.

**Board action on agenda item:** Ayes: Burton and Sabree - Nays: Garrett

| | |
|---|---|
| **Agenda item:** | **Acceptance of the November 8, 2016 General Candidate list as presented by the Wayne County Clerk** |

**Board action on agenda item:** Chair Burton requested a motion for Acceptance of the November 8, 2016 General Candidate list as

presented by the Wayne County Clerk. Member Garrett duly supported by Member Sabree, moved for acceptance of the November 8, 2016 General Candidate list as presented by the Wayne County Clerk. The motion was adopted unanimously by a voice vote.

**Agenda item:**      **Approval of Ballot Printing for the November 8, 2016 General Election**

**Board action on agenda item:** Chair Burton requested a motion for approval of Ballot Printing for the November 8, 2016 General Election. Member Sabree duly supported by Member Garrett, moved for approval of Ballot Printing for the November 8, 2016 General Election. The motion was adopted unanimously by a voice vote.

**Agenda item:**      **New Business.** None.

**Agenda item:**      **Public Comment.** None.

**Agenda item:**      **Adjournment.**

**Board action on agenda item:**  Chair Burton requested a motion to adjourn.  Member Sabree, duly supported by Chair Burton, moved to adjourn the meeting.  The motion was adopted unanimously by a voice vote.

Meeting adjourned at 3:55 p.m.

1

```
 1                    STATE OF MICHIGAN

 2          WAYNE COUNTY ELECTION COMMISSION

 3

 4

 5   The WAYNE COUNTY ELECTION COMMISSION MEETING,

 6   Taken at Two Woodward Avenue, Room 700A,

 7   Detroit, Michigan,

 8   Commencing at 3:21 p.m.,

 9   Tuesday, September 13, 2016,

10   Before Valerie Jo Lohr, CSR-6212.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```



1   WAYNE COUNTY ELECTION COMMISSION

2

3   HON. FREDDIE BURTON, Chairman

4   CATHY GARRETT, Wayne County Clerk

5   ERIC SABREE, Wayne County Treasurer

6

7   DELPHINE ODEN, Director of Elections

8   JANET ANDERSON-DAVIS, Corporation Counsel

9

10   ALSO PRESENT:

11   Jennifer Redmond

12   Robert Davis

13   Greg P. Mahar

14   Jena Salam (illegible)

15   Lori Higgins

16   Mary Kovari

17   Mary Ellen Gurewitz

18   John Pirich

19   Meg Coughlin

20   Penny Bailer

21   Tonja Long

22   Gina Avery-Walker

23   Mark Tgaz (illegible)

24

25



3

1    Detroit, Michigan

2    Tuesday, September 13, 2016

3    3:21 p.m.

4

5                HON. FREDDIE BURTON:  Okay.  Let us call

6    this

7        meeting to order, the meeting of the Wayne County

8        Election Commission.

9                Will you call the role, please.

10               MS. DELPHINE ODEN:  Treasurer Sabree?

11               MR. ERIC SABREE:  Here.

12               MS. DELPHINE ODEN:  Clerk Garrett?

13               MS. CATHY GARRETT:  Here.

14               MS. DELPHINE ODEN:  Judge Burton?

15               HON. FREDDIE BURTON:  Here.

16               MS. DELPHINE ODEN:  You have a quorum.

17               HON. FREDDIE BURTON:  Thank you very much.

18               Could I have a motion to adopt the agenda as

19        offered?

20               MR. ERIC SABREE:  So moved.

21               MS. CATHY GARRETT:  Support.

22               HON. FREDDIE BURTON:  After properly being

23        supported, all those in favor signify by saying aye,

24        please.  Aye.

25               MS. CATHY GARRETT:  Aye.



BIENENSTOCK
NATIONWIDE COURT REPORTING & VIDEO

4

1          MR. ERIC SABREE:  Aye.

2          HON. FREDDIE BURTON:  All right.  The agenda

3     is adopted as offered.

4          Do we have a motion to approve the minutes

5     as

6     offered from the August 3rd, 2016 meeting?

7          MR. ERIC SABREE:  So moved.

8          MS. CATHY GARRETT:  Support.

9          HON. FREDDIE BURTON:  All right.  It's been

10    properly moved and supported.  Any comments or

11    questions?  We'll proceed to a vote.  All those in

12    favor please signify by saying aye?  Aye.

13          MS. CATHY GARRETT:  Aye.

14          MR. ERIC SABREE:  Aye.

15          HON. FREDDIE BURTON:  Those opposed.  Very

16    well then.  The minutes are approved as offered.

17          Let's move to Item Number 5.  It says

18    consider legal challenge submitted on behalf of

19    Desmond

20    White and Robert Davis.  Before we proceed, I wanted

21    to

22    call on our attorney, Miss Anderson-Davis, to provide

23    instructions as to the duties and responsibilities of

24    this body concerning this issue.

25          MS. ANDERSON-DAVIS:  Well, briefly, the


BIENENSTOCK
NATIONWIDE COURT REPORTING & VIDEO
www.bienenstock.com

5

1    legal

2         challenge is to three affidavits. For two of the

3         affidavits, it is alleged that the candidates did not

4         insert their precinct number on the affidavits and

5         therefore under the Berry v. Garrett case, this board

6         must remove their names from the ballot or they'll not

7         get placed on ballot, not put them on the ballot.

8              For the challenge, it is alleged that the

9         candidate put on the affidavit that she had been a

10        resident six days before the filing deadline, that

11        under the law she must have been an elector. To be an

12        elector, she must have been a resident 30 days. By

13   the

14        face of the affidavit, one can determine she hasn't

15        been a resident 30 days. Therefore, similarly, her

16        name should be removed from the ballot or not get

17        placed on the ballot, not put on the ballot.

18             In the Berry v. Garrett case, the Court of

19        Appeals listed several statutes that they use to place

20        the duty on this Board. Significantly, the Berry

21   court

22        did not really indicate who has that duty, whether it

23        is the county clerk or the County Election Commission.

24        They simply said county defendants.

25             What they indicated was that under MCL 168.6



6

1          -- .559(1), candidate must file an affidavit of

2          identity.  The affidavit of identity must contain the

3          ward and the precinct that's on the 558(2).  If the

4          affidavit is filed with someone other than the county

5          clerk, the local clerk or the county clerk and also

6          sends us back a list of candidates to the county

7    clerk,

8          that's 168-349.

9                The county clerk certifies to this Election

10         Commission the candidates whose petitions meet the

11         requirements together with their party and their

12         office.  That's under 168-552(1).  No candidate's name

13         is printed on the primary ballot unless he has

14    complied

15         with all other requirements of the Act.  And that's

16         168.550.

17                The court concluded that under the facts as

18         submitted by all parties of the Berry case, those two

19         candidates did not have a precinct number on their

20         affidavits, so therefore the Commission or the county

21         defendants had the duty to correct errors in the

22         primary election ballot.  And they use 168.567.

23                In the instance case, this Election

24         Commission is not faced with a primary election but

25         rather a general election, so some of the statutes



BIENENSTOCK
NATIONWIDE COURT REPORTING & VIDEO

7

1    differ.   A school district election is governed by the

2    provisions that generally govern elections, 168.301.

3  A

4    school district holds its regular elections at the

5    general November election, 168.642C.   The local clerk

6    certifies the names of all local candidates to the

7    county clerk.   In this instance, the local clerk would

8    be the City of Detroit clerk, Janice Winfrey,

9    168.6468(1).

10           Instead of filing nominating petitions, the

11   school board members may pay a filing fee of $100 and

12   file the affidavit of identity, which is what these

13   three candidates at issue did, as 168.303(4).   A

14   nominated petition is subject to examination under

15   Section 552, which is the statute used by the Berry

16   court, and that's cited MCL 303 -- 380.303(5).

17           County clerk certifies, again, to the

18   Commission the candidates whose petition meets the

19   requirements together with the party and the office.

20   And the Commission shall prepare the half-printed

21   ballots containing the names of all candidates

22  properly

23   certified to the Board.   That's 168.689.

24           So what is gleaned from all of that is that

25   this Commission can look at the face of an affidavit



8

1    and determine that the candidate is not qualified.

2   And

3    this Commission has the duty to not put that person's

4    name on the ballot, or if the person is already on the

5    ballot, to remove that person from the ballot.

6              HON. FREDDIE BURTON:  Okay.  Thank you very

7    much.  Having heard from Miss Anderson-Davis, do we

8    have a motion at least for the purposes of discussion

9    concerning Item Number 5?

10             MS. CATHY GARRETT:  So moved.

11             HON. FREDDIE BURTON:  That we consider the

12   legal challenge submitted?  Are you asking that we

13   agree with the challenge or disagree with the

14   challenge?

15             MS. CATHY GARRETT:  My understanding was I

16   thought that you were requesting a motion to have

17   further discussion about it.

18             HON. FREDDIE BURTON:  Well, no.  It's

19   actually a motion to be offered so that we can

20   determine whether or not we will vote on an issue.  We

21   can open it up for discussion upon submission of the

22   motion.

23             MR. ERIC SABREE:  So moved.

24             We should discuss whether we're going to

25   vote



1    on it.

2              HON. FREDDIE BURTON:  No.  No.  No.

3              MR. ERIC SABREE:  Is that what you're asking

4    me?

5              HON. FREDDIE BURTON:  I think for purposes

6    of

7    moving forward, we should have a substantive motion

8    that identifies whether we agree or disagree with the

9    challenge that's offered.  There are three challenges

10   as I understand it, and so we -- if we have a motion

11   we

12   can then -- and we have support, we can then have a

13   discussion and even perhaps hear from the party or

14   parties that are here on this matter.

15             So do we have a motion?  I suppose the chair

16   will need to make a motion then.  Relative to --

17   what's

18   the first item for this referenced and the precinct

19   number where there's a --

20             MS. ANDERSON-DAVIS:  I believe the first

21   one is --

22             HON. FREDDIE BURTON:  Okay.  All right.  As

23   chair, I will move that the challenge be approved as a

24   precinct number is missing from that affidavit.  Is

25   there support to that motion?



1      MS. CATHY GARRETT:  I support.

2      HON. FREDDIE BURTON:  It's been properly

3  moved and supported.  Do we have any discussion

4  concerning this matter?

5      Mr. Davis, this is your challenge, is that

6  correct?

7      MR. ROBERT DAVIS:  Yes, your honor.

8      HON. FREDDIE BURTON:  Okay.  I would ask all

9  those who are going to speak, if you could keep your

10  comments under two minutes we would appreciate it.

11  Okay.  Mr. Davis?

12      MR. ROBERT DAVIS:  Chief Judge Burton, to

13  the

14  honorable members of the Election Commission, my name

15  is Robert Davis.  And I believe this is probably the

16  first time me and attorney Janet Anderson-Davis

17  actually agree on a point of law.  I believe that she

18  surmised the issues very pointedly and directly on

19  point.

20      As indicated in the legal challenge

21  submitted

22  on my behalf as well as on behalf of Desmond White by

23  attorney Andrew Paterson, it's quite clear on the face

24  of the affidavit of identities that were submitted by

25  the listing candidates that they're not in compliance


BIENENSTOCK
NATIONWIDE COURT REPORTING & VIDEO
www.bienenstock.com

11

1    with 168.558 of the Michigan Election Law, which is

2    applicable to all school board candidates.  And in

3    particular as attorney Anderson-Davis indicated on the

4    record, this honorable body which was a party to the

5    Court of Appeals action Berry v. the Honorable Wayne

6    County Clerk, Cathy M. Garrett, which was a published

7    opinion that is bound by the decision reached by the

8    panel of the Michigan Court of Appeals, and notably,

9    that decision, that appeal to the Michigan Supreme

10   Court.

11            So arguably if this honorable body were to

12   choose to ignore the binding precedent, which I'm

13   pretty sure would not considering we're here in this

14   Commission, other courts will be bound to follow the

15   decision, unfortunately.  The face of the petition

16   speaks for itself.  Thank you, your honor.

17            HON. FREDDIE BURTON:  Miss Bailer, do you

18   have anything you would like to add at this time, or

19   anyone representing you?

20            MR. JOHN PIRICH:  John Pirich.  I'll be

21   appearing on behalf of --

22            HON. FREDDIE BURTON:  Yes, counsel.

23            MR. JOHN PIRICH:  Let me, if I can, put the

24   context in -- well, first of all, I was counsel of

25   record along with Miss Anderson-Davis in the case



BIENENSTOCK
NATIONWIDE COURT REPORTING & VIDEO
www.bienenstock.com

12

1      that's been referenced by the parties previously.

2              I'd like to make two or three points.

3  Number

4      one, our client filed her affidavit on July 26.  The

5      affidavit's been pending.  It's been available for

6      public inspection at any time during that period of

7      time.  It's not until September the 9th, last Friday,

8      that this particular complaint was filed.  And I

9  turned

10     to my good friend and colleague, Miss Gurewitz,

11 because

12     we just finished litigation in Macomb County Circuit

13     Court involving Representative Farrington's challenge

14     to a candidate -- excuse me, Representative

15     Farrington's wife was a candidate for the House of

16     Representatives and I represented or our firm

17     represented Miss Farrington.

18              And that case involved information that we

19     discovered in mid-August, and we promptly filed two

20     lawsuits, first in the Court of Claims, and had a

21     decision rendered by Judge Cynthia Stephens on August

22     30th, 2016.  Then we refiled in the Macomb County

23     Circuit Court and after argument we had a decision

24     rendered I believe it was September 7th before Judge

25     Caretti in the Macomb County case.



1           Let me read to you from those two opinions,

2       because the theory and Doctrine of Laches applies to

3       the palpable delay in the challenge being filed by

4       Mr. Davis, number one.   Number two, even if this body

5       were to act to do something untoward, we're actually

6       limited with no time because the ballets are about to

7       be printed and about to be sent.   So even if the

8       Commission would grant the relief being sought, we

9       would in all likelihood have no remedy to be able to

10      pursue timely appeals.

11          I can tell you both in the Farrington

12      decision and in the previous case referenced, which

13      came -- started before the Wayne County Board and

14  ended

15      up with the Wayne County Circuit Court and finally the

16      Michigan Court of Appeals, we had the better part of

17      two months.   But let me read them in, what was said

18      with regard to Laches.

19          HON. FREDDIE BURTON:   You're going to need

20      more than two minutes, aren't you?

21          MR. JOHN PIRICH:   Yeah, just a few seconds.

22          In the Caretti decision that was issued last

23      week, he said the Doctrine of Laches applies and

24      precludes Farrington's requested equitable relief.

25  And



14

1   even though he notes that we brought forth information

2   that we said occurred in mid-August, he said the

3   allegations if proven to be creditable, defendants had

4   a duty to act with reasonable diligence in vindicating

5   their rights by -- and by waiting to bring the

6   challenge at such a late date that they -- that they -

7   -

8   the prejudice resulting to defendants and the

9   electorate caused by the delay is palpable since the

10  ballets were being -- on the eve of being printed,

11  Laches precluded any legal relief being granted.

12          That's exactly the same language -- by the

13  way, Judge Caretti cited Schwartz versus Secretary of

14  State 393 Michigan 42.  It's exactly the same language

15  that Judge Stephens cited in her August 30th decision

16  in regard to the same decision.  And, again, to my

17  good

18  friend Miss Gurewitz in the straight party ticket case

19  that we've just been involved in, the Doctrine of

20  Laches arose there.  The state asserted that the claim

21  that Miss Gurewitz brought was too late.  The U.S.

22  District Court, the U.S. Court of Appeals for the

23  Sixth

24  Circuit and the United States Supreme Court all found

25  that that was not a viable defense, if they had done



15

1   it

2       early enough and properly enough within time.  To file

3       on the 60th day before the election and have a hearing

4       now on the 55th day before the election is palpable.

5       And it's not only a disservice to our client to bring

6       the challenge, but to the electorate.

7               To sit on your hands and seek a remedy at

8   the

9       midnight hour should not be justified, so we

10      respectfully request that the request for relief by

11  Mr.

12      Davis or Mr. Paterson not be granted and that the

13      candidate's name be printed as requested.  Thank you.

14              HON. FREDDIE BURTON:  Thank you.  All right,

15      thank you both very much.

16              Miss Anderson-Davis, do you have anything

17  you

18      wish to add in response to the arguments that have

19  been

20      offered by Mr. Davis and Mr. Pirich?

21              MS. ANDERSON-DAVIS:  No.

22              HON. FREDDIE BURTON:  Do we have any

23      discussion that members of the Commission wish to

24  offer

25      at this time?  Do we have someone else who wants to


BIENENSTOCK
NATIONWIDE COURT REPORTING & VIDEO
www.bienenstock.com

1   say

2         something?  Counsel?

3               MS. MARY ELLEN GUREWITZ:  I was going to

4         address my --

5               HON. FREDDIE BURTON:  Counsel, would you

6   give

7         your appearance for the record, please.

8               MS. MARY ELLEN GUREWITZ:  Oh, Mary Ellen

9         Gurewitz appearing for Mary Kovari.  I don't know if

10        you're considering the challenge to Miss Kovari at

11  this

12        time or if --

13              HON. FREDDIE BURTON:  No, we're not.  Not

14        yet.

15              MS. MARY ELLEN GUREWITZ:  Okay.

16              HON. FREDDIE BURTON:  We're going to give

17  you

18        a chance to argue.

19              Is there anything else before we --

20              MS. MARY ELLEN GUREWITZ:  Although, I could

21        add something to what Mr. Pirich has said since we

22  both

23        litigated the case -- two cases in which he relied.

24        And that is that I furnished those cases to Miss

25        Anderson-Davis this morning and asked if she could



1    give

2         them to the Election Commission, and she indicated

3    that

4         she had.  I have additional copies if anybody needs

5         them.  And that is the two Farrington cases.

6              HON. FREDDIE BURTON:  Thank you very much.

7              All right.  If nothing else, if there are no

8         additional comments, let us proceed to a vote.

9              All those in favor of supporting this

10   motion,

11        please signify by saying aye.  Aye.

12             MS. CATHY GARRETT:  Aye.

13             MR. ERIC SABREE:  Aye.

14             HON. FREDDIE BURTON:  Those opposed --

15        obviously, it's unanimous.  All three have voted to

16        support the challenge, so the motion passes as

17   offered.

18             The second item identifies which candidate?

19             MS. DELPHINE ODEN:  Robert Earl Thomas.

20             HON. FREDDIE BURTON:  All right, Robert Earl

21        Thomas.  Do we have a motion?  I'll, again; move that

22        the challenge offered by Mr. Davis to the Detroit

23        Community School Board district school board

24   candidate,

25        that it be approved.



BIENENSTOCK
NATIONWIDE COURT REPORTING & VIDEO

18

1        Is there a support?

2             MS. CATHY GARRETT:  Support.

3             HON. FREDDIE BURTON:  Do we have any further

4     discussion?

5             It's consistent with the offer of arguments

6     by Mr. Davis and Mr. Pirich concerning this matter.

7   Do

8     we have any comments by members of this panel?

9             If not, let's proceed to a vote.  All those

10    in favor, please signify by saying aye.  Aye.

11            MS. CATHY GARRETT:  Aye.

12            MR. ERIC SABREE:  Aye.

13            HON. FREDDIE BURTON:  All right.  It's

14    unanimous and the motion passes.

15            The third item we have involves a challenge

16    as to whether or not the resident was a resident for

17   30

18    days, is that correct?

19            MS. ANDERSON-DAVIS:  Yes.

20            HON. FREDDIE BURTON:  And do we have a

21    motion?  We do not have a motion?  Do we have a motion

22    at least for purposes of discussion as to whether or

23    not we agree or disagree with the third challenge?

24            MR. ERIC SABREE:  So moved.

25            HON. FREDDIE BURTON:  So moved to -- do we



BIENENSTOCK
NATIONWIDE COURT REPORTING & VIDEO
www.bienenstock.com

```
 1          agree or disagree?
 2                      MR. ERIC SABREE:  Disagree.
 3                      HON. FREDDIE BURTON:  Okay.  We disagree
 4     with
 5          the challenge.  All right.  Is there a support?
 6          Support.
 7                      Do we have discussions?  Mr. Davis?
 8                      MR. ROBERT DAVIS:  Thank you, Honorable
 9     Judge
10          Burton.  As your counsel indicated prior to the first
11          challenge, this condition after a few weeks of looking
12          at the face of the petition -- I mean of the affidavit
13          of identity -- and as your counsel indicated, on the
14          face of the affidavit of identity, it's quite clear
15          from Miss Kovari herself that she was only a resident
16          for six days.
17                      This body does not have the statutory
18          authority to look beyond the face of the affidavit of
19          identity, and there's a number of cases involving this
20          body, including myself, regarding the duties of this
21          Commission of not being able to look beyond the face
22     of
23          the affidavit of identity.  And on Miss Kovari's
24          affidavit of identity, she states that she has only
25          been a resident of the county for six days.  And that
```



1   was as of July 19, 2016.

2              In my case of the published opinion of Davis

3   v. Chapman, the Michigan Court of Appeals concluded

4   that in order to be a candidate for the office of

5   school board a person not only has to be a registered

6   elector by the filing deadline date but also have to

7   be

8   a qualified elector by the filing deadline date.  And

9   in my case, Davis v. Chapman, which is also a

10  published

11  opinion cited in the legal challenge, the 30 days runs

12  from the date -- the filing deadline date, 30 days

13  back.

14              And in this case, the filing deadline date,

15  I

16  believe, was July 26 of 2016, I believe.  And if you

17  count back 30 days from July 26, 2016, Miss Kovari

18  would have to have been a resident of the County of

19  Wayne and of the City of Detroit within the County of

20  Wayne by June 26, on or before June 26.  And by her

21  own

22  admission under penalty of perjury, she stated on that

23  affidavit that she had only been as of July 19, 2016 a

24  resident of the County of Wayne six days.  So it's

25  impossible that she could have been a resident of the


BIENENSTOCK
NATIONWIDE COURT REPORTING & VIDEO
www.bienenstock.com

1      City of Detroit 30 days.

2              And as your learned counsel indicated at the

3      beginning of this proceeding, you have to go on the

4      face of the petition -- I mean, the affidavit of

5      identity.

6              HON. FREDDIE BURTON:  Okay.  Does anyone

7  want

8      to respond?

9              MS. MARY ELLEN GUREWITZ:  Yes, I do.

10             HON. FREDDIE BURTON:  Okay.

11             MS. MARY ELLEN GUREWITZ:  Again, it's Mary

12     Ellen Gurewitz appearing on behalf of Mary Kovari.

13             I would reiterate Mr. Pirich's argument.  It

14     appears that you have already rejected it, but I think

15     that Laches certainly bars this action.  It is

16     astounding to me that Mr. Davis and his counsel would

17     bring an action on September 9th when by their own

18     pleadings they say they were aware sometime in August

19     of what they characterize as defects in these

20     affidavits of identity.  And that's both applicable to

21     -- or that is applicable to all three.  But I -- you

22     cannot, I believe, tell from the affidavit of identity

23     filed by Miss Kovari on July 19th that she was not a

24     resident, because there's an inconsistency in that

25     affidavit.



BIENENSTOCK
NATIONWIDE COURT REPORTING & VIDEO

1     She checks -- correctly checks the box

2 saying

3     I'm registered and qualified to vote at the address

4     above.  So she does say that she's a registered and

5     qualified elector.  And there is the inconsistent

6     statement made that she's a resident of a county for

7     six days.  She -- we did submit to you her narrative,

8     which says that she moved into the City of Detroit

9     where she had lived previously and had only left to

10    take care of an ill mother, that she had moved in more

11    than 30 days before she filed the affidavit of

12    identity.

13          And she put at the direction of the clerk in

14    the City of Detroit clerk's office, she put that six

15    days because that was when she registered to vote.  So

16    she was referring there to the registration date but

17    not to the time in which -- that she lived in the

18    county.

19          So there is on the face of it an

20    inconsistency which I think you need to resolve.  And

21    you can resolve that by a reference to the information

22    which we have furnished to you that she was in fact a

23    resident of the county for more than 30 days.  That

24    issue has been raised and you need to consider the

25    evidence regarding the issue of her residency.



23

1          HON. FREDDIE BURTON:  Well, this is not a

2      court of law.

3          MS. MARY ELLEN GUREWITZ:  It is not a court

4      of law, but it is brought --

5          HON. FREDDIE BURTON:  But I do understand

6  our

7      duties and responsibilities and appreciate the

8  argument

9      you offer.  I don't know if you have anything else you

10     would like to add at this time?

11         MS. MARY ELLEN GUREWITZ:  I would only like

12     to add that these affidavits of identity are somewhat

13     complicated, that people go to the clerk's office and

14     ask for advice, that Miss Kovari did that.  She went

15  to

16     the office of the Detroit City clerk.  She consulted

17     with persons in that office who advised her what she

18     should put on the affidavit of identity.  She followed

19     that advice.  And I think it would be grossly unfair

20  to

21     exclude her from the ballet where she did follow that

22     advice and where you can see that she certified here

23     that she was a registered and qualified elector.

24         HON. FREDDIE BURTON:  Thank you very much.

25         I have a question for -- yeah.  That's the



24

1    question I think I'm going to ask you is can you

2    clarify for this panel and for me what is a school

3    elector and how does it impact this pending motion

4    that's before us.

5            MS. ANDERSON-DAVIS:  Right.  Right before I

6    came to the meeting, I did some research, and actually

7    I'm going to talk to you, Miss Gurewitz to clarify

8  this

9    for the Board.  But it seems to me that under the

10   school code, your client would be considered a school

11   elector.  And if that's the case, she wouldn't have to

12   be a resident until 30 days before the November

13   election.  So I just wondered if that was true or if I

14   was researching too quickly?

15           HON. FREDDIE BURTON:  The statute is MCL

16   168.492.

17           MS. MARY ELLEN GUREWITZ:  So the

18  registration

19   -- there are a number of inconsistencies in the

20   Michigan Election Law and complexities, which I'm sure

21   Mr. Pirich can attest to.  And one of them is that in

22   order to be registered you need to be a resident 30

23   days before the next election.  And the next election

24   -- it wasn't clear whether the next election was the

25   primary election or the general election.



1          Now, since there was no primary election for

2       the school board, I think that certainly it's

3    arguable,

4       as Miss Anderson-Davis says, that the next election is

5       the general election on November 8th.  And she was

6       certainly a registered -- a qualified and registered

7       elector by that date.

8          HON. FREDDIE BURTON:  All right.  Anything

9       else, Mr. Davis?

10         MR. ROBERT DAVIS:  Your honor, this question

11      was directly answered in Davis v. Chapman which your

12      counsel intervened in a published opinion which this

13      very issue was at issue.  For school board candidates

14      it's quite clear, you have to be a registered and

15      qualified elector by the filing deadline.  The Court

16    of

17      Appeals in that published decision of Davis v. Chapman

18      indicated that in order to be a qualified elector you

19      have to have had resided in the city for 30 days and

20      this is not -- it's 30 days.

21         The City of Detroit is within the County of

22      Wayne.  Unless she's admitting today that she

23    committed

24      perjury, her affidavit, her sworn affidavit -- by the

25      way, her narrative is an unsworn statement which we're



BIENENSTOCK
NATIONWIDE COURT REPORTING & VIDEO
www.bienenstock.com

26

1    required to turn into a fact-finding entity, which it

2    is not.

3            On the face of the affidavit of identity

4    going by the binding precedent of Davis v. Chapman --

5    again, I have to keep reiterating that.  But the

6  school

7    elector has nothing to do with whether or not she was

8  a

9    qualified elector, which she was not per her own sworn

10   affidavit of identity.

11           MS. MARY ELLEN GUREWITZ:  If I could respond

12   to that?

13           HON. FREDDIE BURTON:  Very, very briefly.

14           MS. MARY ELLEN GUREWITZ:  Yes.  Mr. Davis is

15   referring to a general provision regarding school

16   district elections, and there has been a subsequent

17   statute providing for elections in the school district

18   of the City of Detroit in the new community school

19   district.  And there was no primary election for

20   that -- for those positions.  There's only the general

21   election.  So it is -- the provisions on which she

22   relies are inapplicable and you should in fact look at

23   380.6(3).  A school elector must be a resident on or

24   before the 30th day before the next regular or special

25   school election not before primary elections.



1               HON. FREDDIE BURTON:   What does the

2    affidavit

3       indicate?   Does it identify primary election or does

4    it

5       identify affidavit for --

6              MS. MARY ELLEN GUREWITZ:   No.   It identifies

7    the general elections because there was no primary

8    election.

9              HON. FREDDIE BURTON:   All right.

10            MR. ROBERT DAVIS:   Your honor, just real

11    quick.   The qualification and requirements for a

12    school

13       board election are set forth in 168.302, and it

14    clearly

15       states that you have to be a qualified and registered

16       elector.   Which, again -- and I'm trying to alleviate

17       any unnecessary court action.   It was addressed -- it

18       was addressed directly on point by the Michigan Court

19       of Appeals in Davis v. Chapman.

20              HON. FREDDIE BURTON:   All right.   Thank you

21    very much, Mr. Davis.

22             MS. ANDERSON-DAVIS:   I have a couple of

23    sentences.   I am aware of Davis v. Chapman, but I

24    think

25       we should remember Davis v. Chapman was two or three



BIENENSTOCK
NATIONWIDE COURT REPORTING & VIDEO
www.bienenstock.com

1    years ago.  And Ms. Gurewitz is correct, the statute

2  in

3    which I'm bringing before the Board today is

4  subsequent

5    to Davis v. Chapman, so therefore it could not

6  possible

7    have been considered by that court.  And I bring to

8    Miss Gurewitz' attention, maybe she can better address

9    this, MCL 168.492, which says a resident of the school

10   district on or before the 30th day before the next

11   regular school election.

12        HON. FREDDIE BURTON:  All right.  Anything

13   else?  Anyone have anything to add?

14        MS. CATHY GARRETT:  Well, I do, pretty much

15   because I'm quite confused with the fact of -- and it

16   appeared that you were placing the onus on the city

17   clerk's office as far as how they instructed a

18   candidate for a school board member to fill out an

19   affidavit.  So for me, that was kind of confusing, and

20   the fact that it does state that she had lived in the

21   county for six days.  So that's just problematic for

22   me, the fact that it's for a school board candidate

23  and

24   based on what you said it was as if she was relying on

25   the city clerk's office to instruct her how to fill



1 out

2  an affidavit.

3   MS. MARY ELLEN GUREWITZ:  I did say that she

4  relied upon it, and she did.  But as I pointed out,

5  there's an inconsistency in the affidavit.  And she

6 did

7  attest to her status as a qualified and registered

8  elector, so I think that that needs to be taken into

9  account.

10   HON. FREDDIE BURTON:  All right.  Thank you

11  very much.  All right.  Any other comments before we

12  proceed to a vote?

13   All right.  The motion that's before us is a

14  motion to reject the challenge to the candidacy of

15 Miss

16  Kovari.  All those in favor of this motion, please

17  signify by saying aye.

18   MR. ERIC SABREE:  Aye.

19   HON. FREDDIE BURTON:  Aye.

20   Those opposed?  Nay?  All right.  Then the

21  challenge is rejected by a vote of two to one.

22   I think that concludes the matters that are

23  before us relative to Item Number 5.

24   So let us proceed to Item Number 6,

25  acceptance of the November 8, 2016 general candidate



BIENENSTOCK
NATIONWIDE COURT REPORTING & VIDEO

1    list as presented by the Wayne County clerk.  Do we

2    have that information?

3          MR. JOHN PIRICH:  Judge Burton, I'd like to

4    raise a point of clarification.  We would like to

5    request that the Board at least stay effective of this

6    of the rule in regard to our client until we have an

7    opportunity to file suit in Wayne County Circuit Court

8    tomorrow morning.  Because to allow you -- to allow

9 the

10   process to proceed forward to the printing without

11   having the right to have judicial review of this

12   decision would be unfair both to our client and to the

13   elector.

14         HON. FREDDIE BURTON:  I don't know the legal

15   basis for the request that you're making.  Can you

16   share that with us?

17         MR. JOHN PIRICH:  Well, the legal basis is

18   that --

19         HON. FREDDIE BURTON:  The actual legal

20 basis.

21   Not your client's position necessarily, but the actual

22   legal basis for it.

23         MR. JOHN PIRICH:  Well, the basis is because

24   we have a right to appeal the decision.  And if the

25   Board proceeds and authorizes the printing of the



31

1    ballet, our redress for -- well, first of all, the

2    county will spend an incredible amount of money to

3    reprint the ballets.  Another amount of money will be

4    spent if we prevail, which we believe we clearly will.

5              HON. FREDDIE BURTON:  Okay.  All right.  Any

6    response to this request?

7              Do we have a motion?  It dies for lack of a

8    motion.

9              MR. JOHN PIRICH:  Thank you very much.

10             HON. FREDDIE BURTON:  You're welcome.

11             MR. ROBERT DAVIS:  If I may, real quickly?

12             HON. FREDDIE BURTON:  Sure.

13             MR. ROBERT DAVIS:  Is it my understanding

14   that as of this date that the ballets have not been

15   printed for the November general election?

16             HON. FREDDIE BURTON:  Is that correct?

17             MS. DELPHINE ODEN:  Yes, that is correct.

18             HON. FREDDIE BURTON:  All right.  Now, as to

19   Item Number 6, do we have --

20             MS. CATHY GARRETT:  Yes.  The motion is that

21   this body would accept the candidates' list for the

22   November 8, 2016 general election.

23             HON. FREDDIE BURTON:  Okay.  All right.

24   That's your motion?

25             MS. CATHY GARRETT:  Yes.



BIENENSTOCK
NATIONWIDE COURT REPORTING & VIDEO
www.bienenstock.com

1        HON. FREDDIE BURTON:  Okay.

2        MR. ERIC SABREE:  Support.

3        HON. FREDDIE BURTON:  Okay.  Is there any

4   discussion?  Okay.  Hearing none, let's proceed to a

5   vote.

6        All those in favor please signify by saying

7   aye?  Aye.

8        MS. CATHY GARRETT:  Aye.

9        MR. ERIC SABREE:  Aye.

10        HON. FREDDIE BURTON:  Those opposed?  Very

11   well then.  Item Number 6, the motion is approved as

12   requested.

13        Item Number 7, approval of the ballet

14   printing for the November 8, 2016 general election.

15        Do we have a motion?

16        MR. ERIC SABREE:  So moved.

17        HON. FREDDIE BURTON:  Is there support?

18        MS. CATHY GARRETT:  Yes, support.

19        HON. FREDDIE BURTON:  All right.  It's been

20   properly moved and supported.

21        Any discussion?  Hearing none, let us

22   proceed

23   to a vote.

24        All those in favor please signify by saying

25   aye.  Aye.



33

1         MS. CATHY GARRETT:  Aye.

2         MR. ERIC SABREE:  Aye.

3         HON. FREDDIE BURTON:  Very well, then.  This

4    motion is approved or adopted as requested.

5         Yes?

6         MS. ANDERSON-DAVIS:  I just wanted to make a

7    point for the record that as you're aware that the

8    absentee ballets must be in the hands of the local

9    clerk by September the 24th, therefore, we have a

10   short

11   period of time in order to resolve whatever we have to

12   to make sure that we get it to them.

13        HON. FREDDIE BURTON:  Your offering that as

14   for information for persons around table.

15        Mr. Pirich?

16        MR. JOHN PIRICH:  Oh, I'm aware of that.

17        MR. ROBERT DAVIS:  What was the date?

18        MS. DELPHINE ODEN:  September 24th.

19        HON. FREDDIE BURTON:  Okay.  Is there

20   anything else?  Do you have anything else that we

21   should consider before -- are we going too fast?  Is

22   that what you're saying?

23        MS. DELPHINE ODEN:  No.  They just need to

24   pay attention.

25        HON. FREDDIE BURTON:  Okay.  Do we have any



1       new business?

2               All right.  Any public comments anyone

3   wishes

4       to offer at this time?  If not, then the chair will

5       entertain a motion to adjourn.

6               MR. ERIC SABREE:  So moved.

7               HON. FREDDIE BURTON:  You want to stay,

8   don't

9       you?

10              MS. CATHY GARRETT:  Uh-huh.

11              HON. FREDDIE BURTON:  All right.  Support.

12              All those in favor, please signify by saying

13   aye?  Aye.

14              MS. CATHY GARRETT:  Aye.

15              MR. ERIC SABREE:  Aye.

16              (The meeting was concluded at 3:55 p.m.)

17

18

19



# EXHIBIT
# G

# MINUTES OF MEETING
# WAYNE COUNTY ELECTION COMMISSION
## TUESDAY, SEPTEMBER 13, 2016 – 3:15 P.M.
### COLEMAN A. YOUNG MUNICIPAL BUILDING - ROOM 700A
### 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

---

**Call to Order:**   The meeting was called to order at 3:23 p.m., Tuesday, September 13, 2016.

**Members present:**   Honorable Freddie G. Burton, Jr., Chief Judge, Probate Court
Honorable Cathy M. Garrett, Secretary- Wayne County Clerk
Honorable Eric Sabree, Member – Wayne County Treasurer

**Members absent:**   None

**Also present:**   Janet Anderson-Davis, Assistant Corporation Counsel
Delphine G. Oden, Director, Wayne County Elections
Jennifer Redmond
Robert Davis
Greg P. Mahar
Jina Sawani
Lori Higgins
Mary Kovari
Mary Ellen Gurewitz
John Pirich
Meg Logelin
Penny Bailer
Tonja Long
Gina Avery-Walker
Mark Toaz
Tim Beckett

**Agenda item:**   Consideration of Agenda approval.

**Board action on agenda item:**  Chair Burton requested a motion to approve the agenda.  Member Sabree, duly supported by Member Garrett, moved to adopt the agenda as submitted.  The motion was adopted unanimously by a voice vote.

**Agenda item:**   Approval of Minutes of August 3, 2016

**Board action on agenda item:**  Chair Burton requested a motion to approve the minutes of the meeting held on August 3, 2016. Member Garrett, duly supported by Member Sabree, moved to approve the minutes of the meeting held on August 3, 2016. The

motion was adopted unanimously by a voice vote.

Agenda item:   Consider Legal Challenge submitted on behalf of Desmond White and Robert Davis

Asst. Corporation Counsel Anderson-Davis gave a summary to the commission regarding the details of the legal challenge. She indicated that three candidates for the Detroit Community School District election were being challenged by Desmond White and Robert Davis. Two of the challenges were regarding a missing precinct number on the Affidavit of Identity for candidates Penny Bailer and Robert Earl Thomas and one challenge was to the residency of candidate Mary Kovari.

Chair Burton requested a motion regarding the legal challenge to Penny Bailer and for discussion of the challenge. Chair Burton duly supported by Member Garrett moved to approve the challenge to remove Penny Bailer because the precinct number is missing from the affidavit. Discussion ensued.

Robert Davis spoke regarding the challenge. John Pirich, attorney for Penny Bailer, spoke in opposition to the challenge.

**Board action on agenda item:** The motion was adopted unanimously by a voice vote.

**Board action on agenda item:** Chair Burton requested a motion regarding the legal challenge to Robert Earl Thomas. Chair Burton duly supported by Member Garrett moved to approve the challenge to remove Robert Earl Thomas. The motion was adopted unanimously by a voice vote.

**Board action on agenda item:** Chair Burton requested a motion regarding the legal challenge to Mary Kovari and for discussion of the challenge. Member Sabree duly supported by Chair Burton moved to reject the challenge to Mary Kovari.

Robert Davis spoke regarding the challenge. Mary Ellen Gurewitz, attorney for Mary Kovari, spoke in opposition to the challenge.

**Board action on agenda item:** Ayes: Burton and Sabree - Nays: Garrett

Agenda item:   Acceptance of the November 8, 2016 General Candidate list as presented by the Wayne County Clerk

**Board action on agenda item:** Chair Burton requested a motion for Acceptance of the November 8, 2016 General Candidate list as

presented by the Wayne County Clerk. Member Garrett duly supported by Member Sabree, moved for acceptance of the November 8, 2016 General Candidate list as presented by the Wayne County Clerk. The motion was adopted unanimously by a voice vote.

Agenda item:     **Approval of Ballot Printing for the November 8, 2016 General Election**

**Board action on agenda item:** Chair Burton requested a motion for approval of Ballot Printing for the November 8, 2016 General Election. Member Sabree duly supported by Member Garrett, moved for approval of Ballot Printing for the November 8, 2016 General Election. The motion was adopted unanimously by a voice vote.

Agenda item:     **New Business.** None.

Agenda item:     **Public Comment.** None.

Agenda item:     **Adjournment.**

**Board action on agenda item:** Chair Burton requested a motion to adjourn. Member Sabree, duly supported by Chair Burton, moved to adjourn the meeting. The motion was adopted unanimously by a voice vote.

Meeting adjourned at 3:55 p.m.