# EXHIBIT
# J

Skip to Main Content Logout My Account Search Menu New Case Search Refine
Search  Back

Location : Non-Criminal Cases    Images    Web Access Instruction Manual

# REGISTER OF ACTIONS
## CASE NO. 16-012226-AW

| | | |
|---|---|---|
| **Davis, Robert , et al. v Garrett, Cathy M. , et al.** | § | Case Type: **(AW) - Writs** |
| | § | Date Filed: **09/23/2016** |
| | § | Location: **Civil Division** |
| | § | |
| | § | |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| Defendant | Bailer, Penelope | Kevin M. Blair<br>*Retained*<br>(517) 377-0716(W) |
| Defendant | Garrett, Cathy M. | |
| Defendant | Wayne County Election Commission | Janet Anderson-Davis<br>*Retained*<br>(313) 224-6684(W) |
| Defendant | Winfrey, Janice | James D. Noseda<br>*Retained*<br>(313) 237-3057(W) |
| Plaintiff | Davis, Robert | **Pro Se** |
| Plaintiff | White, Desmond | **Pro Se** |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 09/23/2016 | **Appeal Actions from Lower/Other Courts/Agency**<br>*(Clerk: Tyler,F)* |
| 09/23/2016 | **Writ, Filed**<br>*(Clerk: Tyler,F)* |
| 09/23/2016 | **Case Filing Fee - Waived**<br>*(Clerk: Tyler,F)* |
| 09/23/2016 | **Motion for Order to Show Cause-WVD**<br>Fee: Waived; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler,F) |
| 09/23/2016 | **Order to Show Cause, Signed and Filed**<br>*(Clerk: Tyler,F)* |
| 09/26/2016 | **Appearance of Attorney, Filed**<br>*(Clerk: Tyler,F)* |
| 09/26/2016 | **Reply to Brief, Filed**<br>*(Clerk: Tyler,F)* |
| 09/27/2016 | **Exhibit, Filed**<br>*(Clerk: Tyler,F)* |
| 09/27/2016 | **Exhibit, Filed**<br>*(Clerk: Tyler,F)* |
| 09/27/2016 | **Exhibit, Filed**<br>*(Clerk: Tyler,F)* |
| 09/27/2016 | **Exhibit, Filed**<br>*(Clerk: Tyler,F)* |
| 09/27/2016 | **Exhibit, Filed**<br>*(Clerk: Tyler,F)* |
| 09/27/2016 | **Brief in Opposition to Motion, Filed**<br>*(Clerk: Tyler,F)* |
| 09/27/2016 | **Appearance of Attorney, Filed**<br>*(Clerk: Tyler,F)* |
| 09/27/2016 | **Answer to Motion, Filed**<br>*(Clerk: Tyler,F)* |
| 09/27/2016 | **Brief in Support of Motion, Filed**<br>*(Clerk: Tyler,F)* |
| 09/27/2016 | **Reply to Answer, Filed**<br>*(Clerk: Tyler,F)* |
| 09/28/2016 | **Show Cause Hearing**  (8:30 AM) (Judicial Officer Colombo, Robert J., Jr.)<br>Result: Held |
| 09/28/2016 | **Motion Denied, Order to Follow** (Judicial Officer: Colombo, Robert J., Jr. )<br>*(Clerk: Johnson,M)* |
| 09/28/2016 | **Exhibit, Filed**<br>*(Clerk: Tyler,F)* |

| | |
|---|---|
| 09/28/2016 | **Order for Miscellaneous Action, Signed and Filed** |
| | *(Clerk: Tyler,F)* |
| 09/29/2016 | **Motion for Attorney Fees, Filed** |
| | *Fee: $20.00 Paid; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler,F)* |
| 09/29/2016 | **Motions for Sanctions, Filed-WVD** |
| | *Fee: Waived; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler,F)* |
| 09/29/2016 | **Higher Court Order/Decision Received by Circuit Court** |
| | *Motion to waive fees is denied. COA # 334989. (Clerk: Heimiller,K)* |
| 09/30/2016 | **Brief in Support of Motion, Filed** |
| | *(Clerk: Tyler,F)* |
| 09/30/2016 | **Praecipe, Filed** *(Judicial Officer: Colombo, Robert J., Jr. )* |
| 09/30/2016 | **Notice of Hearing, Filed** |
| | *(Clerk: Tyler,F)* |
| 09/30/2016 | **Motion for Sanctions, Filed** |
| | *Fee: $20.00 Paid; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler,F)* |
| 09/30/2016 | **Higher Court Order/Decision Received by Circuit Court** |
| | *Motion for immediate consideration of motion to expedite is granted. Motion to expedite is denied. COA # 334989. (Clerk: Heimiller,K)* |
| 10/03/2016 | **Praecipe, Filed** *(Judicial Officer: Colombo, Robert J., Jr. )* |
| 10/04/2016 | **Motion to Disqualify Judge, Filed-WVD** |
| | *Fee: Waived; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler,F)* |
| 10/04/2016 | **Praecipe, Filed** *(Judicial Officer: Colombo, Robert J., Jr. )* |
| 10/05/2016 | **Reply to Brief, Filed** |
| | *(Clerk: Tyler,F)* |
| 10/05/2016 | **Motion for Attorney Fees, Filed-WVD** |
| | *Fee: $20.00 Waived; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler,F)* |
| 10/05/2016 | **Answer to Motion, Filed** |
| | *(Clerk: Tyler,F)* |
| 10/06/2016 | **Brief in Opposition to Motion, Filed** |
| | *(Clerk: Tyler,F)* |
| 10/06/2016 | **Answer to Motion, Filed** |
| | *(Clerk: Tyler,F)* |
| 10/07/2016 | **Motion Hearing** (8:30 AM) *(Judicial Officer Colombo, Robert J., Jr.)* |
| | *Janice Winfrey - Detroit City Clerk's Motion For Award Of Costs and fees As A Sanction For Violation Of MCR 2.114(D)* |
| | Result: Held |
| 10/07/2016 | **Motion Hearing** (8:30 AM) *(Judicial Officer Colombo, Robert J., Jr.)* |
| | *Defendant Penelope Bailer - Defendant Penelope Bailer's Motion for Sanctions* |
| 10/07/2016 | **Motion Hearing** (9:00 AM) *(Judicial Officer Colombo, Robert J., Jr.)* |
| | *Plaintiffs - Plaintiffs' Emergency Motion to Disqualify Chief Judge Colombo* |
| 10/07/2016 | **Order for Miscellaneous Action, Signed and Filed** |
| | *(Clerk: Tyler,F)* |
| 10/11/2016 | **Order Denying Motion, Signed and Filed** |
| | *(Clerk: Tyler,F)* |
| 10/11/2016 | **Order for Miscellaneous Action, Signed and Filed** |
| | *(Clerk: Tyler,F)* |
| 10/17/2016 | **Brief in Support of Motion, Filed** |
| | *(Clerk: Tyler,F)* |
| 10/17/2016 | **Brief in Support of Motion, Filed** |
| | *(Clerk: Tyler,F)* |
| 10/18/2016 | **Brief in Support of Motion, Filed** |
| | *(Clerk: Tyler,F)* |
| 10/20/2016 | **Motion Hearing** (8:30 AM) *(Judicial Officer Colombo, Robert J., Jr.)* |
| | *Minutes Comment: ON RECORD (Clerk: Ogu, S Date: 10-20-16)* |
| | Result: Held |
| 10/20/2016 | **Motion for Miscellaneous Action Granted, Order to Follow** *(Judicial Officer: Colombo, Robert J., Jr. )* |
| | *All Defendant's Joint Motion For Sanctions: GRANTED/FINAL OTF/CASED CLOSED (Clerk: Ogu,S)* |
| 10/20/2016 | **Closed - Case Settled, Order to Follow** *(Judicial Officer: Colombo, Robert J., Jr. )* |
| | *PER JUDGE--SANCTIONS AWARDED TO THE DEFENDANTS IS THE LAST ACTION/CASE CLOSED/FINAL OTF (Clerk: Ogu,S)* |
| 10/24/2016 | **Order for Miscellaneous Action, Signed and Filed** |
| | *(Clerk: Tyler,F)* |
| 10/24/2016 | **Order Amending, File Supplemental Pleading, Signed and Filed** |
| | *(Clerk: Tyler,F)* |
| 10/24/2016 | **Closed/Final - Order of Dismissal, Signed and Filed** |
| | *(Clerk: Tyler,F)* |

---

**FINANCIAL INFORMATION**

---

| | | | |
|---|---|---|---|
| | **Defendant** Bailer, Penelope | | |
| | Total Financial Assessment | | 20.00 |
| | Total Payments and Credits | | 20.00 |
| | **Balance Due as of 11/01/2016** | | **0.00** |
| 09/30/2016 | Transaction Assessment | | 20.00 |
| 09/30/2016 | Civil File & Serve Payment   Receipt # 2016-82398 | Bailer, Penelope | (20.00) |
| | | | |
| | **Defendant** Winfrey, Janice | | |
| | Total Financial Assessment | | 20.00 |
| | Total Payments and Credits | | 20.00 |
| | **Balance Due as of 11/01/2016** | | **0.00** |

| 09/29/2016 | Transaction Assessment | | | 20.00 |
| 09/29/2016 | Civil File & Serve Payment   Receipt # 2016-81865 | | Winfrey, Janice | (20.00) |

db

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE
### 3RD JUDICIAL CIRCUIT

**ROBERT DAVIS,** and
**DESMOND WHITE,**
      Plaintiffs,

**v**

**CATHY M. GARRETT,** in her official capacity as Wayne County Clerk,
**WAYNE COUNTY ELECTION COMMISSION,**
**JANICE WINFREY,** in her official capacity as the Elected City Clerk for the
City of Detroit, and **PENELOPE BAILER,**
      Defendants.

**Case No. 16--AW**
**HON. ROBERT J. COLOMBO, JR.**

16-012226-AW
FILED IN MY OFFICE
WAYNE COUNTY CLERK
9/23/2016 3:18:40 PM
CATHY M. GARRETT

/

| | |
|---|---|
| ANDREW A. PATERSON (P18690) | ZENNA ELHASAN (P67691) |
| *Attorney for Plaintiffs* | Wayne County Corporation Counsel |
| 46350 Grand River, Suite C | JANET ANDERSON-DAVIS (P29499) |
| Novi, MI 48374 | Asst. Corporation Counsel |
| (248) 568-9712 | *Attorneys for Defendant Wayne Co.* |
| aap43@outlook.com | *Election Commission* |
| | 500 Griswold, Rm. 1267 |
| | Detroit, MI 48226 |
| | (313) 224-6684 |
| | Jandern@co.wayne.mi.us |

/

> This is an election-related matter pertaining to the November 8, 2016 General
> Election.  Thus, in accordance with the Administrative Policies and
> Procedures of the Wayne County Circuit Court, this Election-Related Matter
> shall be assigned to CHIEF JUDGE ROBERT J. COLOMBO, JR.

## VERIFIED COMPLAINT FOR WRIT OF MANDAMUS, DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND ORDER TO SHOW CAUSE

    **NOW COME** Plaintiffs, ROBERT DAVIS, and DESMOND M. WHITE

(collectively "Plaintiffs"), by and through their attorney, ANDREW A.

PATERSON, and for their Verified Complaint for Writ of Mandamus, Declaratory

Judgment, Injunctive Relief and Order to Show Cause ("Verified Complaint"),

state as follows:

## I.  PARTIES

1. Plaintiff, Desmond M. White ("**Plaintiff White**"), is a resident and

   registered voter of the City of Detroit, County of Wayne, State of Michigan.

   As of September 20, 2016, Plaintiff White is a certified write-in candidate

   for the Detroit Community School District Board of Education. (**See**

   **Plaintiff White's affidavit attached hereto as Exhibit A**).

2. Plaintiff, Robert Davis ("**Plaintiff Davis**"), is a resident and registered voter

   of the City of Highland Park, County of Wayne, State of Michigan.

   Although Plaintiff Davis is not a resident or registered voter of the City of

   Detroit, Plaintiff Davis, nonetheless, is supporting at least two (2) candidates

   who are running for the Detroit Community School District Board of

   Education.  Additionally, Plaintiff Davis will also be supporting Plaintiff

   White.  (**See Plaintiff Davis' affidavit attached hereto as Exhibit B**).

3. Defendant, Wayne County Election Commission ("**Defendant Election**

   **Commission**"), pursuant to Mich. Comp. Laws §§ 168.23, is the three-

   member board, comprised of the Chief Judge of the Wayne County Probate

   Court, the Wayne County Clerk and the Wayne County Treasurer, and

   pursuant to Mich. Comp. Laws § 168.689, the Defendant Election

Commission is charged with the statutory duty of printing the official ballots that are to be used at the November 8, 2016 General Election.  In accordance with Mich. Comp. Laws § 168.23, the Chief Judge of the Wayne County Probate Court serves as the Chairman and the Wayne County Clerk serves as the Secretary of the Defendant Election Commission.

4. Defendant, Cathy Garrett ("**Defendant County Clerk**"), is the duly elected Wayne County Clerk, who has a clear legal duty under MCL § 168.558(4) not to certify candidates to the Defendant Election Commission who have failed to provided their precinct number on their affidavits of identities.  See *Berry v Garrett*, ___ Mich. App.___; ____ NW2d____ (2016) (Decided June 17, 2016, Docket No. 333225).

5. Defendant, Janice Winfrey ("**Defendant City Clerk**"), is the duly elected City Clerk for the City of Detroit.  Pursuant to § 3-102 of the 2012 Detroit City Charter, the Defendant City Clerk serves as the Chairwoman of the Defendant Election Commission. See *Barrow v Election Commission*, 305 Mich. App. 649; 854 NW2d 489 (2014).

6. Defendant, Penelope Bailer ("**Defendant Bailer**"), is purportedly a resident and registered voter of the City of Detroit, who filed a defective affidavit of identity with the Defendant City Clerk to qualify as a candidate for the Detroit Community School District Board of Education in violation of MCL

§ 168.554(2) and the Court of Appeals holding in *Berry v Garrett*, ___

Mich. App.___; ____ NW2d____ (2016) (Decided June 17, 2016, Docket

No. 333225).

7. An actual controversy exists between the parties named herein.

## II.   JURISDICTION AND VENUE

8. Pursuant to MCR 3.305(A)(2), the Wayne County Circuit Court has

jurisdiction to adjudicate Plaintiffs' mandamus claim against the Defendants

County Clerk and Election Commission.  See *Berry v Garrett*, ___ Mich.

App. ___; ____ NW2d ____ (2016) (Decided June 17, 2016, Docket No.

333225).

9. Pursuant to MCR 3.305(B)(1), the Wayne County Circuit Court is the proper

venue for Plaintiffs' mandamus action against the Defendants County Clerk

and Election Commission. See *Berry v Garrett*, ___ Mich. App. ___; ____

NW2d ____ (2016) (Decided June 17, 2016, Docket No. 333225).

10. Additionally, in accordance with MCR 3.305(C), Plaintiffs respectfully

request this Honorable Court to enter an order to show cause requiring

Defendants County Clerk and Election Commission to show cause as to why

a writ of mandamus should not be issued compelling them to remove

Defendant Bailer's name from the November 8, 2016 General Election

ballot, and show cause as to why a declaratory judgment should not be

issued declaring that the ballots that have been printed with Defendant

Bailer's name shall not be used, cast, or counted as required under MCL §

168.560.

### III.   COMMON FACTS

11. The facts of this case are undisputed.

12. On September 9, 2016, Plaintiffs Davis and White, through their counsel,

filed a timely legal challenge with the Defendant Wayne Election

Commission and Defendant City Clerk, challenging the candidacies of three

(3) individuals who had filed to run for the *new* Detroit Community School

District's Board of Education.

13. Specifically, the Plaintiffs White and Davis' legal challenge alleged that

Defendant Bailer's and Robert Earl Thomas' names should not be printed on

the November 8, 2016 General Election ballot because their affidavit of

identities were not filed in accordance with Mich. Comp. Laws § 168.558

and the Court of Appeals' holding in *Berry v Garrett*, _____ Mich. App. ___;

_____ NW2d _____ (2016).  (**See Plaintiffs White and Davis' Legal**

**Challenge attached hereto as Exhibit D**).

14. With respect to candidate Mary Anne Kovari ("Ms. Kovari"), Plaintiffs

White and Davis' legal challenge alleged that Ms. Kovari's name should not

be printed on the November 8, 2016 General Election ballot because her

affidavit of identity indicated she had only been a resident of the County of

Wayne for "6 days" as of the date of the filing of her affidavit of identity

with the Defendant City Clerk.  Accordingly, pursuant to Mich. Comp. Laws

§ 168.302 and the holding in *Davis v Chatman*, 292 Mich. App. 603; 808

NW2d 555 (2011), Ms. Kovari was not a "qualified elector" before the July

26th filing deadline date, and thus she must be deemed disqualified.  (**See

Plaintiffs White and Davis' Legal Challenge attached hereto as Exhibit

D**).

15. Later in the day on September 9, 2016, attorney Janet Anderson-Davis,

counsel for the Defendant Election Commission, informed Plaintiffs'

counsel via electronic mail (email) that the Defendant Election Commission

would be convening to consider and address the merits of Plaintiffs White

and Davis' legal challenge on Tuesday, September 13, 2016 at 3:15 p.m.

Representatives from the Defendant City Clerk's Office, as well as, the City

of Detroit's Law Department, were also so informed of the meeting.

16. On Tuesday, September 13, 2016, the Defendant Election Commission

convened to consider and address the merits of Plaintiffs' challenge, as well

as to address other election-related matters pertaining to the November 8,

2016 General Election.  (**See Agenda from Election Commission's

September 13, 2016 Meeting attached hereto as Exhibit E**).

17. Representatives on behalf of the Defendant City Clerk, the City of Detroit's Law Department, as well as legal representatives on behalf of Defendant Bailer and Ms. Kovari were present at the Defendant Election Commission's September 13, 2016 Meeting. Plaintiff Robert Davis attended the Defendant Election Commission's September 13, 2016 Meeting. Neither Plaintiff Desmond White, nor Plaintiffs' counsel were able to attend.

18. After allowing the parties to present their respective arguments at the September 13, 2016 Meeting, the Defendant Election Commission, citing the Michigan Court of Appeals holding in *Berry v Garret*, *supra*, **unanimously** voted to GRANT Plaintiffs White and Davis' legal challenge to remove the names of Defendant Bailer and Mr. Thomas from the November 8, 2016 General Election ballot. (**See Defendant Election Commission's Letter of Determination regarding challenge to Defendant Penelope Bailer attached hereto as Exhibit F**).

19. At the September 13, 2016 Meeting, the Defendant Election Commission also voted to authorize and proceed with the printing of the ballots for the November 8, 2016 General Election WITHOUT Defendant Bailer's name printed thereon.

20. On Thursday, September 15, 2016, Defendant Bailer filed an Emergency Complaint and Motion for Mandamus and Order to Show Cause against the

Defendants Election Commission and Detroit City Clerk.  See Wayne Co.

Case No. 16-011797-AW.

21. Later that same day, the Wayne County Circuit Chief Judge Robert

Colombo, Jr. ("**Chief Judge Colombo**") entered an order to show cause

compelling the Defendants Election Commission and Detroit City Clerk to

appear before the court for a hearing that was to be held on Friday,

September 16, 2016.

22. Late in the evening on September 15, 2016, Plaintiffs' counsel was

provided a copy of Defendant Bailer's Emergency Complaint and Motion by

counsel for the Defendant Election Commission and not by Defendant

Bailer's counsel.

23. Upon receiving a copy of Defendant Bailer's Emergency Complaint and

Motion for Mandamus, counsel for Plaintiffs **immediately** sought

concurrence from the parties to intervene in the matter.  Plaintiffs' counsel

received concurrence from Defendant Election Commission's counsel, but

counsel for Defendant Bailer refused to concur to allow Plaintiffs to

intervene.

24. Accordingly, on Friday, September 16, 2016, in the wee hours of the

morning, Plaintiffs' counsel electronically filed an Emergency Motion to

Intervene with the Wayne County Circuit Court in Case No. 16-011797-AW

and because the Wayne County Circuit Court's e-filing system was still

experiencing technical difficulties, counsel for Appellants also emailed a

copy of the Plaintiffs' Emergency Motion to Intervene to Chief Judge

Colombo's court clerk, Matthew Johnson, as well as to counsel for

Defendants.

25. On Friday, September 16, 2016, Plaintiffs' counsel attended Defendant

Bailer's show cause hearing that was held in Case No. 16-011797-AW.

Chief Judge Colombo acknowledged that the Court was aware of the

malfunctions that were occurring with the Wayne County Circuit Court's e-

filing system and that he was made aware of Plaintiffs' Emergency Motion

to Intervene in Case No. 16-011797-AW by his court clerk. Although Chief

Judge Colombo permitted Plaintiffs' counsel to participate in oral argument

during the September 16, 2016 show cause hearing and briefly addressed

Plaintiffs' Emergency Motion to Intervene in Case No. 16-011797-AW, in

an email dated September 16, 2016, Chief Judge Colombo informed

Plaintiffs' counsel that he in fact took Plaintiffs' Emergency Motion to

Intervene "under advisement" and **did not** render a decision on Plaintiffs'

Emergency Motion to Intervene.

26. At the conclusion of the conclusion of the show cause hearing held in

Defendant Bailer's case, Chief Judge Colombo entered an order granting

Defendant Bailer's motion for writ of mandamus and ordered the Defendant

Election Commission to "take necessary steps to place the name of Penelope

N. Bailer on the November 8, 2016 General Election ballot as a candidate

for Detroit Community School District." (**See Chief Judge Colombo's**

**September 16, 2016 Order attached hereto as Exhibit G**).

27. On September 18, 2016, Plaintiffs filed a claim of appeal (COA Docket No.

334823) along with an emergency motion to expedite the appeal.  On

September 21, 2016 the Court of Appeals issued its unpublished per curiam

opinion dismissing Plaintiffs' appeal for lack of standing.  See *Bailer v*

*Wayne County Election Commission*, unpublished per curiam opinion of

Court of Appeals, entered September 21, 2016 (Docket No. 334823).

28. Plaintiffs immediately appealed the Court of Appeals September 21, 2016

Judgment in Bailer v Wayne County Election Commission, to the Michigan

Supreme Court.  However, on September 22, 2016, the Michigan Supreme

Court issued an order denying Plaintiffs' Emergency Application for leave

to appeal.

29. Prior to the Court of Appeals issuing its decision in *Bailer v Wayne County*

*Election Comm.*, Appellants filed an Emergency Complaint for Writ of

Superintending Control.  See Docket No. 334869.  Late in the afternoon on

September 21, 2016, the Court of Appeals issued an order denying

Appellants' Complaint for Writ of Superintending Control.  *In re Davis*,
unpublished order of the Court of Appeals, entered September 21, 2016
(Docket No. 334869).

30. Plaintiffs immediately appealed the Court of Appeals' September 21, 2016
Order denying Plaintiffs' Complaint for Writ of Superintending Control to
the Michigan Supreme Court, which is currently pending as of the date of
the filing of this lawsuit.

31. Since the entry of Chief Judge Colombo's September 16, 2016 Order, which
compelled the Defendant Election Commission to "take ***necessary steps*** to
place the name of Penelope N. Bailer on the November 8, 2016 General
Election ballot as a candidate for Detroit Community School District," the
Defendant Election Commission has not convened as a public body to
determine whether Defendant Bailer was a "properly certified" candidate as
required under MCL § 168.689.

32. Moreover, since the entry of Chief Judge Colombo's September 16, 2016
Order, the Defendant County Clerk has not certified the name of Defendant
Bailer to the Defendant Election Commission for her name to be placed on
the November 8, 2016 General Election ballot.

## IV.   CAUSES OF ACTION

### COUNT I
**A Declaratory Judgment Shall Be Issued Declaring That In Accordance With MCL § 168.560 The Ballots That Have Been Printed With Defendant Bailer's Name On Them Cannot Be Used, Cast, Or Counted.**

33. Plaintiffs incorporate, repeat, and reallege the foregoing allegations as though they were fully set forth and stated herein.

34. As noted, on September 16, 2016, Chief Judge Colombo entered an order in Defendant Bailer's election case, Case No. 16-011797-AW, compelling the Defendant Election Commission ONLY to "take necessary steps to place the name of Penelope N. Bailer on the November 8, 2016 General Election ballot as a candidate for Detroit Community School District."  (**See Chief Judge Colombo's September 16, 2016 Order attached hereto as Exhibit G**).

35. Since the entry of Chief Judge Colombo's September 16, 2016 Order in Case No. 16-011797-AW, the Defendant Election Commission **has not** convened as a public body in accordance with MCL §168.689 to determine whether Defendant Bailer is a "properly certified" candidate whose name shall be printed on the November 8, 2016 General Election ballot.

36. Additionally, since the entry of Chief Judge Colombo's September 16, 2016 Order in Case No. 16-011797-AW, the Defendant County Clerk **has not**

certified Defendant Bailer's name to the Defendant Election Commission for

it to be placed on the November 8, 2016 General Election ballot.

37. MCL § 168.560 of Michigan Election Law states in pertinent part:

> "**Ballots other than those furnished by the board of election commissioners,** *according to the provisions of this act, shall not be used, cast, or counted in any election precinct at any election*." (Emphasis supplied).

38. The ballots that have presumably been printed by the Defendant Election

Commission in accordance with Chief Judge Colombo's September 16,

2016 Order cannot be used, cast, or counted because they were not printed in

accordance with the provisions of Michigan Election Law as MCL §

168.560 requires.

39. MCL § 168.689 of Michigan Election Law sets forth the standards in which

the Defendant Election Commission must follow in order to print a

candidate's name on an official ballot.

40. MCL § 168.689 of Michigan Election Law provides in relevant part:

> "The Board of election commissioners of each county shall prepare the official ballots for use at any state, district or county election held therein, and **shall have printed sufficient number of ballots containing the names of all candidates** *properly certified* **to said board of election commissioners**…." (Emphasis supplied).

41. The Michigan Court of Appeals in *SMFBC v Killeen*, 153 Mich.App. 370,

377-378; 395 NW2d 325 (1986), analyzed MCL § 168.689 and determined:

While the language of the statute is not entirely clear, we see no reason for the Legislature to distinguish between *candidates* who are to be "properly certified" and *constitutional amendments* or *other questions* which have to be so certified. We therefore construe the statute to require *candidates, constitutional amendments,* and *questions* for use at any state, district or county election to be "properly" certified before they are entitled to placement on the ballot. Since this statute is directed to the board of election commissioners, the use of the word "properly" evidences an intent of the Legislature that the board of county election commissioners not only determine that a proposed question *is* certified, but that it is indeed "properly" certified. **Accordingly, where it is apparent to the board of county election commissioners that the question is not entitled to placement on the ballot, it may refuse to place it thereon and leave the certifying body to its legal recourse. We interpret "properly" in this context to mean that the election commissioners are required to determine that, on its face, the question is entitled to placement on the ballot.** (Emphasis in original) (Emphasis added).

42. Thus, in accordance with the Michigan Court of Appeals holding in

SMFBC, supra, after Chief Judge Colombo ordered the Defendant Election

Commission to "take necessary steps to place" Defendant Bailer "on the

November 8, 2016 General Election ballot as a candidate for Detroit

Community School District," the Defendant Election Commission was

required to convene as a public body to determine whether Defendant Bailer

was a "properly" certified candidate to have her name placed on the

November 8, 2016 General Election ballot.

43. After the entry of Chief Judge Colombo's September 16, 2016 Order, the Defendant Election Commission did not convene as a public body to determine whether Defendant Bailer was a "properly" certified candidate.

44. Moreover, after the entry of Chief Judge Colombo's September 16, 2016 Order the Defendant County Clerk, who was not a named party in Defendant Bailer's election case, did not formally certify Defendant Bailer's name to the Defendant Election Commission for it to be placed on the November 8, 2016 General Election ballot.

45. Additionally, and perhaps more importantly, Michigan Election Law does not allow the "certification" of a candidate's name who has submitted an affidavit of identity in violation of MCL § 168.558 of Michigan Election Law.

46. MCL § 380.384 of the Revised School Code, sets forth certain requirements with respect to candidates for the initial Detroit Community School District Board of Education.  MCL § 380.384(4) of the Revised School Code provides:

> (4) Except as otherwise provided in this subsection, for an individual's name to appear on the official ballot as a candidate for member of the initial elected school board of a community district, **the candidate shall file a nominating petition and the affidavit required by section 558 of the Michigan election law, MCL 168.558, with the school district election coordinator** not later than 4 p.m. on the fifteenth Tuesday before the election date. The nominating petition

must be signed by a minimum of 40 and maximum of 100 school electors of the community district. The nominating petition shall be substantially in the form prescribed under section 303 of the Michigan election law, MCL 168.303. **However, instead of filing nominating petitions, a candidate for school board member may pay a nonrefundable filing fee of $100.00 to the school district election coordinator.** If this fee is paid by the due date for a nominating petition, the payment has the same effect under this section as the filing of a nominating petition.  (Emphasis supplied).

47. MCL §168.558(1) of Michigan Election Law in pertinent part states:

(1) When filing a nominating petition, qualifying petition, filing fee, or affidavit of candidacy for a federal, county, state, city, township, village, metropolitan district, or school district office in any election, a candidate shall file with the officer with whom the petitions, fee, or affidavit is filed 2 copies of an affidavit of identity.

48. MCL § 168.558(2) of Michigan Election Law further instructs:

(2) **An affidavit of identity *shall* contain the candidate's name, address, and ward *and precinct where registered*,** if qualified to vote at that election; a statement that the candidate is a citizen of the United States; the candidate's number of years of residence in the state and county; other information that may be required to satisfy the officer as to the identity of the candidate; the manner in which the candidate wishes to have his or her name appear on the ballot; and a statement that the candidate either is or is not using a name, whether a given name, a surname, or otherwise, that is not a name that he or she was given at birth. If a candidate is using a name that is not a name that he or she was given at birth, the candidate shall include on the affidavit of identity the candidate's full former name. (Emphasis supplied).

49. MCL § 168.558(4) of Michigan Election Law further provides in relevant

part:

> (4) An affidavit of identity shall include a statement that as of the date
> of the affidavit, all statements, reports, late filing fees, and fines
> required of the candidate or any candidate committee organized to
> support the candidate's election under the Michigan campaign finance
> act, 1976 PA 388, MCL 169.201 to 169.282, have been filed or paid;
> and a statement that the candidate acknowledges that making a false
> statement in the affidavit is perjury, punishable by a fine up to
> $1,000.00 or imprisonment for up to 5 years, or both. *If a candidate*
> *files the affidavit of identity with an officer other than the county clerk*
> *or secretary of state, the officer shall immediately forward to the*
> *county clerk 1 copy of the affidavit of identity by first-class mail. The*
> *county clerk shall immediately forward 1 copy of the affidavit of*
> *identity for state and federal candidates to the secretary of state by*
> *first-class mail.* ***An officer shall not certify to the board of election***
> ***commissioners the name of a candidate who fails to comply with this***
> ***section****.* (Emphasis supplied).

50. In the case at bar, it is undisputed that on July 26, 2016, in accordance with

MCL § 380.384(4) of the Revised School Code, Defendant Bailer filed a

defective affidavit of identity along with the $100 filing with the Defendant

City Clerk to qualify as a candidate for the Detroit Community School

District. **(See Defendant Bailer's affidavit of identity attached hereto as**

**Exhibit H**).

51. Defendant Bailer's affidavit of identity was defective because Defendant

Bailer failed to provide her precinct number as MCL § 168.558(2) of

Michigan Election Law requires.  See *Berry v Garrett*, ____ Mich.App.____;

____ NW2d ____ (2016) (Decided June 17, 2016, Docket No. 333225).

52. As a result of Defendant Bailer's failure to provide her precinct number on

her affidavit of identity, the Defendants County Clerk and Election

Commission have a "clear legal duty not to certify" Defendant Bailer's name

to be printed on the November 8, 2016 General Election ballot.  *Berry v*

*Garrett, supra.*

53. "Under § 558(4), those defendants [County Clerk and Election

Commission] had a clear legal duty to "not certify to the board of election

commissioners the name of a candidate who [had] fail[ed] to comply" with

the requirement, under § 558(2), of duly including the precinct number

where the candidate was registered to vote." *Berry v Garrett, supra*, slip op

at p 4.

54. As noted, it is undisputed that Defendant Bailer failed to comply with MCL

168.558(2).  Hence, the Defendants County Clerk and Election Commission

have a clear legal duty not to certify Defendant Bailer's name to appear on

the November 8, 2016 General Election ballot.  *Berry v Garrett, supra*, slip

op at p 4.

55. Accordingly, pursuant to MCL §168.689, the Defendant Election

Commission can only print ballots "containing the names of all candidates

*properly certified* to said board of election commission." *SMFBC v Killeen*, 153 Mich.App. 370, 377-378; 395 NW2d 325 (1986).

56. The Defendant Election Commission has violated MCL § 168.689 because they have printed ballots containing the name of Defendant Bailer, who has not been "properly certified to said board of election commission." *SMFBC v Killeen*, 153 Mich.App. 370, 377-378; 395 NW2d 325 (1986).

57. As noted in accordance with the Court of Appeals holding in *Berry v Garrett, supra,* the Defendants County Clerk and Election Commission, "Under § 558(4), those defendants had a clear legal duty to "not certify to the board of election commissioners the name of a candidate who [had] fail[ed] to comply" with the requirement, under § 558(2), of duly including the precinct number where the candidate was registered to vote." *Berry v Garrett, supra*, slip op at p 4.

58. Chief Judge Colombo's September 16, 2016 Order, which was **only** directed to the Defendant Election Commission and **not** the Defendant County Clerk, compelled the Defendant Election Commission to "take necessary steps to place the name of Penelope N. Bailer on the November 8, 2016 General Election ballot as a candidate for Detroit Community School District." (**See Chief Judge Colombo's September 16, 2016 Order attached hereto as Exhibit G**).

59. One of those "necessary steps" the Defendant Election Commission had to take was to determine in accordance with MCL § 168.689 whether the Defendant Bailer was a "properly certified" candidate. *SMFBC v Killeen*, 153 Mich.App. 370, 377-378; 395 NW2d 325 (1986).

60. The Defendant Election Commission did not make such a determination under MCL § 168.689 after the entry of Chief Judge Colombo's September 16, 2016 Order.

61. As a public body that is subject to the provisions of Michigan's Open Meetings Act ("OMA"), after the entry of Chief Judge Colombo's September 16, 2016 Order, Defendant Election Commission was required to convene as a public body and hold a public meeting available to the public to make a determination as to whether Defendant Bailer was a "properly certified" candidate under MCL § 168.689.

62. "Clearly… the OMA requires that 'all decisions of a public body' be made in public." *Booth Newspapers Inc. v U of M Bd. of Regents*, 444 Mich. 211, 231; 507 NW2d 422 (1993).

63. The Defendant Election Commission's decision to place Defendant Bailer's name on the November 8, 2016 General Election ballot, purportedly in accordance with Chief Judge Colombo's September 16, 2016 Order, was not made in public.

64. As noted, the Defendant Election Commission has not held a public meeting since the entry of Chief Judge Colombo's September 16, 2016 Order.

65. Notably, Chief Judge Colombo's September 16, 2016 did not compel the Defendant County Clerk to certify the name of Defendant Bailer to the Defendant Election Commission for placement on the November 8, 2016 General Election ballot.

66. Consequently, the ballots that have been printed with Defendant Bailer's name on them cannot be used, cast, or counted by the Defendants County Clerk, City Clerk and Election Commission because said ballots were not printed in accordance with the Michigan Election Law, particularly said ballots were printed in violation of MCL § 168.689 and MCL § 168.558.

67. Moreover, to the extent that Defendants County Clerk and Election Commission attempt to quickly convene as a public body and approve a resolution "certifying" Defendant Bailer's name to be placed on the November 8, 2016 General Election ballot, said "certification" by the Defendants County Clerk and Election Commission, individually and/or collectively, shall be declared void by this Court in accordance with the Court of Appeals holding in *Berry v Garrett, supra.*

68. Defendants County Clerk and Election Commission cannot "certify" the Defendant Bailer's name to be placed on the November 8, 2016 General

Election ballot because "Under § 558(4), those defendants [County Clerk and Election Commission] had a clear legal duty to "not certify to the board of election commissioners the name of a candidate who [had] fail[ed] to comply" with the requirement, under § 558(2), of duly including the precinct number where the candidate was registered to vote." *Berry v Garrett, supra*, slip op at p 4.

69. Therefore, if the Defendants County Clerk and Election Commission attempt to "certify" the Defendant Bailer's name to be placed on the November 8, 2016 General Election, said "certifications" shall be declared void by this Honorable Court in accordance with the Court of Appeals' holding in *Berry v Garrett, supra.*

70. Lastly, it is anticipated that Defendants may attempt to assert the affirmative defense of laches. However, "laches is an equitable doctrine. It is well-settled that one who seeks equitable relief must do so with clean hands. A party with unclean hands may not assert the equitable defense of laches. Our supreme Court has observed that a party who has 'acted in violation of the law," is not "before a court of equity with clean hands,' and is therefore 'not in position to ask for any remedy in a court of equity.'" *Attorney General v Powerpick Player's Club of Michigan, LLC*, 287 Mich.App. 13,

52; 783 NW2D 515, 536 (2010), quoting *Farrar v Lonsby Lumber & Coal Co.*, 149 Mich. 118, 121; 112 NW726 (1907).

71. Accordingly, none of the Defendants in the instant can assert the affirmative defense of laches because all of them have unclean hands as a result of their violations of Michigan Election Law and the Court of Appeals' holding in *Berry v Garrett, supra.*

72. Moreover, this instant action brought by the Plaintiffs pertaining to Defendant Bailer's name being placed on the November 8, 2016 General Election ballot was brought timely considering Defendant Bailer's name was only placed on the November 8, 2016 General Election ballot by the Defendant Election Commission **as of Friday, September 16, 2016. Plaintiffs' instant action was brought within 7 days of Defendant Election Commission's action of placing Defendant Bailer on the November 8, 2016 General Election ballot purportedly in accordance with Chief Judge Colombo's September 16, 2016 Order.**

73. **Additionally, Plaintiffs had excusable delay of not filing the instant action sooner due to the pending appeals in both the Michigan Court of Appeals and Supreme Court regarding Defendant Bailer's candidacy.**

## COUNT II
### A Writ of Mandamus Shall Be Issued Compelling The Defendants County Clerk, City Clerk, and Election Commission Not To Use and/or Count Any Ballots Printed With Defendant Bailer's Name On Them.

74. Plaintiffs incorporate, repeat, and reallege the foregoing allegations as though they were fully set forth and stated herein.

75. As noted, the Defendant Election Commission printed the name of Defendant Bailer, whose is not a 'properly certified" candidate, on the official November 8, 2016 General Election ballots in violation of MCL § 168.689 and MCL § 168.558.

76. Consequently, in accordance with MCL § 168.560 of Michigan Election Law, said ballots "shall not be used, cast, or counted in any election precinct at any election."

77. The provisions of MCL § 168.560 and MCL § 168.558 of Michigan Election Law are clear and unambiguous.  "A clear and unambiguous statute requires full compliance with its provisions as written." *Roberts v Mecosta County General Hosp.,* 466 Mich. 57, 63; 642 NW2d 663, 669 (2002).

78. "The phrases 'shall' and 'shall not' are unambiguous and denote a mandatory, rather than discretionary action." *Roberts v Mecosta County General Hosp.*, 466 Mich. 57, 63; 642 NW2d 663, 669 (2002).

79. "Mandamus is the appropriate remedy for a party seeking to compel action by election officials." *Citizens Protecting Michigan's Constitution v Secretary of State,* 280 Mich.App. 273,___; 761 NW2d 210, 216 (2008).

80. "Where an official has a clear legal duty to act and fails to do so, the appropriate remedy is an order of mandamus.  Where the Legislature has established a clear, ministerial duty, but has failed to prescribe any consequence for a violation of that duty, a plaintiff may seek a writ of mandamus to compel compliance with the statutory duty." *Jones v Dep't of Corrections*, 468 Mich. 646, 658; 664 NW2d 717 (2003) (internal citations omitted).

81. Therefore, a writ of mandamus compelling the the Defendants County Clerk, City Clerk and Election Commission not to use, and/or count any ballots that contain Defendant Bailer's name because said ballots were not printed in accordance with Michigan Election Law as MCL §168.560 requires, is appropriate and necessary.

## COUNT III
**A Writ of Mandamus Shall Be Issued Compelling The Defendants County Clerk and Election Commission Not To Remove Defendant Bailer's Name From the November 8, 2016 General Election Ballot.**

82. Plaintiffs incorporate, repeat, and reallege the foregoing allegations as though they were fully set forth and stated herein.

83. For the reasons set forth in the Court of Appeals holding in *Berry v Garrett, supra*, Defendant Bailer's name shall be removed from the November 8, 2016 General Election ballot.

84. As noted, "Under § 558(4), those defendants [County Clerk and Election Commission] had a clear legal duty to "not certify to the board of election commissioners the name of a candidate who [had] fail[ed] to comply" with the requirement, under § 558(2), of duly including the precinct number where the candidate was registered to vote." *Berry v Garrett, supra*, slip op at p 4.

85. Consequently, the Defendants County Clerk and Election Commission must take the appropriate steps to remove Defendant Bailer's name from the November 8, 2016 General Election ballot. *Berry v Garret, supra*, slip op at p 8.

86. Although the absentee ballots have been printed, this Court can order the Defendants County Clerk and City Clerk to inform the electorate that any votes cast for Defendant Bailer will not be counted. See *Michigan v Wayne County Clerk*, 466 Mich 640; 648 NW2d 202 (2002).

87. Plaintiff White, who is a duly certified write-in candidate for the Detroit Community School Board is being irreparably harmed each day Defendant Bailer's name is permitted to remain on the ballot. (**See Plaintiff White's**

**affidavit attached hereto; and See Plaintiff White's declaration of intent**

**to be a write-in candidate attached hereto**).  See *Michigan v Wayne*

*County Clerk*, 466 Mich 640; 648 NW2d 202 (2002).

88. Plaintiff White is now actively campaigning seeking support from the

registered and qualified voters of the City of Detroit and beyond for her bid

to be elected to the Detroit Community School District Board of Education.

**(See Plaintiff White's affidavit attached hereto**).

89. With each passing day that Defendant Bailer is permitted to stay on the

ballot, Plaintiff White will suffer the irreparable harm of the loss of votes to

an otherwise ineligible candidate.

90. Accordingly, the entry of a writ of mandamus is in order compelling the

Defendants County Clerk and Election Commission to remove Defendant

Bailer's name from the November 8, 2016 General Election ballot in

accordance with the Court of Appeals holding in *Berry v Garrett, supra*, and

*Michigan v Wayne County Clerk*, 466 Mich 640; 648 NW2d 202 (2002).

## COUNT IV
**Entry of Injunction Enjoining Defendant Bailer From Presenting Herself To Electorate As A Certified Candidate and Enjoining Defendants County Clerk, City Clerk From Distributing Ballots With Defendant Bailer's Name Printed Thereon.**

91. Plaintiffs incorporate, repeat, and reallege the foregoing allegations as

though they were fully set forth and stated herein.

92. The Court of Appeals has identified four factors to consider in determining whether to grant a preliminary injunction:

> (1) the likelihood that the party seeking the injunction will prevail on the merits, (2) the danger that the party seeking the injunction will suffer irreparable harm if the injunction is not issued, (3) the risk that the party seeking the injunction would be harmed more by the absence of an injunction than the opposing party would be by the granting of the relief, and (4) the harm to the public interest if the injunction is issued. [*Davis v Detroit Financial Review Team*, 296 Mich.App. 568; 821 NW2d 896, 918 (2012)].

93. Injunctive relief "is an extraordinary remedy that issues only when justice requires, there is no adequate remedy at law, and there exists a real and imminent danger of irreparable injury." *Pontiac Fire Fighters Union v City of Pontiac*, 482 Mich. 1, at 8; 753 NW2d 595 (2008).

94. As noted Plaintiff White has suffered and will continue to suffer irreparable harm if Defendant Bailer, an otherwise ineligible candidate, is permitted to remain on the ballot because it will cause Plaintiff White a loss of votes. See *Lostracco Comm. Treas. v Fox*, 150 Mich.App. 617, 621; 389 NW2d 446 (1986) ("the injury- the loss of votes for plaintiff's candidate in the election- would have been irreparable and permanent.").

95. As this Court held in *Martin v Secretary of State*, 482 Mich. 956; 755 NW2d 153 (2008): "**A candidate for elective office suffers a cognizable injury in fact if, due to the improper interpretation and enforcement of election**

**law,** he or she is prevented from being placed on the ballot **or must compete against someone improperly placed on the ballot.**" (Emphasis supplied).

96. Accordingly, the entry of an injunction is appropriate and necessary.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, for the foregoing reasons, Plaintiffs pray that this Honorable Court GRANT the requested relief as follows:

A. Issue a Declaratory Judgment declaring that in accordance with MCL 168.560 the ballots that have been printed with Defendant Bailer's name on them cannot be used, cast or counted because said ballots were not printed in accordance with Michigan Election Law.

B. Issue Writ of Mandamus compelling the Defendant County Clerk, Election Commission and City Clerk not to use and/or count the ballots that have Defendant Bailer's name on them for said ballots were not printed in accordance with Michigan Election Law.

C. Issue a Writ of Mandamus compelling the Defendant County Clerk and Election Commission to remove Defendant Bailer's name from the November 8, 2016 General Election ballot as a candidate for the Detroit Community School District Board of Education, which may include informing the electorate that no votes cast for Defendant Bailer will be

counted. *Michigan v Wayne County Clerk*, 466 Mich 640; 648 NW2d 202 (2002).

D. Issue an injunction enjoining Defendant Bailer from presenting herself to the electorate as a certified candidate.

E. Issue an injunction enjoining Defendants County Clerk and Election Commission from using and/or counting any ballots that have Defendant Bailer's name on them.

F. Issue a declaratory judgment declaring that any certification of Defendant Bailer's name to be placed on the November 8, 2016 General Election ballot by the Defendants County Clerk and Election Commission, individually and/or collectively, are void per the holding in *Berry v Garrett, supra*.

G. Grant any further relief the Court deems appropriate, just and proper.


Dated:  September 23, 2016          Respectfully submitted,

                                    /s/ ANDREW A. PATERSON
                                    ANDREW A. PATERSON (P18690)
                                    Attorney for Plaintiffs
                                    46350 Grand River, Suite C
                                    Novi, MI 48374
                                    (248) 568-9712
                                    Aap43@outlook.com