UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TAWANNA SIMPSON,**          Case No. 16-cv-13784

        Plaintiff,          **HON. ARTHUR J. TARNOW**

v

**CATHY M. GARRETT,** in her official capacity as the duly elected Wayne County Clerk**, WAYNE COUNTY ELECTION COMMISSION, WAYNE COUNTY BOARD OF CANVASSERS, JANICE WINFREY**, in her official capacity as the duly elected Detroit City Clerk, and **UNNAMED/UNKNOWN ELECTION INSPECTORS**, in their official capacities,

        Defendants,
_____/

ANDREW A. PATERSON (P18690)
*Attorney for Plaintiff*
46350 Grand River, Suite C
Novi, MI 48374
(248) 568-9712
aap43@outlook.com

JAMES D. NOSEDA (P52563)
City of Detroit Law Department
Attorneys for Defendants Janice Winfrey
And Unnamed Election Inspectors
Coleman A. Young Municipal Center
2 Woodward Ave., Ste. 500
Detroit, MI 48226
(313) 224-5505
nosej@detroitmi.gov

ZENNA ELHASAN (P67691)
Wayne County Corporation Counsel
JANET ANDERSON-DAVIS (P29499)
Asst. Corporation Counsel
*Attorneys for Defendant Wayne Co*.
*Election Commission and Wayne Co Clerk*
500 Griswold, Rm. 1267
Detroit, MI 48226
(313) 224-6684
Jandern@co.wayne.mi.us
_____/

# **PLAINTIFF TAWANNA SIMPSON'S REPLY TO COUNTY DEFENDANTS' RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER, OR IN THE ALTERNATIVE, PRELIMINARY INJUNCTION**

NOW COMES PLAINTIFF, TAWANNA SIMPSON (**"Plaintiff" or "Plaintiff Simpson"**), by and through her attorney, ANDREW A. PATERSON, and for her Reply to County Defendants' Response to Motion for *Ex Parte* Temporary Restraining Order, Or In The Alternative, Motion for Preliminary Injunction Against Defendants Wayne County Board of Canvassers, Detroit City Clerk, and Detroit Election Inspectors, states the following:

The County Defendants have asserted entirely misplaced arguments that Plaintiff Simpson's claims are barred by laches, res judicata, collateral estoppel and the *Rooker-Feldman* doctrine.  None of these arguments are applicable and hence they lack merit and are frivolous.  Plaintiff can only assume they are interposed to gain delay.  Plaintiff Simpson was not even a party to a state case - that the County Defendants quote portions of the transcript from - as somehow giving rise to an inferred defense to *her* new *constitutional claims* that have been advanced, for the first time, in *this* Court.  Accordingly, for the reasons stated herein, Plaintiff Simpson's Motion for Temporary Restraining Order, or in the alternative, Motion for Preliminary Injunction (Docket No. 2), should be granted by this Honorable Court.

### A. Plaintiff's Claims Are Not Barred By Laches.

"Where a plaintiff seeks solely equitable relief, his action may be barred by the equitable defense of laches if (1) the plaintiff delayed unreasonably in asserting

his rights and (2) the defendant was prejudiced by this delay." *ACLU v Taft,* 385 F.3d 641, 647 (6th Cir. 2004). "Laches consists of two elements: (1) unreasonable delay in asserting one's rights; and (2) a resulting prejudice to the defending party." *Brown-Graves v Central States SE and SW Areas*, 206 F.3d 680, 684 (6th Cir. 2000). In the present case, there has been no "unreasonable delay" by Plaintiff Simpson filing her claims **and** there has been no "resulting prejudice" to the County Defendants. *Id.* Consequently, laches is not applicable.

As the Court is aware, there have been two (2) state-court cases involving the legality of Penelope Bailer's candidacy. Penelope Bailer brought the initial state-court case, *Penelope Bailer v Janice Winfrey and Wayne County Election Commission*, Wayne County Case No.16-011797-AW ("**Bailer Election Matter**"), when she was properly not placed on the ballot by the Defendant Wayne County Election Commission. Penelope Bailer sought the entry by the state court *under state election law* of a writ of mandamus compelling the Defendant Wayne County Election Commission to have her name printed on the November 8, 2016 General Election ballot. However, as correctly noted by the County Defendants' in their Response (Docket No. 7), neither the Defendant Janice Winfrey nor the Defendant Wayne County Election Commission appealed the erroneous state-court order that was entered on September 16, 2016 in the initial *Bailer Election Matter*.

Mr. Robert Davis and Desmond White, who had unsuccessfully proposed to the state court to be intervenors in the *Bailer Election Matter*, appealed the state-court's erroneous September 16, 2016 Order. The Michigan Court of Appeals, however, on September 21, 2016, determined that Robert Davis and Desmond White lacked appellate standing because they were not parties to the *Bailer Election Matter* as they had been denied intervention and thus, the Michigan Court of Appeals lacked jurisdiction.

Consequently, a different state-court case, *Robert Davis and Desmond White v Cathy Garrett, et. al,* Wayne County Case No. 16-012226-AW ("***Davis Election Matter***"), was subsequently brought by Robert Davis and Desmond White ***after*** a civil servant, Ms. Delphine Oden, inserted herself into the authority of the Defendant Wayne County Election Commission and purportedly acting on its behalf, claimed to have complied with the state-court order entered in the *Bailer Election Matter* and unilaterally instructed the printer to print Penelope Bailer's name on the November 8, 2016 General Election ballot. (See Delphine Oden's Affidavit, Docket No. 1-7). Robert Davis and Desmond White sought, amongst other relief, the entry of a writ of mandamus compelling the Defendants County Clerk and Wayne County Election Commission to remove Penelope Bailer's name from the November 8, 2016 General Election ballot because they had not complied

with Mich. Comp. Laws § 168.689 or even the state court's erroneous September 16, 2016 Order.

Although the allegations in the Robert Davis and Desmond White complaint were that the Defendant Wayne County Election Commission had failed to follow and comply with Mich. Comp. Laws § 168.689 of Michigan Election Law, a generically self-interested and possibly biased state-court judge, dismissed Robert Davis and Desmond White's action and even held it was frivolous to attempt to get the County Defendants to comply with Mich. Comp. Laws § 168.689 of Michigan Election Law and the state-court's own order.  Robert Davis and Desmond White have appealed the state-court decision in the *Davis Election Matter* and that appeal remains pending. The impact of these two state court actions all brought under state election law have no bearing on Plaintiff Simpson's federal constitutional claims being made in this Court.

### 1. <u>Plaintiff's Delay In Filing Her Claims Was Not Unreasonable</u>

First, Plaintiff Simpson reasonably believed that the *Bailer Election Matter* would have resolved the illegality of Penelope Bailer's name being unlawfully placed on the November 8, 2016 General Election ballot.  The failure of the Election Commission to appeal the state court's erroneous decision and the opinion of the Michigan Court of Appeals that it lacked jurisdiction sank that belief.

Next, Plaintiff Simpson reasonably believed that the *Davis Election Matter* would resolve the illegality of Penelope Bailer's name being unlawfully placed on the November 8, 2016 General Election ballot. However, the Michigan Court of Appeals **chose not** to grant Robert Davis' and Desmond White's emergency request to have the appeal heard in an expedited manner in this important election law case. Thus, as a result of the Michigan Court of Appeals' choice to refuse to decide the merits of the *Davis Election Matter* in an expedited fashion, Plaintiff Simpson was then left with no other recourse to protect her constitutional rights than to file the present action. Plaintiff Simpson seeks herein to protect her constitutional rights as a resident, a voter, and a "properly certified" candidate.

Plaintiff Simpson's federal constitutional claims could not have been addressed by the Michigan Court of Appeals in the appeal of the state election law claims made in the *Davis Election Matter*. Plaintiff Simpson was not a party to the *Davis Election Matter* and the state court did not address any of Plaintiff Simpson's constitutional claims in the *Davis Election Matter*. Therefore, Plaintiff Simpson's constitutional claims simply could not have been addressed in the *Davis Election Matter,* and certainly not for the first time on appeal in that matter. Thus, there was no basis for Plaintiff Simpson to intervene in the appeal of the *Davis Election Matter,* which is also the reason why Plaintiff Simpson withdrew her motion to intervene in that appeal.

Thus, contrary to the County Defendants' assertions, Plaintiff Simpson's *delay* in filing this action was in fact entirely "reasonable" when one considers the other litigation that was pending.  Had that litigation been resolved as the plaintiffs Robert Davis and Desmond White sought, it would have made the filing of Plaintiff Simpson's present lawsuit entirely unnecessary.  Moreover, because the Michigan Court of Appeals refused to expedite the election matter Robert Davis' and Desmond White raised in their appeal, Plaintiff Simpson's injuries became manifest.  Now, an otherwise ineligible candidate's name has been allowed to be printed on the November 8, 2016 General Election ballot and the state courts have failed to act to cure this manifest injustice.

## 2. County Defendants Have Not Been Prejudiced.

The second part of a laches analysis requires the Court to determine whether the County Defendants will in anyway be prejudiced by the issuance of a TRO or Preliminary Injunction.  The TRO or Preliminary Injunction being sought specifically and narrowly, would enjoin the Defendant Wayne County Board of Canvassers from certifying any votes cast for Penelope Bailer.  There simply is no prejudice in such an order.  Plaintiff Simpson is **not** seeking the *reprinting* of the ballots.  Plaintiff is only seeking to enjoin the Defendant Wayne County Board of Canvassers *from certifying any votes cast for Penelope Bailer.*  This is the ONLY relief sought.  This relief, if granted, will not in any way prejudice any of the

County Defendants, particularly, the Defendant Wayne County Board of Canvassers. County Defendants spend a considerable amount of time in their Reply explaining how much money has been spent on the printing of the ballots and the number of absentee ballots that have been issued and returned by the voters. All that is irrelevant. The County Defendants apparently did not read the Plaintiffs Prayer for Relief in her Complaint. Plaintiff Simpson did not and is not seeking the Court to order the reprinting of ballots or the removal of Penelope Bailer's name from ballots. The County Defendants arguments in this regard are entirely misplaced. Consequently, the County Defendants cannot show how the requested relief - enjoining the Defendant Wayne County Board of Canvassers from certifying and/or counting any votes cast for Penelope Bailer - will prejudice them in any way. Without prejudice to them, the County Defendants' laches argument fails.

### B. Plaintiff's Claims Are Not Barred by Res Judicata.

County Defendants also assert that Plaintiff Simpson's claims are barred by *res judicata* because Plaintiff Simpson is claimed to somehow be in privity with Robert Davis. This argument is also without merit.

The doctrine of *res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or

could have been raised in a prior action." *In re Alfes*, 709 F 3d 631 (6th Cir 2013). *Res judicata* is based on the following four elements:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *In re Alfes,* 709 F.3d at 638.

Plaintiff Simpson was not a party, nor was she in privity to any of the parties in either the *Bailer Election Matter* or the *Davis Election Matter*. And more importantly, Plaintiff Simpson's federal constitutional claims were not litigated in those state court cases and her federal constitutional rights could not have been litigated in either the *Bailer Election Matter* or *Davis Election Matter*. It is instructive to examine what the Michigan state courts have said about being in privity.

> In order to find privity between a party and a nonparty for purposes of res judicata, Michigan courts ***require both*** **a substantial identity of interests and a working or functional relationship in which the interests of the non-party are presented and protected by the party in the litigation**.

*Peterson Novelties, Inc. v. City of Berkley*, 259 Mich App 1, 126; 672 NW 2d 351 (2003). There is no identity of interests between Plaintiff Simpson and Robert Davis. The state-court judge in both the *Bailer Election Matter* and the *Davis Election Matter* ruled and determined that Robert Davis **did not** have standing to seek the removal of Penelope Bailer from the ballot. Consequently, Robert Davis and Plaintiff Simpson could not have a "substantial identity of interests" because

Robert Davis could not have presented and protected the constitutional interests of Plaintiff Simpson in either of the state-court cases. In the present case, Plaintiff Simpson is alleging various violations of her constitutional rights. Robert Davis could not have, and did not seek to, protect the constitutional rights of Plaintiff Simpson.

As noted by the Sixth Circuit, "The Supreme Court has held, however, that as a matter of federal law, 'res judicata principles do not apply where the party against whom an earlier decision is asserted did not have a full and fair opportunity to litigate the claim or issue decided by the first court.'" *Abbott v State*, 474 F.3d 324, 331 (6th Cir. 2007) (quoting *Fellowship of Christ Church v Thorburn*, 758 F.2d 1140, 1144 (6th Cir. 1985)). Plaintiff Simpson did not have a full and fair opportunity to raise and litigate her federal constitutional claims in either of the state-court actions and importantly, her legal interests were not adequately protected by Robert Davis in the state-court actions. Thankfully, federal courts also do not rigidly apply res judicata. The federal courts have discretion to not apply the doctrine where doing so would result in manifest injustice. See, *United States v LaFatch*, 565 F.2d 81, 84 (6th Cir. 1997). Applying res judicata to bar Plaintiff Simpson's claims would be a manifest injustice considering that Plaintiff Simpson's federal constitutional rights have been violated by the Defendants.

Accordingly, for the foregoing reasons, res judicata simply does not apply to Plaintiff's claims made herein.

### C. Plaintiff's Claims Are Not Barred by Collateral Estoppel.

"The Full Faith and Credit Act, 28 U.S.C. § 1738, requires the federal courts to give state court judgments the same preclusive effect that the state would afford such judgments." *McCormick v Braveman*, 451 F.3d 382, 396 (6th Cir. 2006). Michigan has three requirements for collateral estoppel: "(1) 'a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment'; (2) 'the same parties must have had a full [and fair] opportunity to litigate the issue'; and (3) 'there must be mutuality of estoppel.'" *Monat v. State Farm Ins. Co.,* 469 Mich. 679, 677 N.W.2d 843, 845-46 (2004) (alteration in the original) (quoting *Storey v. Meijer, Inc.,* 431 Mich. 368, 429 N.W.2d 169, 172 n. 3 (1988)).

None of the elements for collateral estoppel under Michigan law are present in Plaintiff Simpson's case. Particularly, no questions of fact were determined in either of the two (2) state-court cases. Additionally, none of Plaintiff Simpson's federal constitutional claims were actually litigated and finally determined in either of the state-court actions. Plaintiff Simpson was not a party to either of the state-court actions, and there is clearly no mutuality of estoppel. Consequently, collateral estoppel is not applicable.

## D. Plaintiff's Claims Are Not Barred by *Rooker-Feldman* Doctrine.

The *Rooker-Feldman* doctrine prevents state-court losers from "complaining of injuries caused by the state-court judgment rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v Saudi Basic Indus, Corp.,* 544 U.S. 280, 284 (2005). "If the source of the injury is the state-court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. [However, i]f there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick v Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). However, "the *Rooker-Feldman* doctrine does not apply to bar a suit in federal court brought by a party that was not a party in the preceding action in state court." *United States v Owens*, 54 F.3d 271, 274 (6th Cir. 1995). "[T]he [Rooker-Feldman] doctrine may not bar a party against whom there is no state court judgment." *Id.*

As previously noted, Plaintiff Simpson was not a party to either of the state-court actions; nor was Plaintiff Simpson in privy with any of the parties in either of the state-court actions. Moreover, Plaintiff Simpson's injuries are not from either of the judgments entered in the state-court actions. Plaintiff Simpson's injuries arise from the third party actions of a civil servant, Ms. Delphine Oden, usurping the Defendant Wayne County Election Commission's statutory authority, and

rationalizing such usurpation as a mere attempt to comply with the state-court order against the Defendant Wayne County Election Commission entered on September 16, 2016 in the *Bailer Election Matter*. (See Delphine Oden's Affidavit, Docket No. 1-7).

"Assertions of injury that do not implicate state-court judgments are beyond the purviews of the *Rooker-Feldman* doctrine." *Powers v Hamilton County Public Defender Comm'n*, 501 F.3d 592, 606 (6th Cir. 2007) (citations omitted). Plaintiff's injuries were a result of **actions taken by a third party on behalf of the Defendant Wayne County Election Commission *after* the entry** of the state-court's September 16, 2016 in the *Bailer Election Matter*. (See Delphine Oden's Affidavit, Docket No. 1-7). Plaintiff's injuries are not the result of the judgment entered in the *Bailer Election Matter*. Rather, Plaintiff's injuries are a result of the independent actions of a third party purportedly taken on behalf of the Defendant Wayne County Election Commission *after* the entry of the state-court judgment in the *Bailer Election Matter*. (See Delphine Oden's Affidavit, Docket No. 1-7). As the Sixth Circuit has recognized, "[The *Rooker-Feldman*] doctrine does not apply here, because [Plaintiff's] alleged injury did not emerge from the state court judgment… [Sh]e challenges the conduct of individuals who happened to participate in that decision." *Alexander v Rosen*, 804 F.3d 1202, 1206-1207 (6th Cir. 2015). Thus, the *Rooker-Feldman* doctrine is not applicable.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiff Simpson prays that this Honorable Court GRANT her Motion for Temporary Restraining Order, or in the alternative, Motion for Preliminary Injunction.

Dated: November 7, 2016          Respectfully submitted,

                                /S/ ANDREW A. PATERSON
                                ANDREW A. PATERSON (P18690)
                                Attorney for Plaintiff Simpson
                                46350 Grand River, Suite C
                                Novi, MI 48374
                                (248) 568-9712

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that the foregoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 7th day of November, 2016, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

                                Respectfully submitted,

                                /s/ *ANDREW A. PATERSON*
                                ANDREW A. PATERSON (P18690)
                                Attorney for Plaintiff Simpson