UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAWANNA SIMPSON,

        Plaintiff,

v.                                                   Case No. 16-cv-13784
                                                 Hon. Arthur Tarnow

CATHY M. GARRETT, in her official capacity as
the duly elected Wayne County Clerk,
WAYNE COUNTY ELECTION COMMISSION, WAYNE
COUNTY BOARD OF CANVASSERS, JANICE WINFREY,
in her official capacity as the duly elected Detroit City Clerk,
and UNNAMED/UNKNOWN ELECTION INSPECTORS,
in their official capacities,

        Defendants.
_____/

| | |
|---|---|
| ANDREW A. PATERSON (P18690) | JANET ANDERSON-DAVIS (P29499) |
| Attorney for Plaintiff Tawanna Simpson | Assistant Corporation Counsel |
| 46350 Grand River Ave., Suite C | Attorney for Wayne County |
| Novi, Michigan 48374 | 500 Griswold, 29TH Floor South |
| 248-568-9712 | Detroit, Michigan 48226 |
| aap43@outlook.com | 313- 224-6684 |
| | jandersn@waynecounty.com |

_____/

**COUNTY DEFENDANTS' RESPONSE TO MOTION TO
EXPEDITE DECISION/HEARING ON MOTION FOR TRO, OR IN THE
ALTERNATIVE, MOTION FOR PRELIMINARY INJUNCTION AGAINST
DEFENDANT WAYNE COUNTY BOARD OF CANVASSERS (DKT 10)**

      Plaintiff Simpson argues that she seeks the entry of an order enjoining the Defendant Wayne County Board of Canvassers from certifying any and all votes cast for Penelope Bailer who received…19,479 votes." (Dkt 10 page 2).

1

Plaintiff Simpson ignores that there was no reason for County Defendants not to place Penelope Bailer's name on the ballot. County Defendants have set forth this position in its response to Plaintiff Simpson's Motion For Temporary Restraining Order (Dkt 7, pages 9 – 12) and in its Motion To Dismiss (Dkt 9, pages 14 -17. Thus, County Defendants have not violated any Equal Protection rights held by Plaintiff Simpson.

Plaintiff Simpson further states that she will be "amending her complaint to add a state-law quo warranto claim pursuant to Mich. Comp. Laws §600.4545." *Id,* at 4. That Plaintiff Simpson has the remedy of quo warranto means that she has not been deprived of a right or liberty. *Stanley v. Vining*, 601 F 3d 767 (6th cir 2010).

The state-law remedy of quo warranto also heightens that this matter is precluded by *Rooker-Feldman* doctrine as argued by County Defendants in its response (Dkt 7 page 8) and its motion (Dkt 9 page 13 -14).

Not certifying the results for Penelope Bailer would serve no purpose. Penelope Bailer is a losing candidate who will not take office. Even were the County Defendants not to count Penelope Bailer's votes, no statute allows allocating those votes to Plaintiff Simpson or any other candidate. The County Board of Canvassers must canvass the returns for all votes cast for all candidates for offices…and shall conclude the canvass at the earliest possible time and in

every case within 14 days." MCL 168.822(1).  If the County Board of Canvassers does not certify the results for any officer within the 14 days, the state board of canvassers shall certify the results.  MCL 168.822(2).  Were this Court to issue an injunction preventing the County Board of Canvassers from certifying the results, the state board of canvassers would still do so.  The statutory framework demonstrates that the election returns are to be certified.  Candidates unhappy with the election results are to avail themselves of the recount and quo warranto remedies.

As previously mentioned, both Penelope Bailer and Plaintiff Simpson are losing candidates.  This matter is moot as the parties no longer have a cognizable interest in the outcome of the litigation and this court is unable to effectuate any relief in the event of a favorable decision.  *Ford v. Wilder*, 469 F 3d 500 (6th Cir 2006).

The initial Motion For Temporary Restraining Order requested that the County Board of Canvassers be enjoined from certifying the results for Penelope Bailer.  At the telephone conference on October 27, 2016, this Court indicated that it would not have a hearing on Plaintiff Simpson's motion; and that it would review the Temporary Restraining Order and County Defendant's response after the November General Election.  Attorney Drew Patterson did not object to that procedure.  This latest emergency motion does not offer any reason to expedite this

Court's decision. Rather, it offers reason why this Court should grant County Defendants' Motion To Dismiss.

## CONCLUSION

Defendants Cathy M. Garret, Wayne County Election Commission, and Wayne County Board of Canvassers request that this Honorable Court deny the Motion For Expedited Decision/Hearing On Motion For TRO Or In The Alternative, Motion for Preliminary Injunction Against Defendant Wayne County Board of Canvassers.

                               Respectfully submitted,
**BY:** **/S/JANET ANDERSON DAVIS**
JANET ANDERSON-DAVIS (P29499)
Assistant Corporation Counsel
Attorney for Wayne County
500 Griswold, 29TH Floor South
Detroit, Michigan 48226
313- 224-6684
jandersn@waynecounty.com

Dated: November 10, 2016

## CERTIFICATE OF SERVICE

I certify that on NOVEMBER 10, 2016, I filed a copy of the foregoing with the clerk of the court using the electronic filing system which will send electronic notification of this filing to all parties.

                               */s/ Rhonda L. Ross*
Rhonda L. Ross, Paralegal
500 Griswold, 29th Floor
Detroit, MI 48226
313.967-0044
rross@waynecounty.com

#310549