UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAWANNA SIMPSON,

        Plaintiff,

v.

CATHY M. GARRETT, ET AL.,

        Defendants.
_____/

Case No. 16-13784

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, OR IN THE ALTERNATIVE, MOTION FOR PRELIMINARY INJUNCTION [2]; GRANTING WAYNE COUNTY DEFENDANTS' MOTION TO DISMISS [9]; DENYING AS MOOT PLAINTIFF'S EMERGENCY MOTION TO EXPEDITE DECISION/HEARING ON MOTION FOR PRELIMINARY INJUNCTION AGAINST WAYNE COUNTY BOARD OF CANVASSERS [10]; AND SUA SPONTE DISMISSING DEFENDANTS JANICE WINFREY AND CITY OF DETROIT ELECTION INSPECTORS**

Before the Court is Plaintiff Tawanna Simpson's Motion for Temporary Restraining Order, or in the alternative, Motion for Preliminary Injunction and a Motion to Dismiss by Defendants Wayne County Clerk Cathy M. Garrett, Wayne County Election Commission, and Wayne County Board of Canvassars. The Court now finds the motions suitable for determination without a hearing in accord with Local Rule 7.1(f)(2).

For the reasons stated below, the Court will **DENY** Plaintiff's Motion for Temporary Restraining Order, or in the alternative, Motion for Preliminary Injunction [2] and **GRANT** the Motion to Dismiss [9] by the Wayne County

Defendants. The Court will also **DENY AS MOOT** Plaintiff's Motion to Expedite Decision/Hearing on the Motion for Preliminary Injunction against Wayne County Board of Canvassars [10] and *sua sponte* **DISMISS** Defendants Janice Winfrey, Detroit City Clerk, and the City of Detroit Election Inspectors. *See Drew v. Enter. Leasing of Detroit, LLC*, No. 13-11460, 2015 U.S. Dist. LEXIS 58004, at *5 (Whalen, M.J.), *report and recommendation adopted* 2015 U.S. Dist. LEXIS 57334 (E.D. Mich. May 1, 2015) (Goldsmith, J).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Tawanna Simpson filed an affidavit of identity with Defendant Detroit City Clerk and paid the $100 filing fee in July 2016 to qualify as a candidate for the Detroit Community School District Board of Education ("Board of Education") for the November 2016 general election. On September 13, 2016, after certification from the Wayne County Clerk, the Defendant Wayne County Election Commission convened and voted to approve Plaintiff's name to appear on the November 2016 general election ballot. At this meeting, the Election Commission also determined that the affidavit of identity of Penelope Bailer, another candidate running for a position on the Board of Education, had been improperly filed and that Ms. Bailer had not received proper certification from the Wayne County Clerk. The Election Commission voted not to place Ms. Bailer's name on the November 2016 ballot as a candidate for the Board of Education.

Ms. Bailer subsequently filed an Emergency Motion for Mandamus and Order to Show Cause against the Election Commission and Detroit City Clerk in the Wayne County Circuit Court on September 15, 2016 (hereinafter referred to as the "Bailer Election Matter").[1] Wayne County Circuit Court Chief Judge Colombo entered an order compelling the Election Commission and Detroit City Clerk to appear for a hearing that was scheduled for September 16, 2016.

Plaintiff's counsel attended the show cause hearing and briefly participated in oral arguments.[2] After the hearing, Judge Colombo granted Ms. Bailer's motion and ordered the Election Commission "to take necessary steps to place the name of Penelope N. Bailer on the November 8, 2016 General Election ballot as a candidate for the Detroit Community School District." (Pl.'s Ex. F, Dkt. 1-6). Plaintiff alleges that the Election Commission neither convened as a public body nor determined whether Ms. Bailer was properly certified to have her name placed on the ballot as a candidate since the entry of Judge Colombo's September 16 Order in the Bailer Election Matter.

---

[1] *Bailer v. Wayne County Election Comm.*, No. 16-011797-AW, Sept. 14, 2016.

[2] Plaintiff's counsel filed an Emergency Motion to Intervene in the Bailer Election Matter on behalf of Robert Davis and Desmond White in the early hours of September 16. Plaintiff alleges that Chief Judge Colombo ultimately did not render a decision on the intervention motion.

Robert Davis and Desmond White[3] appealed Judge Colombo's decision. The Michigan Court of Appeals and the Michigan Supreme Court denied their appeals on September 21 and 22, 2016, respectively. *See Bailer v. Detroit City Clerk, et al.*, unpublished opinion per curiam of the Court of Appeals, issued September 21, 2016 (No. 334823); *Bailer v. Detroit City Clerk, et al.*, unpublished order of the Supreme Court, entered September 22, 2016 (No. 154459).

Plaintiff's counsel appeared before Judge Colombo in an unrelated matter on September 23, 2016. At the conclusion of the hearing, Judge Colombo allegedly spoke with Plaintiff's counsel at sidebar, asking about Robert Davis' motives in seeking to remove Ms. Bailer from the ballot. Later that day, Davis and Ms. White filed a complaint with the Wayne County Circuit Court against Defendants Wayne County Clerk, Wayne County Election Commission, Penelope Bailer, and the Detroit City Clerk (hereinafter referred to as the "Davis Election Matter").[4] The case was assigned to Judge Colombo, who, after a show cause hearing on September 28, 2016, dismissed the complaint and sanctioned Davis and his counsel. It is the Court's understanding that Davis' appeal is currently pending before the Michigan Court of Appeals. (Dkt. 7-12, Pg. ID 287).

---

[3] Desmond White ran as a write-in candidate for the Board of Education. Robert Davis, a registered voter in Highland Park, supports Plaintiff Simpson and Desmond White. He opposed Ms. Bailer's candidacy.

[4] *Davis v. Garrett*, Wayne County Circuit Court Case No. 16-012226-AW, Sept. 23, 2016.

Robert Davis then filed an Emergency Complaint or in the alternative, Motion for Preliminary Injunction with the Court on October 3, 2016 (*Davis v. Ruth Johnson, et al.*, No. 16-13545, Dkt. 1 & 2). Davis filed an Amended Complaint and renewed motion for injunctive relief on October 10, 2016, in which he added several parties to the lawsuit, including Plaintiff Tawanna Simpson. During a phone status conference on October 14, 2016, the Court determined that it was appropriate to dismiss Ms. Simpson from Davis' lawsuit, as they are pursuing different claims for relief. Thereafter, Plaintiff Simpson filed the instant lawsuit on October 24, 2016. She seeks the issue of a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b), or in the alternative, a Preliminary Injunction pursuant to Fed. R. Civ. P. 65(a). The Court notes that Plaintiff's complaint presents no allegations as to Defendants Janice Winfrey, the Detroit City Clerk, and the City of Detroit Elections inspectors.

Plaintiff contends that she has been denied equal protection and due process of law under the Fourteenth Amendment because Defendants allowed Ms. Bailer's name to be printed on the November 2016 general election ballot as a candidate for the Board of Education: 1) without proper certification from the Defendant Wayne County Clerk; and 2) without the Defendant Wayne County Election Commission meeting as a public body to determine whether Ms. Bailer's name was properly

certified, as required by M.C.L. § 168.689. Plaintiff argues that this Court should grant the following relief:

- Injunctive relief that preliminarily and permanently enjoins Defendants from counting and/or certifying any votes cast for Penelope Bailer;
- An award of compensatory, punitive, and nominal damages against the Defendants for denying Plaintiff due process and equal protection under the law.
- An award of attorney fees and costs pursuant to 42 U.S.C. § 1988
- A declaratory judgment declaring that Penelope Bailer's name should not have been printed on the November 8, 2016 General Election ballot because the Defendant Wayne County Clerk did not first certify her name to the Defendant Wayne County Election Commission for it to be placed on the November 8, 2016 General Election ballot because of Penelope Bailer's fatally flawed affidavit of identity.

Defendants filed a Response (Dkt. 7) to Plaintiff's Motion on November 2, 2016, to which Plaintiff replied on November 7, 2016 (Dkt. 8). The County Defendants also filed a Motion to Dismiss (Dkt. 9) on November 7, 2016, in which they set forth the following arguments:

- This Court lacks subject matter jurisdiction over Plaintiff's claims;
- Plaintiff's claims are barred by the doctrine of laches;
- Plaintiff's claims are barred by the preclusion doctrines of res judicata and collateral estoppel;
- Plaintiff's claims are barred by *Rooker-Feldman*;
- Plaintiff's constitutional rights have not been violated;
- There are state remedies available to address Plaintiff's claims;
- Plaintiff's Fourteenth Amendment Due Process claim fails for lack of a constitutionally protected liberty interest; and
- Plaintiff's Fourteenth Amendment Equal Protection Claim fails because the County Defendants' actions did not constitute a violation of Plaintiff's fundamental right to vote.

Plaintiff later filed an Emergency Motion for Expedited Decision/Hearing (Dkt. 10) on the Motion for Temporary Restraining Order/Preliminary Injunction. Defendants filed a Response (Dkt. 11), in which they argue that "[n]ot certifying the results for Penelope Bailer would serve no purpose," as she "is a losing candidate who will not take office." *Id.* Moreover, Defendants contend, this case is moot, first because neither Bailer nor Plaintiff received enough votes to serve on the School Board, and second, because Plaintiff lacks a cognizable interest in the outcome of the litigation. Plaintiffs have not responded to the Wayne County Defendants' Motion to Dismiss.

**STANDARD OF REVIEW**

The County Defendants move to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim upon which relief can be granted.

A motion to dismiss under Rule 12(b)(1) can fall into two categories: facial attacks or factual attacks. Facial attacks challenge the sufficiency of the pleadings. "On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In contrast, a factual attack challenges "the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations . . . and the court is

free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

To survive a 12(b)(6) motion, Plaintiff's complaint must plead factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012). "A plaintiff's complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal, 556 U.S. at 678* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Courts are not required to accept as true legal conclusions framed as factual allegations. *See Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

ANALYSIS

The Wayne County Defendants set forth various arguments as to why this case should be dismissed. The Court will address Defendants' arguments for mootness and preclusion in turn.

## I. Mootness

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *United States v. City of Detroit*, 401 F.3d 448, 450 (6th Cir. 2005) (quoting *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001)). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). The Sixth Circuit determines mootness "by examining whether an actual controversy between the parties exists in light of intervening circumstances." *Fleet Aerospace Corp. v. Holderman,* 848 F.2d 720, 723 (6th Cir. 1988).

At the present time, the November 2016 General Election has concluded, and the new members of the Board of Education have been chosen. Neither Plaintiff nor Bailer was elected to serve on the Board, and therefore, the Court can

no longer provide effective relief for Defendants' alleged violations. *ACLU of Ohio v. Taft*, 385 F.3d 641, 646 (6th Cir. 2004); *Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004). Furthermore, the problem for Plaintiff is that the relief she seeks would not "make a difference to the legal interests of the parties." *McPherson v. Michigan High Sch. Athletic Ass'n Inc.*, 119 F.3d 453, 458 (6th Cir. 1997).

The capable of repetition, yet evading review exception to mootness applies when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). The Supreme Court has noted that the doctrine "applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *L.A. v. Lyons*, 461 U.S. 95, 109 (1983).

Applying the Sixth Circuit's capable of repetition, yet evading review test, the Court finds that Plaintiff's case does not fall within the exception to mootness. As to the first prong of the mootness exception test, the Court believes that "[t]iming is everything." *Crookston v. Johnson*, No. 16-2490, 2016 U.S. App. LEXIS 19494, at *1 (6th Cir. Oct. 28, 2016). The *Crookston* Court stated:

> When an election is imminent and when there is inadequate time to resolve factual disputes and legal disputes, courts will generally decline to grant an

> injunction to alter a State's established election procedures. *That is especially true when a plaintiff has unreasonably delayed in bringing his claim*, as [Plaintiff] most assuredly has. Call it what you will – laches, the *Purcell* principle, or common sense – the idea is that courts will not disrupt imminent elections absent a powerful reason for doing so.

*Id.* at *4 (emphasis added) (internal citations omitted).

Plaintiff has not satisfied the first part of the mootness exception test. As the Michigan state courts found, Penelope Bailer's defective affidavit of identity was available to the public no later than July 26, 2016, yet Plaintiff waited until October 10, 2016[5] – less than one month before the general election and several weeks after the commencement of the printing of absentee ballots – to join in Davis' challenge to Bailer's candidacy. The Court determines that there was ample time for Plaintiff Simpson to litigate the various issues and controversies arising from the Defendants' alleged wrongful inclusion of Bailer's name on the general election ballot. Moreover, even assuming that there was insufficient time for Plaintiff's lawsuit to be fully litigated, she has not demonstrated that she has "a reasonable expectation that the circumstances giving rise to [her] suit will likely arise in future elections." *Ohio Democratic Party v. Blackwell*, No. 04-1055, 2005 U.S. Dist. LEXIS 18126, at *30 (S.D. Ohio. Aug. 26, 2005). There is no reason for the Court to expect that Plaintiff will subjected to the same alleged violations in the future. *See Weinstein*, 423 U.S. at 149.

---

[5] October 10, 2016 is the date on which Robert Davis filed his Amended Complaint in which he added Plaintiff Simpson to his lawsuit. *Davis v. Ruth Johnson, et al.*, No. 16-13545, Dkt. 10.

Because no justiciable claim exists on which the Court can rule, this case is moot.

## II.     Preclusion Doctrine – Res Judicata

"Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (citing 28 U.S.C. § 1738). "Michigan recognizes two preclusion doctrines: res judicata, or claim preclusion; and collateral estoppel, or issue preclusion." *Id.* at 330-31.

Michigan has adopted a broad application of the res judicata doctrine, which "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 470 Mich. 105; 680 N.W.2d 386, 396 (Mich. 2004). Res judicata bars "not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* "[T]he burden of proving the applicability of the doctrine of res judicata is on the party asserting it." *Baraga County v. State Tax Comm'n*, 466 Mich. 264; 645 N.W.2d 13, 16 (Mich. 2002).

The United States Supreme Court has held that under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the

same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). The Sixth Circuit has further explained that "[p]rivity is limited to 'a successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented.'" *United States v. Vasilakos*, 508 F.3d 401, 406 (6th Cir. 2007) (quoting *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 481 (6th Cir.1992)). Furthermore, the Michigan Court of Appeals has explained that privity exists where "[t]he parties to the second action [are] only substantially identical to the parties in the first action." *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1; 672 N.W.2d 351 (2003). "Michigan courts require 'both a substantial identity of interests and a working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation." *Peterson Novelties, Inc.*, 259 Mich. App. at 12-13 (quoting *Phinisee v. Rogers*, 229 Mich. App. 547, 553-54 (1998)).

Plaintiff argues that res judicata does not operate to bar her claims because she was neither a party, nor in privity to any of the parties, in either the Bailer Election Matter or the Davis Election Matter. She further contends that her federal constitutional claims were not and could not have been litigated in the state court cases. Plaintiff also maintains that she shares no identity of interest with Robert Davis.

While it is correct that Plaintiff was not a named party to either the Bailer or Davis Election Matters, her interests were adequately represented therein. *See Vasilakos*, 508 F.3d at 406. Robert Davis and Desmond White moved Michigan state courts and this Court to, among other things, remove Penelope Bailer from the 2016 ballot. Plaintiff Simpson now seeks to prevent Defendants from certifying and counting any votes cast for Penelope Bailer. Although they may not be proceeding in exactly the same manner, Davis, White, and Plaintiff seek virtually the same results: the removal of Penelope Bailer from the ballot, the disqualification of her candidacy, and the decertification of any votes cast in her favor. The core events that have paved the way for both Davis' and Plaintiff's legal actions are identical: Davis challenged Bailer's candidacy, the Wayne County Election Commission removed Bailer's name from the general election ballot, Bailer appealed the Commission's decision, Judge Colombo ordered the Commission to restore Bailer's name to the ballot, and so forth. *See Anderson v. County of Wayne*, No. 10-13708, 2011 U.S. Dist. LEXIS 65863, at *17 (E.D. Mich. June 20, 2011) (Borman, J.) ("The test for determining preclusive effect is whether the same facts or evidence are crucial to prove the two claims, not whether the bases for relief are the same."). Whether Robert Davis sought to protect Plaintiff's constitutional rights is irrelevant. A court of competent jurisdiction has already adjudicated the issues raised by Plaintiff and issued a valid judgment

thereon; that judgment is conclusive between the parties and their privies. *See City of Troy Bldg. Inspector v. Hershberger*, 27 Mich. App. 123; 183 N.W.2d 430, 432-33 (1970); *Knibbe v. City of Warren*, 2 Mich. App. 241; 139 N.W. 2d 344, 346 (1966).

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order, or in the alternative, Preliminary Injunction [2] is **DENIED**.

**IT IS FURTHER ORDERED** that the Wayne County Defendants' Motion to Dismiss [9] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion to Expedite Decision/Hearing on Motion for Preliminary Injunction Against Wayne County Board of Canvassers [10] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Janice Winfrey and City of Detroit Election Inspectors are *sua sponte* **DISMISSED**, as Plaintiff's complaint does not contain any allegations against them.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: December 28, 2016　　　Senior United States District Judge